ORIGINAL FILED
APR 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Robert C. Holtzapple (State Bar No. 145954)
    (rholtzapple@fbm.com)
Ruth Ann Castro (State Bar No. 209448)
    (rcastro@fbm.com)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants
TIMOTHY JOHN and TJOHNE PRODUCTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY TROYER, LUKE SCHMIDT, JEFFREY WARD and KEVIN COGER, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>TIMOTHY JOHN, T JOHN E PRODUCTION, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV 08 1926 MMC<br>[San Francisco Superior Case No. C08-4732198]<br><br>**DECLARATION OF TIMOTHY JOHN IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)** |

I, Timothy John, declare:

1. I am a resident of the State of Michigan. I have lived in Michigan continuously since 1970. I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

2. I am founder, President and Chief Executive Officer of TjohnE Production, Inc. TjohnE Production is incorporated in Michigan and its principal place of business is in Grand Rapids, Michigan. Attached hereto as Exhibit A is a true and correct copy of the Articles of Incorporation for TjohnE Production, Inc.

3. While Casey Troyer ("Troyer"), Luke Schmidt ("Schmidt"), Jeffrey Ward

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECL. OF TIMOTHY JOHN ISO NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C.
§1441(b)

23151\1525271.1

("Ward") and Kevin Coger ("Coger") were contractors, they received weekly compensation and bonuses pursuant to independent contractor agreements, based on the number of shows completed per week and distances driven. The Plaintiffs worked on an intermittent basis during college semesters, and no work was performed during the summertime.

4.  Troyer worked almost exclusively as an assistant[1] and received compensation averaging $500/week over the 6 years it is alleged he worked for Defendants.

5.  Schmidt worked exclusively as a host and received compensation averaging $800-$1,000/week over the 3 years it is alleged he worked for Defendants.

6.  Ward worked exclusively as a host and received compensation averaging $800-$1,000/week over the 6 years it is alleged he worked for Defendants.

7.  Coger worked primarily as an assistant[2], and received compensation averaging $400-$500/week over the 5 years it is alleged he worked for Defendants.

8.  Were TjohnE Productions, Inc. required to pay hourly wages, overtime, vacation, sick pay, workers compensation benefits and health or medical benefits to each of the four Plaintiffs over the periods of time alleged, instead of the compensation these independent contractors agreed to accept, the costs of those expenses to Defendants would likely exceed $25,000.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed this _____ day of April, 2008 at Grand Rapids, Michigan.

Timothy John

---

[1] Troyer worked as a host for two weeks out of the six-years he performed for Defendants. He earned $800 during his time spent as a host.

[2] Coger never worked for TjohnE Productions, Inc. but did work for other entities owned by Defendant Timothy John. During Coger's three months as a host, he earned $800/wk.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECL. OF TIMOTHY JOHN ISO NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C.           - 2 -                              23151\1525271.1

# Exhibit A

# Michigan Department of Consumer and Industry Services

# *Filing Endorsement*

This is to Certify that the ARTICLES OF INCORPORATION - PROFIT

for

TJOHNE PRODUCTIONS, INC.

ID NUMBER: 26090C

received by facsimile transmission on January 15, 2002 is hereby endorsed

Filed on January 15, 2002 by the Administrator.

The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.



In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 16th day of January, 2002.

*Andrew L. Metcalf*, Director

Bureau of Commercial Services

Sent by Facsimile Transmission 02016

BCS/CD-500 (Rev. 09/01)

| MICHIGAN DEPARTMENT OF CONSUMER & INDUSTRY SERVICES BUREAU OF COMMERCIAL SERVICES | |
|---|---|
| Date Received | (FOR BUREAU USE ONLY) |
| | This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document. |

Name
LORI L. ENGEN, ATTORNEY, PLLC

Address
2291 BEGOLE

City: JENISON  State: MI  ZIP Code: 49428

Effective Date:

Document will be returned to the name and address you enter above.
If left blank document will be mailed to the registered office.

# ARTICLES OF INCORPORATION
For use by Domestic Profit Corporations
(Please read information and instructions on the last page)

Pursuant to the provisions of Act 284, Public Acts of 1972, the undersigned corporation executes the following Articles:

**ARTICLE I**

The name of the corporation is:

TjohnE Productions, Inc.

**ARTICLE II**

The purpose or purposes for which the corporation is formed is to engage in any activity within the purposes for which corporations may be formed under the Business Corporation Act of Michigan.

**ARTICLE III**

The total authorized shares:

1. Common Shares _____ 60,000 _____

   Preferred Shares _____

2. A statement of all or any of the relative rights, preferences and limitations of the shares of each class is as follows:

**ARTICLE IV**

1. The address of the registered office is:

   2836 Belleglade Ct. S.E.      Grand Rapids           , Michigan    49546
   (Street Address)                    (City)                                         (ZIP Code)

2. The mailing address of the registered office, if different than above:

   _____ , Michigan _____
   (Street Address or P.O. Box)          (City)                              (ZIP Code)

3. The name of the resident agent at the registered office is: Timothy John

01/15/2002  12:26PM

BCS/CD-500 (Rev. 09/01)

## ARTICLE V

The name(s) and address(es) of the incorporator(s) is(are) as follows:

| Name | Residence or Business Address |
|---|---|
| Timothy John | 2836 Belleglade Ct., S.E., Grand Rapids, MI 49546 |

## ARTICLE VI (Optional, Delete if not applicable)

When a compromise or arrangement or a plan of reorganization of this corporation is proposed between this corporation and its creditors or any class of them or between this corporation and its shareholders or any class of them, a court of equity jurisdiction within the state, on application of this corporation or of a creditor or shareholder thereof, or an application of a receiver appointed for the corporation, may order a meeting of the creditors or class of creditors or of the shareholders or class of shareholders to be affected by the proposed compromise or arrangement or reorganization, to be summoned in such manner as the court directs. If a majority in number representing 3/4 in value of the creditors or class of creditors, or of the shareholders or class of shareholders to be affected by the proposed compromise or arrangement or a reorganization, agree to a compromise or arrangement or a reorganization of this corporation as a consequence of the compromise or arrangement, the compromise or arrangement and the reorganization, if sanctioned by the court to which the application has been made, shall be binding on all the creditors or class of creditors, or on all the shareholders or class of shareholders and also on this corporation.

