1  Robert C. Holtzapple (State Bar No. 145954)
       (rholtzapple@fbm.com)
2  Ruth Ann Castro (State Bar No. 209448)
       (rcastro@fbm.com)
3  FARELLA BRAUN & MARTEL LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6  Attorneys for Defendants
   TIMOTHY JOHN and TJOHNE PRODUCTION,
7  INC.

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  CASEY TROYER, LUKE SCHMIDT,            Case No.  C 08-01926 MMC
    JEFFREY WARD and KEVIN COGER,
12  individuals,
                                           **CERTIFICATE OF SERVICE OF**
13                Plaintiffs,              **NOTICE OF REMOVAL OF ACTION**
                                           **TO FEDERAL DISTRICT COURT**
14       vs.

15  TIMOTHY JOHN, T JOHN E
    PRODUCTION, INC., and DOES 1
16  through 50, inclusive,

17                Defendants.

18

19       I, Alison J. Brown, certify and declare as follows:

20       1.    I am over the age of eighteen years and not a party to the within-entitled action.

21       2.    I am a citizen of the United States and employed in San Francisco County,

22  California.  My business address is 235 Montgomery Street, 17th Floor, San Francisco, California

23  94104, which is the city, county and state where the service described below took place.

24       3.    On April 11, 2008, I deposited a copy of the **Notice of Removal of Action to**

25  **Federal District Court** filed in the San Francisco Superior Court on April 11, 2008, in the

26  United States Mail in a sealed envelope with postage thereon fully prepaid addressed to the

27  person(s) shown below, and further caused a copy to be hand delivered to the person(s) shown

28  below:

CERTIFICATE OF SERVICE OF NOTICE OF
REMOVAL OF ACTION TO DISTRICT COURT                    23151\1528034.1
Case No. C 08-01926 MMC

1

2  Mark L. Webb, Esq.
   Law Office of Mark L. Webb
3  214 Grant Street, Suite 301
   San Francisco, CA  94108

4  *Attorneys for Plaintiffs*

5  I declare under penalty of perjury that the foregoing is true and correct.

6  Executed in San Francisco, California on **April 11, 2008**.

7

8

9                                    Alison Brown

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CERTIFICATE OF SERVICE OF NOTICE OF
REMOVAL OF ACTION TO DISTRICT COURT/        - 2 -                    23151\1528034.1
Case No.  Case No. C 08-01926 MMC

## Case No. C 08-01926 MMC

# <u>Exhibit A</u> to Certificate of Service of Notice of Removal of Action to Federal District Court

1    Robert C. Holtzapple (State Bar No. 145954)
         (rholtzapple@fbm.com)
2    Ruth Ann Castro (State Bar No. 209448)
         (rcastro@fbm.com)
3    FARELLA BRAUN & MARTEL LLP
     235 Montgomery Street, 17th Floor
4    San Francisco, CA  94104
     Telephone:  (415) 954-4400
5    Facsimile:  (415) 954-4480

6

     Attorneys for Defendants
7    TIMOTHY JOHN and TJOHNE PRODUCTION,
     INC.
8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                            COUNTY OF SAN FRANCISCO
10

11
     CASEY TROYER, LUKE SCHMIDT,            Case No.  C08-4732498
12   JEFFREY WARD and KEVIN COGER,
     individuals,
13                                          **NOTICE OF REMOVAL OF ACTION TO
                    Plaintiffs,             FEDERAL DISTRICT COURT**
14
          vs.
15
     TIMOTHY JOHN, T JOHN E
16   PRODUCTION, INC., and DOES 1
     through 50, inclusive,
17
                    Defendants.
18

19

20          TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND

21   THEIR ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that, on April 11, 2008, Defendants Timothy John and TjohnE

23   Production, Inc. filed a Notice of Removal of this action in the United States District Court for

24   the Northern District of California under case number CV 08-1926 MMC.  A copy of said Notice

25   of Removal is attached to this Notice as Exhibit A, and is served and filed herewith.

26          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446(d), the

27   above-styled action, originally brought in this Court as case number C08-4732198, is now

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF REMOVAL OF ACTION TO
DISTRICT COURT/SFSC Case No. C08-473298

23151\1524763.1

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

APR 1 1 2008

GORDON PARK-LI, Clerk
BY:   MARY ANN MORAN
                    Deputy Clerk

1    removed to federal court.  This Court may proceed no further unless and until this case is

2    remanded.

