1   Robert C. Holtzapple (State Bar No. 145954)
        (rholtzapple@fbm.com)
2   Ruth Ann Castro (State Bar No. 209448)
        (rcastro@fbm.com)
3   FARELLA BRAUN & MARTEL LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480

6   Leslie C. Morant
    (*Pro Hac Vice* pending)
7        LesMorant@lwr.com
    LAW, WEATHERS & RICHARDSON, P.C.
8   333 Bridge Street, N.W., Suite 800
    Grand Rapids, MI  49504
9   Telephone: (616) 459-1171

10

11  Attorneys for Defendants
    TIMOTHY JOHN and TJOHNE PRODUCTIONS,
    INC.

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15  CASEY TROYER, LUKE SCHMIDT,          Case No.  CV-08-1926
    JEFFREY WARD and KEVIN COGER,
16  individuals,                         **NOTICE OF ERRATA TO THE NOTICE
                                         OF REMOVAL OF ACTION UNDER 28
17              Plaintiffs,              U.S.C. § 1441(b)**

18       vs.

19  TIMOTHY JOHN, T JOHN E
    PRODUCTION, INC., and DOES 1
20  through 50, inclusive,

21              Defendants.

22

23

24       TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25       Defendants TIMOTHY JOHN and TJOHNE PRODUCTIONS, INC. (collectively

26  "Defendants"), by and through counsel, hereby submits this Notice of Errata to correct an error in

27  the Notice of Removal of Action Under 28 U.S.C. § 1441(b), filed with this Court on April 11,

28  2008.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OR ERRATA
Case No.  CV-08-1926                                                      23151\1534315.1

1    The complaint in the San Francisco Superior Court, Case No. C08-473298, filed on March

2    18, 2008, attached as Exhibit A to the Notice of Removal of Action Under 28 U.S.C. § 1441(b),

3    was incomplete, and excluded Exhibit 1 to the Complaint.  Defendants now attach hereto as

4    Exhibit A the full and complete version of the Complaint together with a copy of all process,

5    pleadings, and orders served upon Defendants in the state court.

6    Dated:  April 18, 2008                          FARELLA BRAUN & MARTEL LLP

7

8                                                     By:_____/s/ Ruth Ann Castro_____
                                                          Ruth Ann Castro
9
                                                     Attorneys for Defendants
10                                                    TIMOTHY JOHN and TJOHNE
                                                     PRODUCTIONS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF ERRATA
Case No.  CV-08-1926                          - 2 -                          23151\1534315.1

# EXHIBIT A

03/13/2008    14:22        4156214173                    LAW OFFICES                        PAGE 04/14

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TIMOTHY JOHN, T JOHN E PRODUCTIONS, INC., AND DOES 1
THROUGH 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CASEY TROYER, LUKE SCHMIDT, JEFFREY WARD AND KEVIN
COGER

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO SUPERIOR COURT
400 MCALLISTER STREET
SAN FRANCISCO, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC-08-  473298

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MARK L. WEBB  (SBN # 067959)
LAW OFFICES OF MARK L. WEBB
214 GRANT AVENUE, SUITE 301
SAN FRANCISCO, CA 94108
DATE: MARCH 13, 2008          GORDON PARK-LI          Clerk, by _Wilma E. Bautista_ , Deputy
*(Fecha)*                                                *(Secretario)*                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* T JOHN E PRODUCTIONS, INC.

   under: [X] CCP 416.10 (corporation)          [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)  [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership)  [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [X] by personal delivery on *(date):* MARCH 14, 2008                                    Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1   MARK L. WEBB, ESQ. (SBN 067959)
    LAW OFFICES OF MARK L. WEBB
2   214 Grant Street, Suite 301
    San Francisco, CA 94108
3   Telephone: (415) 621-4500
    Facsimile: (415) 621-4173
4