## ARTICLE VII (Optional, Delete if not applicable)

Any action required or permitted by the Act to be taken at an annual or special meeting of shareholders may be taken without a meeting, without prior notice, and without a vote, if consents in writing, setting forth the action so taken, are signed by the holders of outstanding shares having not less than the minimum number of votes that would be necessary to authorize or take the action at a meeting at which all shares entitled to vote on the action were present and voted. A written consent shall bear the date of signature of the shareholder who signs the consent. Written consents are not effective to take corporate action unless within 60 days after the record date for determining shareholders entitled to express consent to or to dissent from a proposal without a meeting, written consents dated not more than 10 days before the record date and signed by a sufficient number of shareholders to take the action are delivered to the corporation. Delivery shall be to the corporation's registered office, its principal place of business, or an officer or agent of the corporation having custody of the minutes of the proceedings of its shareholders. Delivery made to a corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.

Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to shareholders who would have been entitled to notice of the shareholder meeting if the action had been taken at a meeting and who have not consented to the action in writing. An electronic transmission consenting to an action must comply with Section 407(3).

01/15/2002   12:26PM

BCS/CD-500 (Rev. 09/01)

The space below for additional Articles or for continuation of previous Articles. Please identify any Article being continued or added. Attach additional pages if needed.

**SEE ADDITIONAL ARTICLES ATTACHED**

I, (We), the incorporator(s) sign my (our) name(s) this ___10th___ day of ___JANUARY___, __2002__.

TIMOTHY JOHN

01/15/2002    12:26PM

Additional Articles of Incorporation
TjohnE Productions, Inc.

### ARTICLE IX

The holders of common stock of the corporation shall have a preemptive right, granted on uniform terms and conditions prescribed by the board of directors to provide a fair and reasonable opportunity to exercise the right, to acquire proportional amounts of the corporation's unissued shares of common stock when the board decides to issue them. A shareholder may waive his or her preemptive right. A waiver evidenced by a writing is irrevocable even though it is not supported by consideration.

There is no preemptive right with respect to:
1. shares issued as compensation to directors, officers, agents, or employees of the corporation, its subsidiaries, or affiliates;
2. shares issued to satisfy conversion or option rights created to provide compensation to directors, officers, agents, or employees of the corporation, its subsidiaries, or affiliates;
3. shares authorized in the articles that are issued within six months from the effective date of incorporation;
4. shares issued other than for money; or
5. shares of any class of capital stock of this corporation with preferential rights to distributions or assets unless the shares with preferential rights are convertible into or carry a right to subscribe for or acquire shares of common stock of the corporation.

Shares subject to preemptive rights that are not acquired by shareholders may be issued to any person for a period of one year after being offered to shareholders at a consideration set by the board that is not lower than the consideration set for the exercise of preemptive rights. An offer at a lower consideration or after the expiration of one year is subject to the shareholders' preemptive rights.

For purposes of article IX, "shares" includes a security convertible into or carrying a right to subscribe for or acquire shares.

### ARTICLE X

No director of the corporation shall be personally liable to the corporation or its shareholders for money damages for any action taken, or any failure to take any action, except liability for any of the following: (1) the amount of a financial benefit received by a director to which he or she is not entitled; (2) intentional infliction of harm on the corporation or the shareholders; (3) a violation of sec. 551 of the MBCA, MCLA 450.1551, MSA 21.200(551); or (4) an intentional violation of criminal law. If the MBCA is amended to authorize the further elimination or limitation of the liability of directors, then the liability of a director of the corporation, in addition to the limitation on

personal liability contained in these articles of incorporation, shall be eliminated or limited to the fullest extent permitted by the MBCA as so amended. No amendment or repeal of article X shall apply to or have any effect on the liability or alleged liability of any director of the corporation for or with respect to any acts or omissions of any director occurring before the effective date of any such amendment or repeal.

**ARTICLE XI**

The corporation may indemnify any director or officer of the corporation who was or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit, or proceeding by reason of the fact that he or she is or was a director or officer or is or was serving at the request of the corporation as a director, officer or employee of another corporation, partnership, joint venture, trust or other enterprise, to the fullest extent permitted by the Michigan Business Corporation Act in the absence of rights granted under articles of incorporation, bylaws, or a contractual agreement. The corporation may further indemnify directors and officers, and may indemnify persons who are not directors or officers, and may indemnify persons who are not directors or officers, as authorized by bylaw, resolution of the board of directors, or contractual agreement authorized by the board of directors. Changes in these Articles or in the bylaws reducing the scope of indemnification shall not apply to actions or omissions occurring before such change.

**ARTICLE XII**

The corporation may amend or repeal any provision contained in these Articles and add Articles in the manner prescribed by statute.

**ARTICLE XIII**

These Articles of Incorporation shall be effective as of the date of filing.