3

4    Dated:  April //, 2008                    FARELLA BRAUN & MARTEL LLP

5                                              By: _____

6                                                  Ruth Ann Castro

7

8                                              Attorneys for Defendants
                                               TIMOTHY JOHN and TJOHNE
9                                              PRODUCTION, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO
DISTRICT COURT/SFSC Case No. C08-473298                    - 2 -                    23151\1524763.1

# Exhibit A

1  Robert C. Holtzapple (State Bar No. 145954)
       (rholtzapple@fbm.com)
2  Ruth Ann Castro (State Bar No. 209448)
       (rcastro@fbm.com)
3  FARELLA BRAUN & MARTEL LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6

7  Attorneys for Defendants
   TIMOTHY JOHN and TJOHNE PRODUCTION,
   INC.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  CASEY TROYER, LUKE SCHMIDT,          Case No.    CV  08    1926
    JEFFREY WARD and KEVIN COGER,
    individuals,                          [San Francisco Superior Case No. C08-4732198]
13
                                          **NOTICE OF REMOVAL OF ACTION**
14                    Plaintiffs,         **UNDER 28 U.S.C. §1441(b)**

15          vs.

16  TIMOTHY JOHN, T JOHN E
    PRODUCTION, INC., and DOES 1
17  through 50, inclusive,

18                    Defendants.

19

20         TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN

21  DISTRICT OF CALIFORNIA:

22         1.      PLEASE TAKE NOTICE that Defendants TIMOTHY JOHN and TJOHNE

23  PRODUCTION, INC. (collectively "Defendants") hereby Notice the Removal of the above

24  captioned action to the United States District Court for the Northern District of California.  In

25  support of their removal of this action, Defendants state as follows:

26                          **THE STATE COURT ACTION**

27         2.      On March 13, 2008, Plaintiffs Casey Troyer ("Troyer"), Luke Schmidt

28  ("Schmidt"), Jeffrey Ward ("Ward") and Kevin Coger ("Coger"), filed suit against Defendants, in

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(b)

23151\1524614.1

1   a civil action entitled *Casey Troyer, Luke Schmidt, Jeffrey Ward and Kevin Coger v. Timothy*

2   *John, TJohnE Productions, Inc., and Does 1 through 50, inclusive,* Case No. C08-473298, in the

3   San Francisco Superior Court, California (the "Complaint"). Defendants were served the

4   Complaint on March 17, 2008.

5          3.    The time within which Defendants are required to file this Notice of Removal has

6   not yet expired. Timothy John and T John E Productions, Inc. are the only named Defendants

7   served in the action.

8                                    **JURISDICTION**

9          4.    This action may be removed to this Court because there is complete diversity of

10   citizenship, the amount in controversy likely exceeds $75,000, and because Plaintiffs' cause of

11   action arguably arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C.

12   §§ 1441 and 1446.

13   **Diversity Jurisdiction Under 28 U.S.C. §1332**

14          5.    Defendant TjohnE Productions, Inc. is a Michigan corporation with its principal

15   place of business in Grand Rapids, Michigan, and it is therefore a citizen of Michigan for

16   diversity purposes. *See* 28 U.S.C. §1332(c)(1); Declaration of Timothy John in Support of

17   Removal ("John Decl."), Exh. A. Defendant Timothy John is also a Michigan resident and is

18   therefore a citizen of the State of Michigan for diversity purposes. *See* John Decl., ¶ 1. By

19   contrast, Plaintiffs Troyer and Coger are admittedly citizens of California, Plaintiff Ward is a

20   citizen of Ohio, and Plaintiff Schmidt is a citizen of Louisiana, for diversity purposes. *See*

21   Compl., at ¶¶ 1-4. Complete diversity of citizenship therefore exists between each Plaintiff and

22   the named Defendants in this case. *See* 28 U.S.C. § 1332.