5   Attorney for Plaintiffs,
    CASEY TROYER, LUKE SCHMIDT, JEFF WARD AND KEVIN COGER
6

**F I L E D**
Superior Court of California
County of San Francisco

CASE MANAGEMENT CONFERENCE SET

MAR 13 2008

GORDON PARK-LI, Clerk
BY: _____
                Deputy Clerk

7                      SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         IN AND FOR THE COUNTY OF SAN FRANCISCO

9                            UNLIMITED CIVIL JURISDICTION

10  CASEY TROYER, LUKE SCHMIDT,               Case No.:    **SUMMONS ISSUED**
    JEFFREY WARD AND KEVIN COGER,
11  individuals,                              **CGC-08-473298**
                                              COMPLAINT FOR
12             Plaintiff,                      1) FRAUD
                                              2) EMOTIONAL DISTRESS
13        v.                                  3) MISREPRESENTATION AND
                                              4) RICO VIOLATIONS
14  TIMOTHY JOHN, T JOHN E
    PRODUCTION, INC., and DOES 1
15  through 50, inclusive,

16
               Defendants.
17

18                           **GENERAL ALLEGATIONS**

19  1.  Casey Troyer is a resident of San Francisco, California and was at all times complained of

20        herein an employee of Defendant T John E Productions, Inc. (hereinafter T John E).

21  2.  Luke Schmidt is a resident of the state of Louisiana and was at all times complained of

22        herein an employee of T John E.

23  3.  Kevin Coger is a resident of California and was at all times complained of herein an

24        employee of T John E.

25  4.  Jeff Ward is a resident of Ohio and was at all times complained of herein an employee of T

26        John E.

27  5.  T John E is a corporation doing business throughout the United States including California.

28        Its business is producing and presenting entertainment and stage shows for universities and

                              **COMPLAINT FOR DAMAGES**
                                       -1-

FILED BY FAX
PURSUANT TO LOCAL RULES

1    colleges throughout the United States. Defendant has been involved in this business since

2    approximately 1995 and receives income, on information and belief, in the multi-millions

3    of dollars annually from these productions. The defendant specifically produced one or

4    more premier events for a major motion picture, Superman Returns, produced by Warner

5    Brothers. This gala premier event was attended by numerous Hollywood celebrities and

6    was one of a number of California events, providing a jurisdictional basis for this case.

7    6.   T John E, operated primarily by its president and primary owner, Timothy John, has been

8       engaged in a longtime, repeated, unlawful and tortious pattern and practice of exploiting

9       and abusing plaintiffs herein and other employees by:

10        a.   Requiring them to work unsafe, illegal and immoral hours to comply with

11           defendant's demands for scheduling shows. These demands for scheduling shows

12           were and are motivated principally by greed and without regard for human safety

13           and specifically of his employees and the plaintiffs herein. In this regard,

14           defendant Timothy John required each of the named plaintiff and others to drive

15           large trucks from state to state under oppressive and illegal circumstances and

16           without lawful pay, under the guise of his misrepresenting to them that they were

17           "independent contractors."

18        b.   Failing to pay appropriate overtime and benefits to these employees again

19           misrepresenting that they had no right to these because they were "independent

20           contractors."

21        c.   Denying each plaintiff workers compensation benefits also because of his false

22           misrepresentation that they were not entitled to these benefits as independent

23           contractors.

24    7.   Casey Troyer worked for defendant from 2001 through 2006 as a tour and promotion

25       manager. Luke Schmidt worked from defendant 2004 through 2006 as a tour and

26       promotion manager. Kevin Coger worked from 1998 through 2003 as a tour and

27       promotion manager and Jeffrey Ward worked from 1998 through 2002 as a tour and

28       promotion manager.

COMPLAINT FOR DAMAGES<br>-2-

8. As an example of this pattern and practice of abuse, exploitation and illegal disregard for fair labor laws, specifically the Federal Labor Standard Act, Jeffrey Ward was required in 2002, during eight days, to drive a truck, set up university shows, dismantle those shows and drive to another location in seven different states during the eight day period.  The approximate time that he spent in meeting defendants' schedule for this eight-day period in 2002 was over one hundred hours for which he was compensated minimally and far below the standards set by the Fair Labor Standard Act and by Michigan law.  Mr. Ward and the other plaintiffs, who had similarly oppressive schedules, were regularly penalized severely and their pay was withheld if they were as much as five minutes late for any engagement, thus creating an atmosphere of oppression, pressure and severe stress during this period of employment.