23          6.    This action seeks to determine the rights and obligations of the parties with respect

24   to certain alleged past labor practices and compensation disputes. In essence, Plaintiffs'

25   Complaint alleges that the Plaintiffs were all former "employees" of Defendants who were hired

26   to set up and/or host game shows and other entertainment events for Defendants, mainly on

27   college campuses, over the period between 1998-2006. Compl., ¶ 6-7. The Complaint further

28   alleges (albeit erroneously) that on January 16, 2008, the IRS "declared" that Plaintiff Troyer

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(b)                    - 2 -                    23151\1524614.1

1    "was in fact an employee" and "not an independent contractor." Compl., ¶ 10. It thereafter

2    concludes that all of the Plaintiffs must similarly have been Defendants' "employees." Compl.,

3    ¶ 10.

4         7.    Relying solely on the assumption that the IRS' letter adjudicated the issue of

5    whether Plaintiff Troyer was an "employee," the Complaint asserts that Defendants

6    "fraudulently" misled Plaintiffs into believing that they were "independent contractors" rather

7    than "employees." Compl., ¶ 15. It also generally alleges that the Defendants engaged in

8    unlawful, abusive and oppressive employment practices in violation of the Fair Labor Standards

9    Act (*see* Compl., at ¶ 8) before specifically stating causes of action for fraud, intentional infliction

10   of emotional distress, negligent misrepresentation and violations of the federal Racketeer

11   Influenced and Corrupt Organizations Act ("RICO").

12        8.    The amount in controversy in this matter exceeds the sum or value of $75,000,

13   exclusive of interest and costs, satisfying the amount in controversy requirement of 28 U.S.C. §

14   1332(a)(2). The Complaint seeks relief that includes

15   •    back pay, which allegedly consists of overtime, vacation and sick pay (*see* Compl.,

16        ¶ 20);

17   •    heath / medical benefits;

18   •    worker's compensation benefits;

19   •    general damages;

20   •    punitive damages;

21   •    treble damages;

22   •    attorneys' fees; and

23   •    disgorged profits. *See* Compl., Prayer for Damages

24        9.    Potential damages in this case exceed the $75,000 amount in controversy

25   requirement when you factor in: (1) the Plaintiff's average weekly wages of $800 per week for a

26   nine-month season; (2) the hourly wages, overtime, vacation, sick pay, workers compensation

27   benefits, and health or medical benefits claimed by each of the four Plaintiffs over the periods of

28   time alleged (*see* John Decl., at ¶¶ 3-8); (3) the potential treble and punitive and damages arising

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(b)

- 3 -

23151\1524614.1

1    from the compensation-based damages; (4) the claim for emotional distress; and (5) the claims for

2    attorneys' fees and disgorged profits.

3          10.    Accordingly, this case is between citizens of different states, involves an amount

4    in controversy in excess of the statutory minimum, and therefore satisfies the requirements of

5    diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

6          **Federal Question Jurisdiction Under 28 U.S.C. §1331**

7          11.    In the alternative, federal question jurisdiction is also appropriate in this case.

8    Federal Question Jurisdiction arises from 28 U.S.C. §1331.  That provision, in pertinent part,

9    provides that: "[t]he district courts shall have original jurisdiction of all civil actions arising under

10   the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.  Federal question

11   jurisdiction arises in this case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

12   ("FLSA"), the Federal RICO statute, 18 U.S.C. § 1961 *et seq.*, and under IRS Regulations.

13         12.    On its face, Plaintiffs' Complaint will necessarily require the reviewing court to

14   interpret and determine the validity, effect or construction of: (i) designations of "employees" and

15   "independent contractors" under IRS Regulations; (ii) allegedly oppressive and unfair labor

16   practices under the FLSA; and (iii) alleged racketeering activities under the RICO Act.  Plaintiffs'

17   requested relief also sounds in FLSA and RICO.  Thus, the relief sought by Plaintiffs

18   substantially and necessarily hinges upon the validity, effect or construction of numerous Federal

19   statutes and regulations relied upon in Plaintiffs' Complaint.  Plaintiffs' Complaint therefore

20   "arises under" the laws of the United States, making Federal Court jurisdiction appropriate in this

21   case. *See* 28 U.S.C. § 1331.  These issues are readily apparent from the face of Plaintiffs'

22   Complaint.

23         **ADDITIONAL PROCEDURAL MATTERS**

24         13.    Defendants have complied with 28 U.S.C. §§ 1446(a) and (d).  Under 28 U.S.C. §

25   1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court

26   or served on Defendants in the state court are annexed hereto as Exhibit "A."  Pursuant to 28

27   U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal annexed

28   thereto, has been filed with the clerk of the Superior Court of the State of California, County of

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(b)                    - 4 -                    23151\1524614.1

San Francisco, Case No. C08-473298, and Defendants have served a notice of filing of removal, with a copy of the notice of removal annexed thereto, on Plaintiffs' attorney.