9. Toward the end of this eight day period described above in 2002, Mr. Ward, because of the time pressures already mentioned, fell asleep at the wheel of his transportation truck and collided with another vehicle head on.  Mr. Ward and Mr. Coger, who was his passenger, also working at the time for defendant, both sustained personal injuries.  Mr. Ward required multiple surgeries for his right leg which was severed and surgically replaced.  Mr. Ward has been declared fully disabled by the State of Michigan and will never work again.  Defendant Timothy John, from his headquarters in Michigan, within minutes of learning of this accident, phoned Mr. Ward's mother in Ohio to inform her falsely that her son was an independent contractor and had no insurance.

10. On or about January 16, 2008 the Internal Revenue Service, after completing its investigation of defendant, declared that Casey Troyer, and by inference each other plaintiffs named herein was not  an independent contractor and was in fact an employee entitled to all benefits in consideration of an employee at the time that he worked for defendant.

11. Prior to January of 2008, Timothy John informed plaintiff that they were independent contractors fraudulently, intentionally and maliciously knowing full well that the Internal Revenue Service had determined that road managers were employees.

COMPLAINT FOR DAMAGES
-3-

12. On information and belief, plaintiffs allege that Timothy John knew or certainly had reason
    to know that he was imposing oppressive work conditions on these young men for his own
    financial gain.  He also knew or had reason to know that plaintiffs were in fact legal
    employees and not independent contractors and that he was willfully withholding from
    them the benefits of employment that the law confers not only in Michigan but federally.

13. As a consequence of these actions and because the reasonable discovery of this fraud and
    or misrepresentation was as recent as January 16, 2008, these plaintiffs have legitimate and
    viable causes of action against defendants as stated below.

## CAUSES OF ACTION

### I. FIRST CAUSE OF ACTION – FRAUD

14. Plaintiffs hereby incorporate paragraphs 1 through 13 into this cause of action as though
    fully set forth herein

15. Timothy John, upon hiring plaintiffs as tour and promotion managers, intentionally made
    fraudulent statements to plaintiffs informing them that their employment status was that of
    independent contractors and not employees.  Furthermore, Mr. John intentionally, falsely
    and fraudulently told plaintiffs, that since they were independent contractors and not
    employees that they were not entitled to benefits, including but not limited to, health care,
    vacation and sick leave, worker's compensation benefits, federal and state tax
    withholdings, and overtime compensation.

16. On or around January 16, 2008, the United States Department of Treasury Internal
    Revenue Service notified Plaintiff Casey Troyer that tour and promotion managers for T
    John E were employees and not independent contractors at all times. (Exhibit 1)

17. It is upon information and belief that Timothy John had knowledge that his fraudulent
    statements to Plaintiffs, that they were independent contractors and not employees, were
    falsely and intentionally made in order to avoid providing benefits to them as required
    under state and federal laws.

18. Timothy John's knowledge that falsely classifying tour and promotion managers as
    independent contractors would relieve him of his duty to provide certain benefits to these

1  employees is exemplified in the 2002 automobile accident involving Plaintiffs Jeffrey

2  Ward and Kevin Coger.  In that incident plaintiffs Ward and Coger, acting in the scope of

3  their employment with T John E productions, were involved in a head-on collision as a

4  result of oppressive work conditions forced upon them by defendants.  Mr. John within

5  minutes of learning of the accident and Plaintiff Jeff Ward's need for multiple surgeries

6  notified Jeff Ward's mother that Mr. Ward was an independent contractor and therefore

7  had no medical coverage or worker's compensation insurance.