### CONCLUSION

By this notice and attachments, Defendants Timothy John and TjohnE Productions, Inc. do not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Defendants intend no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. Defendants pray that this action be removed to this Court; that all further proceedings in the state court suit be stayed; and that Defendants obtain all additional relief to which they are entitled.

Dated:  April //, 2008                              FARELLA BRAUN & MARTEL LLP

                                                    By: _____
                                                        Ruth Ann Castro

                                                    Attorneys for Defendants
                                                    TIMOTHY JOHN and TJOHNE
                                                    PRODUCTION, INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF REMOVAL OF ACTION                    - 5 -                    23151\1524614.1
UNDER 28 U.S.C. §1441(b)

**Exhibit A**

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TIMOTHY JOHN, T JOHN E PRODUCTIONS, INC., AND DOES 1
THROUGH 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CASEY TROYER, LUKE SCHMIDT, JEFFREY WARD AND KEVIN
COGER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SAN FRANCISCO SUPERIOR COURT 400 MCALLISTER STREET SAN FRANCISCO, CA 94102 | CASE NUMBER *(Número del Caso):* **CGC-08- 473798** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MARK L. WEBB (SBN # 067959)
LAW OFFICES OF MARK L. WEBB
214 GRANT AVENUE, SUITE 301
SAN FRANCISCO, CA 94108

DATE: MARCH 13, 2008          GORDON PARK-LI, Clerk, by _____CRISTINA E. BAUTISTA_____, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [X] as an individual defendant. TIMOTHY JOHN
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)       [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [X] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  MARK L. WEBB, ESQ. (SBN 067959)
   LAW OFFICES OF MARK L. WEBB
2  214 Grant Street, Suite 301
   San Francisco, CA 94108
3  Telephone: (415) 621-4500
   Facsimile: (415) 621-4173

ENDORSED
FILED
Superior Court of California
County of San Francisco

CASE MANAGEMENT CONFERENCE SET MAR 12 2008

AUG 1 5 2008    GORDON PARK-LI, Clerk
BY: CHRISTINA E. BAUTISTA
                    Deputy Clerk

5  Attorney for Plaintiffs,
   CASEY TROYER, LUKE SCHMIDT, JEFF WARD AND KEVIN COGER    DEPARTMENT 212

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF SAN FRANCISCO

9                  UNLIMITED CIVIL JURISDICTION

10  CASEY TROYER, LUKE SCHMIDT,          Case No.: CGC 08- 473298
    JEFFREY WARD AND KEVIN COGER,
11  individuals,                          COMPLAINT FOR
                                          1) FRAUD
12           Plaintiff,                   2) EMOTIONAL DISTRESS
                                          3) MISREPRESENTATION AND
13           v.                           4) RICO VIOLATIONS

14  TIMOTHY JOHN, T JOHN E
    PRODUCTION, INC., and DOES 1
15  through 50, inclusive,

16
             Defendants.
17

                    GENERAL ALLEGATIONS

18
     1.  Casey Troyer is a resident of San Francisco, California and was at all times complained of
19
         herein an employee of Defendant T John E Productions, Inc. (hereinafter T John E).
20
     2.  Luke Schmidt is a resident of the state of Louisiana and was at all times complained of
21
         herein an employee of T John E.
22
     3.  Kevin Coger is a resident of California and was at all times complained of herein an
23
         employee of T John E.
24
     4.  Jeff Ward is a resident of Ohio and was at all times complained of herein an employee of T
25
         John E.
26
     5.  T John E is a corporation doing business throughout the United States including California.
27
         Its business is producing and presenting entertainment and stage shows for universities and
28
                    COMPLAINT FOR DAMAGES
                              -1-

1   colleges throughout the United States. Defendant has been involved in this business since

2   approximately 1995 and receives income, on information and belief, in the multi-millions

3   of dollars annually from these productions. The defendant specifically produced one or

4   more premier events for a major motion picture, Superman Returns, produced by Warner

5   Brothers. This gala premier event was attended by numerous Hollywood celebrities and

6   was one of a number of California events, providing a jurisdictional basis for this case.