8  19. Plaintiffs relied on defendants' statements that they were independent contractors during

9  the scope of their employment and never sought their rightful benefits as employees under

10  the law until receiving notification from the Internal Revenue Service to the contrary on

11  January 16, 2008.

12  20. Plaintiffs' reliance on defendants' false statements that they were independent contractors

13  and not employees resulted in loss of health benefits, worker's compensation benefits,

14  overtime, vacation and sick pay.  Additionally, all plaintiffs were liable for federal income

15  taxes, as independent contractors rather than as employees, including penalties.

16  21. As a result of defendants' false statements Jeffrey Ward and Kevin Coger,  have been was

17  denied lawful benefits from Worker's Compensation.

18  II.    SECOND CAUSE OF ACTION – INTENTIONAL INFLICTION OF
                    EMOTIONAL DISTRESS
19

20  22. Plaintiffs hereby incorporate paragraphs 1 through 21 into this cause of action as though

21  fully set forth herein

22  23. Defendant Timothy John, president and primary owner of T John E, was the employer and

23  direct supervisor of plaintiffs Casey Troyer, Jeffrey Ward, Kevin Coger and Luke Schmidt.

24  As a result of defendant's status and position he exercised effective power and control over

25  the employees of T John E Productions, Inc. including plaintiffs.

26  24. Timothy John and T John E, Inc.'s primary goal is to profit from stage productions

27  scheduled at universities and colleges throughout the United States.  To ensure maximum

28  profits defendants hires young men as "independent contractors" to drive a truck, set-up

COMPLAINT FOR DAMAGES
-5-

1   and dismantle university shows and travel to the next location.  Multiple stage productions

2   are often booked within a single day and generally are in different states.  To further

3   enhance profitability, defendants fraudulently and falsely classified the tour and promotion

4   managers as independent contractors to avoid compliance with federal and state labor laws.

5   For example, plaintiffs generally worked seven days per week, with forty to sixty hours of

6   overtime for as long as three weeks without a day off.  Plaintiffs would drive, sometimes

7   over one thousand miles over state lines, under the threat of a thousand dollar fine if even

8   five minutes late, in order to set up defendants' stage productions.  Plaintiffs were

9   threatened to have additional charges levied against them if there was damage to company

10  vehicles, lost or stolen equipment, unhappy clients that refused to pay, failure to use the

11  defendants' full approved set.

12  25. Defendants' intentional false and fraudulent statements, that tour and promotion managers

13      were independent contractors, allowed defendants to systematically deny each of its tour

14      and promotion managers, including plaintiffs, their rights under federal and state labor

15      laws and caused severe mental, emotional and physical stress on plaintiffs.

16      **III. THIRD CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION**

17  26. Plaintiffs hereby incorporate paragraphs 1 through 25 into this cause of action as though

18      fully set forth herein

19  27. Defendants employed plaintiffs as tour and promotion managers for their stage productions

20      at colleges and universities throughout the United States.  As a result of the employer-

21      employee relationship defendants had a duty to provide true and accurate information

22      regarding plaintiffs' employment status.

23  28. Defendants breach their duty to plaintiffs when Timothy John, president and owner of T

24      John E, fraudulently and falsely told plaintiffs that they were independent contractors and

25      not employees of T John E, although he knew or should have known that this information

26      was false in part because of the Internal Revenue Service's decision that tour and

27      promotion managers of T John E were employees and not independent contractors.

28

COMPLAINT FOR DAMAGES
-6-

29. As a result of defendants falsely and fraudulently informing plaintiffs that they were independent contractors and not employees, plaintiffs did not receive their rights and benefits under the state and federal laws as employees, including but not limited to vacation and sick pay, overtime compensation, medical benefits, scheduling constraints and limitations, and worker's compensation benefits.

## IV.    FOURTH CAUSE OF ACTION – VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

30. Plaintiffs hereby incorporate paragraphs 1 through 30 into this cause of action as though fully set forth herein

31. Defendant Timothy John used his company, T John E to conduct a pattern of racketeering activity by repeatedly and systematically defrauding plaintiffs herein with false representations that they were independent contractors and therefore not entitled to the employee benefits described above.  This pattern of activity and conduct took place both within and outside the state of Michigan and during repeatedly fraudulent interstate communications interstate in which Timothy John told plaintiffs that they had no rights to overtime or other employee benefits.