7  6.  T John E, operated primarily by its president and primary owner, Timothy John, has been

8   engaged in a longtime, repeated, unlawful and tortious pattern and practice of exploiting

9   and abusing plaintiffs herein and other employees by:

10    a. Requiring them to work unsafe, illegal and immoral hours to comply with

11     defendant's demands for scheduling shows. These demands for scheduling shows

12     were and are motivated principally by greed and without regard for human safety

13     and specifically of his employees and the plaintiffs herein. In this regard,

14     defendant Timothy John required each of the named plaintiff and others to drive

15     large trucks from state to state under oppressive and illegal circumstances and

16     without lawful pay, under the guise of his misrepresenting to them that they were

17     "independent contractors."

18    b. Failing to pay appropriate overtime and benefits to these employees again

19     misrepresenting that they had no right to these because they were "independent

20     contractors."

21    c. Denying each plaintiff workers compensation benefits also because of his false

22     misrepresentation that they were not entitled to these benefits as independent

23     contractors.

24  7.  Casey Troyer worked for defendant from 2001 through 2006 as a tour and promotion

25   manager. Luke Schmidt worked from defendant 2004 through 2006 as a tour and

26   promotion manager. Kevin Coger worked from 1998 through 2003 as a tour and

27   promotion manager and Jeffrey Ward worked from 1998 through 2002 as a tour and

28   promotion manager.

COMPLAINT FOR DAMAGES
-2-

8.  As an example of this pattern and practice of abuse, exploitation and illegal disregard for
    fair labor laws, specifically the Federal Labor Standard Act, Jeffrey Ward was required in
    2002, during eight days, to drive a truck, set up university shows, dismantle those shows
    and drive to another location in seven different states during the eight day period.  The
    approximate time that he spent in meeting defendants' schedule for this eight-day period in
    2002 was over one hundred hours for which he was compensated minimally and far below
    the standards set by the Fair Labor Standard Act and by Michigan law.  Mr. Ward and the
    other plaintiffs, who had similarly oppressive schedules, were regularly penalized
    severely and their pay was withheld if they were as much as five minutes late for any
    engagement, thus creating an atmosphere of oppression, pressure and severe stress during
    this period of employment.

9.  Toward the end of this eight day period described above in 2002, Mr. Ward, because of the
    time pressures already mentioned, fell asleep at the wheel of his transportation truck and
    collided with another vehicle head on.  Mr. Ward and Mr. Coger, who was his passenger,
    also working at the time for defendant, both sustained personal injuries.  Mr. Ward
    required multiple surgeries for his right leg which was severed and surgically replaced.
    Mr. Ward has been declared fully disabled by the State of Michigan and will never work
    again.  Defendant Timothy John, from his headquarters in Michigan, within minutes of
    learning of this accident, phoned Mr. Ward's mother in Ohio to inform her falsely that her
    son was an independent contractor and had no insurance.

10. On or about January 16, 2008 the Internal Revenue Service, after completing its
    investigation of defendant, declared that Casey Troyer, and by inference each other
    plaintiffs named herein was not  an independent contractor and was in fact an employee
    entitled to all benefits in consideration of an employee at the time that he worked for
    defendant.

11. Prior to January of 2008, Timothy John informed plaintiff that they were independent
    contractors fraudulently, intentionally and maliciously knowing full well that the Internal
    Revenue Service had determined that road managers were employees.

12. On information and belief, plaintiffs allege that Timothy John knew or certainly had reason to know that he was imposing oppressive work conditions on these young men for his own financial gain. He also knew or had reason to know that plaintiffs were in fact legal employees and not independent contractors and that he was willfully withholding from them the benefits of employment that the law confers not only in Michigan but federally.

13. As a consequence of these actions and because the reasonable discovery of this fraud and or misrepresentation was as recent as January 16, 2008, these plaintiffs have legitimate and viable causes of action against defendants as stated below.

## CAUSES OF ACTION

## I. FIRST CAUSE OF ACTION – FRAUD

14. Plaintiffs hereby incorporate paragraphs 1 through 13 into this cause of action as though fully set forth herein

15. Timothy John, upon hiring plaintiffs as tour and promotion managers, intentionally made fraudulent statements to plaintiffs informing them that their employment status was that of independent contractors and not employees. Furthermore, Mr. John intentionally, falsely and fraudulently told plaintiffs, that since they were independent contractors and not employees that they were not entitled to benefits, including but not limited to, health care, vacation and sick leave, worker's compensation benefits, federal and state tax withholdings, and overtime compensation.