32. As described above, Timothy John told Jeffrey Ward's mother in a telephone call from Michigan to her home in Ohio that her son had no worker's compensation insurance because he was an independent contractor, despite knowing full well that was not true.

33. The acts of defendants affected interstate commerce because **plaintiffs were required to drive across state lines** for the benefit of defendants and using defendants' equipment and property.  Also, the stage productions were conducted in numerous different states in colleges and universities in those states by arrangement with defendants in Michigan. Plaintiffs were required to drive to those colleges and universities by defendants thus affecting interstate commerce.

34. Further affecting interstate commerce was defendants' requests for and approval by the Association for the Promotion of Campus Activities (APCA) and the National Association

1  for Campus Activities (NACA) to perform these shows at the various college locations.

2  All this activity was performed in violation of 18 U.S.C. § 1962 since the conduct affected

3  interstate and was furthered by the use of interstate telephone calls as well as interstate

4  transfer of money for prizes to participants in the college shows.

5         IV.    PRAYER FOR DAMAGES

6      a.   Back pay and benefits properly owed to each plaintiff as an employee of defendant.

7      b.   Worker's compensation benefits as owed to Plaintiffs Ward and Coger.

8      c.   General damages for emotional distress according to proof.

9      d.   Punitive damages according to proof.

10     e.   Treble all such damages as prescribed under 18 USC section 1961, et al

11     f.   Attorneys fees as prescribed by law.

12     g.   Disgorgement of all profits derived by defendants by and through unlawful pattern

13          of conduct described above.

14

15  DATED: March 12, 2008                        LAW OFFICES OF MARK L. WEBB

16

17                                        By:

18                                              Mark L. Webb, Esq.
                                                Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES
-8-

# EXHIBIT 1

**Internal Revenue Service**
SB/SE, Compliance
BIRSC, SS-8 Unit

**Department of the Treasury**
40 Lakemont Road
Newport, VT  05855-1555

January 16, 2008

Casey W. Troyer
5835 4 Mile Road N.E.
ADA, MI  49301-9534-354

Form: SS-8

Person to Contact:
Marybeth Torosian 03-00469

Telephone Number: 802-751-4432
Facsimile Number: 802-751-4454/4455

Refer Reply to: Case # 56189

Dear Mr. Troyer:

This is in reply to a request for a determination of your Federal employment tax status with respect to the services you performed for TJohne Productions, Inc. as a tour manager/ promotion manager.

Research on the matter by this office indicates the employment tax status of tour or promotion managers for TJohne Productions, Inc. was previously addressed by this office.  It was determined that tour or promotion managers are employees for Federal tax purposes.  Since your work relationship with this firm was the same, we also find you to be an employee for this position.

Since you are held to be an employee, the income paid by your employer is considered wages for Federal tax purposes, and you are liable for Federal income tax and your share of Federal Insurance Contributions Act (FICA) tax on the income in question. Normally an employer collects taxes from you and remits the taxes to the Government, which did not occur in this case.  Regardless of whether it is the employer or the Government who collects it from you, you are ultimately liable for these taxes.  As a result of the change to your employment status, you may be due a refund, you may reduce your tax liability, or you may owe additional tax

For the 2006 tax year you originally received Form 1099-MISC from the firm and included this income on Schedule C, *Profit or Loss from Business* and Schedule SE, *Self Employment Tax,* computing the applicable tax.  Schedule C can no longer be used since wages earned by an employee should be reported on line 7 of Form 1040. This means that you cannot deduct unreimbursed business expenses on Schedule C, but must deduct them, if at all, as miscellaneous itemized deductions on Schedule A, *Itemized Deductions*, subject to the 2% limitation of Code section 67 (see Publication 529, *Miscellaneous Deductions* to determine which expenses can be claimed on