16. On or around January 16, 2008, the United States Department of Treasury Internal Revenue Service notified Plaintiff Casey Troyer that tour and promotion managers for T John E were employees and not independent contractors at all times. (Exhibit 1)

17. It is upon information and belief that Timothy John had knowledge that his fraudulent statements to Plaintiffs, that they were independent contractors and not employees, were falsely and intentionally made in order to avoid providing benefits to them as required under state and federal laws.

18. Timothy John's knowledge that falsely classifying tour and promotion managers as independent contractors would relieve him of his duty to provide certain benefits to these

1    employees is exemplified in the 2002 automobile accident involving Plaintiffs Jeffrey

2    Ward and Kevin Coger. In that incident plaintiffs Ward and Coger, acting in the scope of

3    their employment with T John E productions, were involved in a head-on collision as a

4    result of oppressive work conditions forced upon them by defendants. Mr. John within

5    minutes of learning of the accident and Plaintiff Jeff Ward's need for multiple surgeries

6    notified Jeff Ward's mother that Mr. Ward was an independent contractor and therefore

7    had no medical coverage or worker's compensation insurance.

8    19. Plaintiffs relied on defendants' statements that they were independent contractors during

9    the scope of their employment and never sought their rightful benefits as employees under

10    the law until receiving notification from the Internal Revenue Service to the contrary on

11    January 16, 2008.

12    20. Plaintiffs' reliance on defendants' false statements that they were independent contractors

13    and not employees resulted in loss of health benefits, worker's compensation benefits,

14    overtime, vacation and sick pay. Additionally, all plaintiffs were liable for federal income

15    taxes, as independent contractors rather than as employees, including penalties.

16    21. As a result of defendants' false statements Jeffrey Ward and Kevin Coger, have been was

17    denied lawful benefits from Worker's Compensation.

18    **II.    SECOND CAUSE OF ACTION – INTENTIONAL INFLICTION OF**
19    **EMOTIONAL DISTRESS**

20    22. Plaintiffs hereby incorporate paragraphs 1 through 21 into this cause of action as though

21    fully set forth herein

22    23. Defendant Timothy John, president and primary owner of T John E, was the employer and

23    direct supervisor of plaintiffs Casey Troyer, Jeffrey Ward, Kevin Coger and Luke Schmidt.

24    As a result of defendant's status and position he exercised effective power and control over

25    the employees of T John E Productions, Inc. including plaintiffs.

26    24. Timothy John and T John E, Inc.'s primary goal is to profit from stage productions

27    scheduled at universities and colleges throughout the United States. To ensure maximum

28    profits defendants hires young men as "independent contractors" to drive a truck, set-up

1   and dismantle university shows and travel to the next location. Multiple stage productions

2   are often booked within a single day and generally are in different states. To further

3   enhance profitability, defendants fraudulently and falsely classified the tour and promotion

4   managers as independent contractors to avoid compliance with federal and state labor laws.

5   For example, plaintiffs generally worked seven days per week, with forty to sixty hours of

6   overtime for as long as three weeks without a day off. Plaintiffs would drive, sometimes

7   over one thousand miles over state lines, under the threat of a thousand dollar fine if even

8   five minutes late, in order to set up defendants' stage productions. Plaintiffs were

9   threatened to have additional charges levied against them if there was damage to company

10  vehicles, lost or stolen equipment, unhappy clients that refused to pay, failure to use the

11  defendants' full approved set.

12  25. Defendants' intentional false and fraudulent statements, that tour and promotion managers

13  were independent contractors, allowed defendants to systematically deny each of its tour

14  and promotion managers, including plaintiffs, their rights under federal and state labor

15  laws and caused severe mental, emotional and physical stress on plaintiffs.

16  **III. THIRD CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION**

17  26. Plaintiffs hereby incorporate paragraphs 1 through 25 into this cause of action as though

18  fully set forth herein

19  27. Defendants employed plaintiffs as tour and promotion managers for their stage productions

20  at colleges and universities throughout the United States. As a result of the employer-

21  employee relationship defendants had a duty to provide true and accurate information

22  regarding plaintiffs' employment status.