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MARK L. WEBB (SBN #067959)<br>214 GRANT AVENUE, SUITE 301<br>SAN FRANCISCO, CA 94108 | ENDORSED<br>FILED |
| TELEPHONE NO.: 415-621-4500   FAX NO.: 415-621-4173 | |
| ATTORNEY FOR (Name): PLAINTIFFS | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 MCALLISTER STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: | GORDON<br>BY: CRIE |
| CASE NAME: CASEY TROYER, ET AL v. TIMOTHY JOHN, T JOHN E PRODUCTIONS, INC. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CGC08--473298<br>JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [X] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [X] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [X] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   - a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action (specify):

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: MARCH 13, 2008

MARK L. WEBB (SBN #067959)
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19

FILED BY FAX
PURSUANT TO LOCAL RULES

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice-Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case-Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ-Administrative Mandamus
Writ-Mandamus on Limited Court Case Matter
Writ-Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

CASE NUMBER: CGC-08-473298  CASEY TROYER et al VS. TIMOTHY JOHN et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:    AUG-15-2008

TIME:    9:00AM

PLACE:   Department 212
         400 McAllister Street
         San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

  
# MEDIATION SERV

## MEDIATION SERVICES



THE BAR ASSOCIATION
OF SAN FRANCISCO

**PROCEDURES, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:**

# www.sfbar.org/mediation

QUESTIONS?

## adr@sfbar.org or 415-982-1600

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Fee Disputes
Financial
Gay/Lesbian/Bisexual/Transgender Issues
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
Malpractice:
Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...

## What is BASF's Mediation Service?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable.

Mediation Services was established by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This traditional mediation service is an approved alternative to court ordered Arbitration or Early Settlement.

## How Does it Work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; experienced BASF staff can suggest a mediator, or you can request three biographies to choose from, or request a particular mediator from our Web site.

## How Much Does the Service Cost?

Mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond these three hours vary depending on the mediator selected. BASF charges a small administrative fee, which pays for the costs of running the program.

## Who Should Use the Service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation period and is not limited to San Francisco County litigants.

Experienced [...] available [...] ranging f[...] matters t[...] been pre[...] education [...] In fact, o[...] mediation [...] formal m[...]

Our Web [...] provides [...] hourly rat[...] by name [...]

If you do[...] panels, ju[...] very likel[...] of our pa[...]

**WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG**

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

**The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 201.9(c))**

**Superior Court of California
County of San Francisco**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1)    Judicial Arbitration
2)    Mediation
3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 provides three different voluntary mediation programs for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties.  A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.

ADR-1   10/07 (ja)

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar.  The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute.  The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference.  A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case.  The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court.  Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

ADR-1    10/07 (ja)                                                    Page 8

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

*Cost*

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**          ☐ **Mediation Services of BASF**    ☐    **Judicial Mediation**
☐ **Binding arbitration**                                                                        Judge _____
☐ **Non-binding judicial arbitration**                                             Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06                        **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
| TELEPHONE NO.:            FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                    Time:                Dept.:            Div.:            Room:
Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. Description of case
   a. Type of case in ☐ complaint    ☐ cross-complaint    (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

**4. b.** Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(If more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7. Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
☐ Additional representation is described in Attachment 8.

**9. Preference**
☐ This case is entitled to preference *(specify code section):*

**10. Alternative Dispute Resolution (ADR)**
   a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 2 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in (check all that apply):
  (1) ☐ Mediation
  (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
  (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
  (4) ☐ Binding judicial arbitration
  (5) ☐ Binding private arbitration
  (6) ☐ Neutral case evaluation
  (7) ☐ Other (specify):

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11. Settlement conference
  ☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. Insurance
  a. ☐ Insurance carrier, if any, for party filing this statement (name):
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case (explain):

13. Jurisdiction
  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy ☐ Other (specify):
  Status:

14. Related cases, consolidation, and coordination
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

15. Bifurcation
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. Other motions
  ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

    **Party**                  **Description**                  **Date**

  c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
  a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
  a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

  b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
  Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]      **CASE MANAGEMENT STATEMENT**      Page 4 of 6



# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)