23  28. Defendants breach their duty to plaintiffs when Timothy John, president and owner of T

24  John E, fraudulently and falsely told plaintiffs that they were independent contractors and

25  not employees of T John E, although he knew or should have known that this information

26  was false in part because of the Internal Revenue Service's decision that tour and

27  promotion managers of T John E were employees and not independent contractors.

28

29. As a result of defendants falsely and fraudulently informing plaintiffs that they were independent contractors and not employees, plaintiffs did not receive their rights and benefits under the state and federal laws as employees, including but not limited to vacation and sick pay, overtime compensation, medical benefits, scheduling constraints and limitations, and worker's compensation benefits.

**IV.    FOURTH CAUSE OF ACTION – VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)**

30. Plaintiffs hereby incorporate paragraphs 1 through 30 into this cause of action as though fully set forth herein

31. Defendant Timothy John used his company, T John E to conduct a pattern of racketeering activity by repeatedly and systematically defrauding plaintiffs herein with false representations that they were independent contractors and therefore not entitled to the employee benefits described above. This pattern of activity and conduct took place both within and outside the state of Michigan and during repeatedly fraudulent interstate communications interstate in which Timothy John told plaintiffs that they had no rights to overtime or other employee benefits.

32. As described above, Timothy John told Jeffrey Ward's mother in a telephone call from Michigan to her home in Ohio that her son had no worker's compensation insurance because he was an independent contractor, despite knowing full well that was not true.

33. The acts of defendants affected interstate commerce because plaintiffs were required to drive across state lines for the benefit of defendants and using defendants' equipment and property. Also, the stage productions were conducted in numerous different states in colleges and universities in those states by arrangement with defendants in Michigan. Plaintiffs were required to drive to those colleges and universities by defendants thus affecting interstate commerce.

34. Further affecting interstate commerce was defendants' requests for and approval by the Association for the Promotion of Campus Activities (APCA) and the National Association

for Campus Activities (NACA) to perform these shows at the various college locations.
All this activity was performed in violation of 18 U.S.C. § 1962 since the conduct affected
interstate and was furthered by the use of interstate telephone calls as well as interstate
transfer of money for prizes to participants in the college shows.

### IV.    PRAYER FOR DAMAGES

a.  Back pay and benefits properly owed to each plaintiff as an employee of defendant.

b.  Worker's compensation benefits as owed to Plaintiffs Ward and Coger.

c.  General damages for emotional distress according to proof.

d.  Punitive damages according to proof.

e.  Treble all such damages as prescribed under 18 USC section 1961, et al

f.  Attorneys fees as prescribed by law.

g.  Disgorgement of all profits derived by defendants by and through unlawful pattern
of conduct described above.

DATED: March 12, 2008

LAW OFFICES OF MARK L. WEBB

By: _____
Mark L. Webb, Esq.
Attorney for Plaintiff

# EXHIBIT 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MARK L. WEBB (SBN #067959)<br>214 GRANT AVENUE, SUITE 301<br>SAN FRANCISCO, CA 94108 | ENDORSED<br>FILED |

TELEPHONE NO: 415-621-4500    FAX NO: 415-621-4173
ATTORNEY FOR (Name): PLAINTIFFS
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 MCALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

GORE
BY: CRIS

CASE NAME: CASEY TROYER, ET AL v. TIMOTHY JOHN, T JOHN
E PRODUCTIONS, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | CGC-08--473298 |
| | | | JUDGE: | |
| | | | DEPT: | |

Items 1-5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [X] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [X] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [X] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

FILED BY FAX PURSUANT TO LOCAL RULES

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify):

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015).

Date: MARCH 13, 2008
MARK L. WEBB (SBN #067959)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 (Rev. January 1, 2006)

**CIVIL CASE COVER SHEET**

Legal Solutions & Plus

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 18

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach-Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or
  Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court
    Case Matter
  Writ-Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor
    Commissioner Appeals

**Provisionally Complex Civil
Litigation (Cal. Rules of Court Rule
1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally
  complex case type listed above)*
  (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (non-
    domestic relations)
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)*
  (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

CASE NUMBER: CGC- 473298 CASEY TROYER et al VS. ...IOTHY JOHN et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **AUG-15-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# MEDIATION SERV

**MEDIATION SERVICES**



THE BAR ASSOCIATION
OF SAN FRANCISCO

**PROCEDURES, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:**

# www.sfbar.org/mediation

QUESTIONS?

## adr@sfbar.org or 415-982-1600

- Business
- Civil Rights
- Commercial
- Construction
- Contracts
- Disability
- Discrimination
- Education
- Employment/Workplace
- Environmental
- Family
- Fee Disputes
- Financial
- Gay/Lesbian/Bisexual/Transgender Issues
- Government
- Insurance
- Intellectual Property
- Intra-Organizational
- Labor
- Landlord/Tenant
- Land Use
- Malpractice:
- Legal-Medical-Professional
- Partnership Dissolutions
- Personal Injury
- Probate/Trust
- Products Liability
- Real Estate
- Securities
- Taxation
- Uninsured Motorist
- Women's Issues
- And more...

## What is BASF's Mediation Service?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable.

Mediation Services was established by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This traditional mediation service is an approved alternative to court ordered Arbitration or Early Settlement.

## How Does it Work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; experienced BASF staff can suggest a mediator, or you can request three biographies to choose from, or request a particular mediator from our Web site.

## H___ ___ ___es the Servic___

Mediators generously p___de one ___ of preparation and two ___ of sessi___ time free of charge as a ___ice to BASF and the community. To ___fy for the pro-bono hours, parties ___t file the Consent to Mediate for___th BASF. Hourly fees beyond th___ree hours vary depending on the ___ator selected. BASF charge___ mall administrative fee, wh___ys for the costs of running ___ pr___.

## Who C___ ___e the Servic___

The service can be util___ anyon__ whether or not the disp___ has been filed in a court. If a legal ac___ already underway, it can be us___ ny time during the litigation p___ d is not limited to San Francis__ ___ty litigants.

Experienc___ available ___ ranging f___ matters t___ been pre___ education___ In fact, o___ mediatio___ formal m___

Our Web ___ provides ___ hourly rat___ by name ___

If you do___ panels, ju___ very likel___ of our pa___

## WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG •

# Alternative Dispute Resolution (ADR)
# Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

**The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))**

**Superior Court of California
County of San Francisco**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

    1)    Judicial Arbitration
    2)    Mediation
    3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 provides three different voluntary mediation programs for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial.  The settlement conference is typically held 2 to 3 months prior to the trial date.  The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP.  All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference.  All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference.  If settlement is not reached through the conference, the case proceeds to trial as scheduled.

**Cost**

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco.  Parties who meet certain eligibility requirements may request a fee waiver.  For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1   10/07 (ja)

Page 9

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant | |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**          ☐ **Mediation Services of BASF**     ☐ **Judicial Mediation**
☐ **Binding arbitration**                                                                      Judge _____
☐ **Non-binding judicial arbitration**                                            Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:            FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>(Check one):  ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE**<br>(Amount demanded          (Amount demanded is $25,000<br>exceeds $25,000)          or less) | CASE NUMBER: |
|---|---|

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:            Time:            Dept.:            Div.:            Room:

Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐  This statement is submitted by party (name):
   b. ☐  This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a.  The complaint was filed on (date):
   b. ☐  The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
       (1) ☐  have not been served (specify names and explain why not):
       (2) ☐  have been served but have not appeared and have not been dismissed (specify names):
       (3) ☐  have had a default entered against them (specify names):
   c. ☐  The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a.  Type of case in ☐ complaint  ☐ cross-complaint   (describe, including causes of action):

Page 1 of 4

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 (Rev. January 1, 2007) | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110 [Rev. January 1, 2007]  **CASE MANAGEMENT STATEMENT**  Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
    Previous case management orders in this case are *(check one)*:  ☐ none  ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*: _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

## PROOF OF SERVICE

I, Alison Brown, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 235 Montgomery Street, 17th Floor, San Francisco, California 94104. On April 11, 2008, I served a copy of the within document(s):

**Notice of Removal of Action to Federal District Court**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for next busines day delivery.

☒    by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

Mark L. Webb, Esq.
Law Office of Mark L. Webb
214 Grant Street, Suite 301
San Francisco, CA 94108

*Attorneys for Plaintiffs*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Francisco, California on **April 11, 2008**.

_____
Alison Brown

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400