1  Robert C. Holtzapple (State Bar No. 145954)
       (rholtzapple@fbm.com)
2  Ruth Ann Castro (State Bar No. 209448)
       (rcastro@fbm.com)
3  FARELLA BRAUN & MARTEL LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6  Leslie C. Morant
   (*Pro Hac Vice* pending)
7      LesMorant@lwr.com
   LAW, WEATHERS & RICHARDSON, P.C.
8  333 Bridge Street, N.W., Suite 800
   Grand Rapids, MI  49504
9  Telephone: (616) 459-1171

10

   Attorneys for Defendants
11  TIMOTHY JOHN and TJOHNE
   PRODUCTIONS, INC.

12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14

15
   CASEY TROYER, LUKE SCHMIDT,          Case No. CV-08-1926
16  JEFFREY WARD and KEVIN COGER,
   individuals,                         **DEFENDANTS TIMOTHY JOHN AND**
17                                       **TJOHNE PRODUCTIONS, INC.'S**
                   Plaintiffs,           **NOTICE OF MOTION AND MOTION:**
18
           vs.                           **(A) TO DISMISS FOR LACK OF**
19                                       **PERSONAL JURISDICTION AND FOR**
   TIMOTHY JOHN, T JOHN E                **IMPROPER VENUE;**
20  PRODUCTION, INC., and DOES 1
   through 50, inclusive,                **(B) ALTERNATIVELY, TO TRANSFER**
21                                       **FOR IMPROPER VENUE OR;**
                   Defendants.
22                                       **(C) ALTERNATIVELY, TO TRANSFER**
                                         **VENUE FOR CONVENIENCE;**
23
                                         **MEMORANDUM OF POINTS AND**
24                                       **AUTHORITIES IN SUPPORT OF**
                                         **DEFENDANTS' MOTION**
25
                                         Date:      June 13, 2008
26                                       Time:      9:00 a.m.
                                         Dept:      Courtroom 7
27                                       Judge:     Hon. Maxine M. Chesney

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS
US District Court Case No: CV-08-1926

23151\1533983.1

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2            NOTICE IS HEREBY GIVEN that on June 13, 2008, at 9 a.m. or as soon thereafter as

3    counsel may be heard by the above-entitled Court, located at 450 Golden Gate Ave., San Francisco,

4    California 94102, in Courtroom 7, 19th Floor, Defendants Timothy John and TjohnE Productions,

5    Inc. will, and hereby does, move this Court for an order granting the relief described in this Motion

6    and its supporting Memorandum.  Through this Motion, Defendants seek the following relief:

7            1.      The dismissal of all claims against Defendant Timothy John pursuant to

8    Fed.R.Civ.P. 12(b)(2) on the ground that this Court lacks personal jurisdiction over him;

9            2.      The dismissal of all claims against Defendant TjohnE Productions, Inc. pursuant to

10   Fed.R.Civ.P. 12(b)(2) on the ground that this Court lacks personal jurisdiction over it;

11           3.      The dismissal of all claims against Defendant Timothy John based on improper

12   venue under 28 U.S.C. § 1391(b);

13           4.      The dismissal of all claims against Defendant TjohnE Productions, Inc. based on

14   improper venue under 28 U.S.C. § 1391(b); and

15           5.      The dismissal of the entire complaint.

16           6.      Alternatively, if the Court does not dismiss all claims against both Defendants, the

17   remaining Defendant(s) request that the Court transfer the action or any surviving claim(s) to the

18   United States District Court for the Western District of Michigan, Southern Division, which under

19   28 U.S.C. § 1404(a) and §1406(a), is the more appropriate and convenient forum.

20           Defendants' motion relies upon this Notice of Motion and Motion, Defendants'

21   Memorandum of Points and Authorities, the Declaration of Timothy John, the Complaint filed in

22   this action, and upon any other evidence or argument presented by counsel to the Court.

23   Dated:  April 18, 2008                        FARELLA BRAUN & MARTEL LLP

24

25                                                By:_____/s/ Ruth Ann Castro_____
                                                       Ruth Ann Castro
26

27                                                Attorneys for Defendants
                                                  TIMOTHY JOHN and TJOHNE
28                                                PRODUCTIONS, INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS
US District Court Case No: CV-08-1926

23151\1533983.1

1

**TABLE OF CONTENTS**

2

Page

3

I.   INTRODUCTION ........................................................................................ 1

4

II.  STATEMENT OF THE ISSUES TO BE DECIDED ...................................... 1

5

III. STATEMENT OF THE RELEVANT FACTS ............................................... 2

6

A.   The Complaint Lacks Allegations Linking Defendants Timothy John And
     TjohnE Productions, Inc. To The State Of California ............................... 2

7

B.   The Nature Of Defendants Timothy John's And TjohnE Productions, Inc.'s
     Business, And Their Lack Of Contacts With California. ........................... 3

8

IV.  ARGUMENT ............................................................................................. 5

9

A.   The Court Should Dismiss The Complaint As To Timothy John And
     TjohnE Productions, Inc. For Lack Of Personal Jurisdiction. ................. 5

10

1.   "General Jurisdiction" Does Not Exist Over Mr. John And TjohnE
     Productions, Inc. ................................................................................. 6

11

2.   Plaintiffs Likewise Cannot Establish Specific Personal Jurisdiction
     Over Mr. John And TjohnE Productions, Inc. ..................................... 7

12

a.   Lack Of "Purposeful Availment" Or "Purposeful Direction." ........ 8

13

b.   Plaintiffs' Claims Do Not Arise Out Of Defendants' Forum-
     Related Activities. .............................................................................. 9

14

c.   Exercise Of Jurisdiction Over Defendants Here Would Be
     Unfair And Unreasonable. ................................................................. 9

15

16

B.   If The Court Does Not Dismiss The Complaint As To Defendants Timothy
     John And TjohnE Productions, Inc. For Lack Of Personal Jurisdiction,
     Then The Case Should Be Dismissed Or Transferred Based On Venue
     Considerations................................................................................... 10

17

18

1.   The Action Should Be Dismissed Because Venue Is Improper In
     The Northern District Of California...................................................... 10

19

20

2.   The Interest of Justice Requires Transfer Of Venue Pursuant To 28
     U.S.C. §1406(a) And/Or § 1404(a)..................................................... 12

21

a.   Transfer Of Venue Under 28 U.S.C. § 1406(a) ............................ 12

22

b.   Transfer Of Venue Under 28 U.S.C. § 1404(a) ............................ 12

23

c.   The Interest Of Justice Would Be Best Served If This
     Action Were Transferred To The Western District of
     Michigan, Southern Division, As Both Public And Private
     Concerns Would Be Met.................................................................... 14

24

25

V.   CONCLUSION ....................................................................................... 14

26

27

28

1

**TABLE OF AUTHORITIES**

2

Page

3

**FEDERAL CASES**

4

*Asahi Metal Industrial Co. v. Super. Ct.*,
    480 U.S. 102 (1987)........................................................................................... 6

5

*Bates v. C & S Adjusters, Inc.*,
    980 F.2d 865 (2d Cir. 1992)............................................................................. 11

6

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985).................................................................................. 6, 9, 10

7

8

*Burnham v. Super. Ct.*,
    495 U.S. 604 (1990)............................................................................................. 5

9

*Calder v. Jones*,
    465 U.S. 783 (1984)............................................................................................. 8

10

11

*Cambridge Filter Corp. v. International Filter Co.*,
    548 F. Supp. 1308 (D. Nev. 1982) .................................................................. 12

12

*Core-Vent Corp. v. Nobel Industrial AB*,
    11 F.3d 1482 (9th Cir. 1993)............................................................................. 5

13

14

*Dole Food Co., Inc. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002)........................................................................... 8

15

*Entenmann's Inc. v. King Bees Distr. Co.*,
    692 F. Supp. 157 (E.D.N.Y. 1988) ................................................................. 13

16

17

*Ernst v. Ernst*,
    722 F. Supp. 61 (S.D.N.Y. 1989) ................................................................... 14

18

*Gordy v. Daily News, L.P.*,
    95 F.3d 829 (9th Cir. 1996)............................................................................... 5

19

20

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408 (1984).......................................................................................... 6, 7

21

*Hernandez v. Graebel Van Lines*,
    761 F. Supp. 983 (E.D.N.Y. 1991) ............................................................ 12, 13

22

23

*Hoffman v. Blaski*,
    363 U.S. 335 (1960).......................................................................................... 12

24

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945)......................................................................................... 5, 6

25

26

*Jenkins Brick Co. v. Bremer*,
    321 F.3d 1366 (11th Cir. 2003)....................................................................... 11

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS
US District Court Case No: CV-08-1926

ii

23151\1533983.1

1

2

3      *Kasey v. Molybdenum Corp. of America*,
          408 F.2d 16 (9th Cir. 1969)...................................................................... 13
4
       *Keeton v. Hustler Magazine, Inc.*,
5          465 U.S. 770 (1984) ............................................................................. 8

6      *LeDuc v. Kentucky Central Life Insurance Co.*,
           814 F. Supp. 820 (N.D. Cal. 1992) ...................................................... 7
7
       *Ledingham v. Parke-Davis Division of Warner-Lambert Co.*,
8          628 F. Supp. 1447 (E.D.N.Y. 1986)...................................................... 14

9      *Lopez Perez v. Hufstedler*,
           505 F. Supp. 39 (D.D.C. 1980) ............................................................ 13
10
       *Milliken v. Meyer*,
11         311 U.S. 457 (1940) ............................................................................. 5

12     *Myers v. Bennett Law Offices*,
           238 F.3d 1068 (9th Cir. 2001)............................................................. 11
13
       *Nelson v. Int'l Paint Co.*,
14         716 F.2d 640 (9th Cir. 1983)............................................................... 12

15     *Omeluk v Langsten Slip & Batbyggeri A/S*,
           52 F.3d 267 (9th Cir. 1995)............................................................. 8, 9
16
       *Rio Properties, Inc. v. Rio International Interlink*,
17         284 F.3d 1007 (9th Cir. 2002)............................................................... 6

18     *Schwarzenegger v. Fred Martin Motor Co.*,
           374 F.3d 797 (9th Cir. 2004)............................................................. 7, 8
19
       *Terracom v Valley National Bank*,
20         49 F.3d 555 (9th Cir. 1995)................................................................... 9

21     *Van Dusen v. Barrack*,
           376 U.S. 612 (1964)............................................................................. 12
22
       *Woodke v. Dahm*,
23         70 F.3d 983 (8th Cir. 1995).................................................................. 11

24     *World-Wide Volkswagen v. Woodson*,
           444 U.S. 286 (1980)........................................................................... 5, 6
25

### STATE CASES

26
       *Buckeye Boiler Co. v. Super. Ct.*,
27         71 Cal. 2d 893 (1969) ........................................................................... 6

28

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS                    iii                                    23151\1533983.1
US District Court Case No: CV-08-1926

*Cornelison v. Chaney*,
    16 Cal. 3d 143 (1976) .................................................................................................. 6, 7

**FEDERAL STATUTES**

28 U.S.C.
    § 1391(b) ............................................................................................... 10, 11, 12, 13
    § 1404(a) .................................................................................................................. 12
    § 1406(a) .................................................................................................................. 12

**STATE STATUTES**

California Code of Civil Procedure
    § 410.10............................................................................................................................ 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS
US District Court Case No: CV-08-1926

iv

23151\1533983.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For this Court to exercise personal jurisdiction over Defendants Timothy John and TjohnE Productions, Inc. (collectively "Defendants"), Due Process requires Plaintiffs to prove that each defendant had continuous, systematic or substantial minimum contacts with California, or otherwise had personally availed themselves of the privileges of conducting activities there, and that the claim arose from those activities. In this case, Defendants are both residents and citizens of the state of Michigan. Neither Defendant has ever done business in this state or otherwise had any contacts with the state. Defendant John's contacts with California in the last 35 years consist of two family vacations and attendance at a Hollywood movie premiere event. Yet the Plaintiffs, who have likewise never done work for the Defendants in California, filed their suit against Defendants in California. Defendants thus specially appear and respectfully request that this Court dismiss them from this action for lack of personal jurisdiction and improper venue. Should this Court be inclined to exercise personal jurisdiction over these Defendants, however, Defendants alternatively ask that this Court transfer the action to the Western District of Michigan, Southern Division, based on venue and convenience considerations.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

1.      Should this Court dismiss the complaint for lack of personal jurisdiction because the Defendants, both Michigan residents and citizens, did not have continuous, systematic or substantial minimum contacts with California, did not personally avail themselves of the privileges of conducting activities in California, and because the Plaintiffs' claims indisputably did not arise from any forum-related activity alleged in their complaint?

2.      Should this Court also dismiss the complaint because it was filed in the wrong venue, where neither Defendant resides, and where no part of the events or omissions giving rise to the claim occurred?

3.      Alternatively, should the complaint be transferred to the U.S. District Court for the Western District of Michigan, Southern Division, where venue is appropriate and for the convenience of the parties and witnesses?

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS          1
US District Court Case No: CV-08-1926

23151\1533983.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  STATEMENT OF THE RELEVANT FACTS

The complaint was originally filed in San Francisco County Superior Court before Defendants removed it to this Court on April 11, 2008 based on diversity and federal question jurisdiction.  It should be dismissed however, because as the facts detailed below prove, *neither Defendant* sold any products or services in California, kept an office in California, owned any real or personal property in California, has ever had a mailing address, telephone listing or bank account there, or paid any taxes in California.  In fact, Mr. John has only visited California three times in the last 35 years, and none of those visits related in any way to the harms Plaintiffs allege in their lawsuit.  Indeed, all of the misconduct alleged in the complaint occurred in Michigan or elsewhere – and not in California.

**A.      The Complaint Lacks Allegations Linking Defendants Timothy John And TjohnE Productions, Inc. To The State Of California**

The allegations in Plaintiffs' complaint demonstrate that none of the misconduct or injuries alleged occurred in California.  Instead, the complaint acknowledges by silence that all of the actions complained of occurred in Michigan or other states.  Plaintiffs allege that they were all former "employees" the Defendants hired to set up and/or host game shows and other entertainment events, mainly on college campuses, over the period between 1998-2006.  (Compl. ¶¶ 6-7.)  The Complaint asserts that Defendants "fraudulently" misled Plaintiffs into believing that they were "independent contractors" rather than "employees."  (Compl. ¶ 15.)  Plaintiffs allege that Defendants knew Plaintiffs were "employees" based on a letter dated January 2008 from the IRS, which purportedly concluded that one of the Plaintiffs, Casey Troyer, was an "employee" of TjohnE.  (Compl. ¶¶ 15-17, Ex. 1).  Based on this alleged misconduct, Plaintiffs assert four causes of action against both Defendants claiming fraud, intentional infliction of emotional distress, negligent misrepresentation and violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO").

Notably, none of the Defendants' claimed misconduct is alleged to have taken place in California.  The conduct at the heart of Plaintiffs claims, Defendants' alleged false representations that Plaintiffs were independent contractors instead of employees, is alleged to have taken "place

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS
US District Court Case No: CV-08-1926

2

23151\1533983.1

1  both within and outside the state of Michigan." (Compl. ¶ 31; *see also* Compl. ¶ 33 (alleging that

2  stage productions were arranged with Defendants in Michigan).)

3      The only injuries alleged are claimed to have occurred in Michigan or Ohio, not in

4  California. For example, Plaintiff Jeffrey Ward allegedly suffered injuries while driving a truck.

5  But the complaint alleges that he was "declared fully disabled by the *State of Michigan*."

6  (Compl. ¶ 9 (emphasis added).) The Complaint further alleges that, after learning of Plaintiff

7  Ward's injuries, Defendant Timothy John, "from *his headquarters in Michigan*, . . . phoned Mr.

8  Ward's mother in *Ohio* to inform her falsely that her son was an independent contractor and had

9  no insurance." (Compl. ¶ 9 (emphasis added).) Even the January 2008 letter from the IRS to Mr.

10  Troyer that Plaintiffs allege confers "employee" status on them all, is addressed to Plaintiff

11  Troyer at his Michigan address (even though he alleges he is a San Francisco resident).

12  (*Compare* Compl. ¶ 1 *with* Ex. 1.)

13      The complaint also specifically recognizes that federal and Michigan law govern the facts

14  of this case. According to the complaint, Plaintiff Ward's work schedule and compensation in

15  2002 was below "standards set by the [federal] Fair Labor Standard Act and by *Michigan law*."

16  (Compl. ¶ 8 (emphasis added); *see also* Compl. ¶ 12 (alleging that Defendant John "willfully

17  [withheld] from [Plaintiffs] the benefits of employment that the law confers not only *in Michigan*

18  but federally."). (Emphasis added.) The sole link Defendants are alleged to have with California

19  is a passing reference to a production of "one or more premier events" for the movie "Superman

20  Returns." (Compl. ¶ 5.) And even that link will prove to be illusory.

21  **B.   The Nature Of Defendants Timothy John's And TjohnE Productions, Inc.'s**
   **Business, And Their Lack Of Contacts With California.**

22

23      Defendant Timothy John resides and works in Michigan. (Declaration Of Timothy John

24  In Support Of Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction And For

25  Improper Venue, Or In The Alternative, To Transfer For Improper Venue, Or In The Alternative,

26  To Transfer Venue For Convenience ("John Decl.") ¶ 1.) TjohnE Productions, Inc. is

27  incorporated in Michigan and has its principal place of business in Grand Rapids, Michigan. (*Id.*

28  ¶ 2.) TjohnE Productions is an entertainment booking agency that primarily services regional

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS                3
US District Court Case No: CV-08-1926

23151\1533983.1

colleges, universities and schools and offers a variety of different acts or shows.  (*Id.* ¶ 3.)  The

Plaintiffs in this case provided services setting up or hosting game show format trivia contests at

the school locations.  (*Id.* ¶ 5.)  The Plaintiffs worked only intermittently for Defendants, only

when schools were in session and held other jobs with other companies in Michigan at the same

time.  (*Id.* ¶ 7.)  Plaintiffs, or companies that they formed, signed independent contractor

agreements.  (*Id.* ¶ 8.)  Each of the independent contract agreements referenced above were

negotiated and executed by each of the Plaintiffs at Defendants' office in Grand Rapids,

Michigan.  (*Id.* ¶ 9.)  Those contracts provide that the Agreement is "governed and construed by

the laws of the state of Michigan" or that disputes are to "be handled in Kent County Circuit

Court, Grand Rapids, Michigan."  (*Id.* ¶ 9, Exs. A & B.)

Because of the logistics, excessive costs of transporting Defendants' equipment and stage

shows long distances and strong industry competition, TjohnE has only produced two shows

West of the Mississippi river, and neither of those shows were performed in California.  (*Id.* ¶

13.)  In fact, neither Mr. John nor TjohnE conducts any form of business in California and has not

sold any products or services there.  (*Id.* ¶ 14.)  Neither Defendant has applied for or obtained a

California business license.  (*Id.* ¶ 15.)  Nor do the Defendants solicit customers, market or

advertise in California.  (*Id.* ¶ 16.)

In addition, neither Mr. John nor TjohnE:

- Sold, owns or leases any real or personal property in California.  (*Id.* ¶ 17.)

- Has agents, representatives, or employees in California.  (*Id.* ¶ 18.)

- Has mailing addresses or telephone listings in California.  (*Id.* ¶ 19.)

- Has a personal or business bank account in California.  (*Id.* ¶ 20.)

- Generates any revenue from any business in California.  (*Id.* ¶ 21.)

- Pays taxes in California.  (*Id.* ¶ 22.)

- Has appointed a local agent for service of process in California.  (*Id.* ¶ 23.)

- Has an office in the State.  (*Id.* ¶ 24.)

- Has used the California court system as a litigant.  (*Id.* ¶ 25.)

Further, Mr. John has traveled to California personally on only three occasions in the last

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS
US District Court Case No: CV-08-1926

4

23151\1533983.1

35 years, twice for family vacations and once to attend the "Superman Returns" movie premiere. (*Id.* ¶ 26.)  And although TjohnE was contacted to supply a wind-tunnel for the "Superman Returns" premiere event, contrary to what Plaintiffs allege or imply in the complaint, TjohnE never supplied the tunnel or performed any services in connection with the premier, having instead chosen to subcontract that project out to a company in Illinois.  (*Id.* ¶ 27 & Ex. C.) What's more, the Defendants did not receive any business in California from Mr. John's attendance at the premiere. (*Id.*)  Finally, none of the Plaintiffs has ever done any work for the Defendants within the State of California and none of the allegations raised in the complaint took place in California.  (*Id.* ¶ 10.)

## IV.  ARGUMENT

**A.    The Court Should Dismiss The Complaint As To Timothy John And TjohnE Productions, Inc. For Lack Of Personal Jurisdiction.**

The United States Supreme Court requires a finding of *in personam* jurisdiction before a court can impose a judgment on a defendant personally; in the absence of such jurisdiction, a court cannot impose personal liability or affect the defendant's personal rights. *Burnham v. Super. Ct.*, 495 U.S. 604, 609-10 (1990); *see also World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 291 (1980) (holding judgment entered in violation of due process "is void in the rendering State and is not entitled to full faith and credit elsewhere").  Where, as here, there is no applicable federal statute governing personal jurisdiction, the Court applies the law of the state in which it sits. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).  California's long-arm statute permits a court to exercise personal jurisdiction over a defendant to the extent permitted by the Due Process Clause of the Constitution.  Cal. Civ. Proc. Code § 410.10; *Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir. 1996).

The Due Process Clause of the United States Constitution imposes one overriding requirement on a court seeking to exercise jurisdiction over a non-resident defendant – there must exist "certain minimum contacts [between the defendant and the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945) (quoting *Milliken v. Meyer*, 311 U.S.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS          5
US District Court Case No: CV-08-1926

23151\1533983.1

1    457, 463 (1940)).  The Supreme Court has further held that minimum contacts must proximately

2    result from actions by the defendant that create a "substantial connection" with the forum State.

3    *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 109 (1987).  The "constitutional touchstone"

4    of the minimum contacts test "remains whether the defendant purposefully established 'minimum

5    contacts' in the forum State."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)

6    (quoting *Int'l Shoe*, 326 U.S. at 316).  A defendant's "conduct and connection with the forum

7    State" must be such that the defendant "should reasonably anticipate being haled into court

8    there."  *World-Wide Volkswagen*, 444 U.S. at 297.

9         When a nonresident defendant challenges jurisdiction, the plaintiff bears the burden of

10   proving that a sufficient relationship exists between the defendant and California to justify the

11   exercise of personal jurisdiction.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th

12   Cir. 2002).  This nexus can be shown in one of two ways:  (1) general jurisdiction due to a

13   sufficiently extensive relationship between a defendant and the forum state; or (2) limited

14   jurisdiction flowing from particular acts of a defendant that relate to the plaintiff's complaint.  *See

15   Int'l Shoe*, 326 U.S. at 316.

16        Here, Plaintiffs have failed to allege any facts demonstrating, under either approach, that

17   Timothy John's and TjohnE Productions, Inc.'s relationships with California are sufficient to

18   justify this Court's exercise of personal jurisdiction over them.  As established by Mr. John's

19   Declaration filed in support of this Motion, no California court can constitutionally exercise either

20   general or specific jurisdiction over these Defendants.

21        1.    **"General Jurisdiction" Does Not Exist Over Mr. John And TjohnE
               Productions, Inc.**
22

23        General jurisdiction over a defendant exists if the defendant is domiciled in the forum

24   state or his activities are "substantial" or "continuous and systematic" to the forum state.

25   *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).  Courts have

26   required such contacts to be "continuous and systematic" (*see id.*), "extensive or wide-ranging,"

27   (*Buckeye Boiler Co. v. Super. Ct.*, 71 Cal. 2d 893, 898-99 (1969)), and "pervasive" (*Cornelison v.

28   Chaney*, 16 Cal. 3d 143, 147 (1976)).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS          6
US District Court Case No: CV-08-1926

23151\1533983.1

1    As established by the facts stated above and in the accompanying John Declaration,

2    neither of the Defendants maintained "substantial, continuous, and systematic" contacts with the

3    state of California.  Neither resides in California, does business here, advertises, markets or sells

4    goods or services here, and neither has a bank account or real property in California.  Mr. John's

5    mere attendance at a Hollywood movie premiere does not amount to "substantial" and

6    "continuous and systematic" contacts with the state of California, nor does it give rise to

7    Defendants' "reasonable anticipation" of later being sued in a California court by four disgruntled

8    former independent contractors, on claims entirely unrelated to the movie premiere.  *See LeDuc v.*

9    *Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 824 (N.D. Cal. 1992) (finding that occasional

10   business trips to California by a corporation's non-resident officers were insufficient to warrant

11   the exercise of personal jurisdiction); *Helicopteros Nacionales*, 466 U.S. at 414-15 (concluding

12   that the defendant's chief executive officer's visits to the forum state for contract negotiations

13   were insufficient to exercise jurisdiction there).

14        Because Mr. John and TjohnE Productions, Inc. lack the necessary "substantial" or

15   "continuous and systematic" contacts with California, general jurisdiction over them is improper.

16   As there is plainly no basis for exercising general jurisdiction over Mr. John or TjohnE

17   Productions, Plaintiffs must establish a basis for this Court's exercising specific jurisdiction over

18   these Defendants.  *Cornelison v. Chaney*, 16 Cal. 3d 143, 147-48 (1976).

19        2.    **Plaintiffs Likewise Cannot Establish Specific Personal Jurisdiction Over
            Mr. John And TjohnE Productions, Inc.**

20

21        To establish specific jurisdiction, Plaintiffs must satisfy the following three-part test:

22            (1) The non-resident defendant must purposefully direct his
              activities or consummate some transaction with the forum or
23            resident thereof; or perform some act by which he purposefully
              avails himself of the privilege of conducting activities in the forum,
24            thereby invoking the benefits and protections of its laws; (2) the
              claim must be one which arises out of or relates to the defendant's
25            forum-related activities; and (3) the exercise of jurisdiction must
              comport with fair play and substantial justice, i.e. it must be
26            reasonable.

27   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  "If any of the

28   three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS                7
US District Court Case No: CV-08-1926

23151\1533983.1

1    process of law." *Omeluk v Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

2                    a.    Lack Of "Purposeful Availment" Or "Purposeful Direction."

3            The phrase "purposeful availment" is often used to include both purposeful availment and

4    purposeful direction, which are two distinct concepts. *Schwarzenegger*, 374 F.3d at 802. A

5    purposeful direction analysis "is most often used in suits sounding in tort." *Id.* Although

6    independent contracts are referenced in the complaint, plaintiffs allege three tort claims:

7    (1) fraud, (2) intentional infliction of emotional distress, and (3) negligent misrepresentation, and

8    a RICO claim, which is grounded in the same allegations of fraud. Demonstration of purposeful

9    direction "usually consists of evidence of the defendant's actions outside the forum state that are

10   directed at the forum, such as the distribution in the forum state of goods originating elsewhere."

11   *Id.* at 803 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774-75 (1984)). A court

12   evaluates purposeful direction under the three-part "effects" test established in *Calder v. Jones*,

13   465 U.S. 783 (1984), requiring "that the defendant allegedly have (1) committed an intentional

14   act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to

15   be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (citing *Dole Food Co., Inc. v.*

16   *Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

17           Plaintiffs cannot establish any of the three requirements. First, Defendants deny that

18   either of them made the representations alleged in the complaint. Rather, any statements

19   regarding Plaintiffs' independent contractor contracts are those made equally, if not, solely, by

20   Plaintiffs in agreements to which each of them has consented. Second, even if Plaintiffs could

21   establish that Defendants committed "an intentional act," Plaintiffs cannot establish that either

22   Defendant "expressly aimed" any such statements to California, that any such statements caused

23   harm in California, or that either defendant knew that the statements were likely to be suffered in

24   California. In contracting with Plaintiffs, Defendants understood that each of the Plaintiffs

25   resided, and were licensed to drive, in Michigan. (John Decl. ¶ 11) For that reason, Defendants

26   had no reason to believe that any Californian would be affected. *See id.* at 807 (concluding that

27   defendant did not expressly aim activities toward California by advertising plaintiff's image in

28   Ohio advertisement, even though defendant knew that plaintiff lived in California).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS          8
US District Court Case No: CV-08-1926

23151\1533983.1

In short, Plaintiffs allege no wrongful action by either Defendant in California.  To the contrary, the alleged misconduct by Defendants is purported to have taken place in Michigan, all the independent contracts at issue were negotiated and executed in Michigan, and Plaintiffs were paid in Michigan.  *See* Section III.A., *supra*; John Decl. ¶ 12.  For these reasons, Plaintiffs cannot satisfy the first prong of the three-part specific jurisdiction test.

b.    Plaintiffs' Claims Do Not Arise Out Of Defendants' Forum-Related Activities.

Even if Plaintiffs could show that Defendants had "purposefully availed" themselves of the privilege of doing business in California or "purposely directed" any conduct toward California (which they cannot), they cannot satisfy the second prong: that the complaint arises out of any forum-directed activity on Defendants' part.  As described above, Plaintiffs allege no wrongful action by either Defendant in California, or even related in any way to California.

Further, the Ninth Circuit applies a "but for" test to determine whether the plaintiff's claim arises out of or results from the defendant's forum-related activities. *Terracom v Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995).  The requirement is met if, but for the contacts between the defendant and the forum state, the cause of action would not have arisen.  Here, Plaintiffs do not – and cannot – allege that Mr. John's attendance at the Superman Returns premiere bears any relation to the claims raised in the complaint.  Indeed, none of the Plaintiffs ever did any work for the Defendants in California and never performed any of the tasks alleged in the complaint for Defendants in California either.  (John Decl. ¶¶ 13-14.)  By the date of the premiere, it appears none of the Plaintiffs was even working for Defendants at all.  Thus, it is clear that Mr. John's attendance at the "Superman Returns" premiere was not the "but for" cause of the injuries outlined in Plaintiffs' complaint.  Their complaint must therefore be dismissed. *Omeluk*, 52 F.3d at 270.

c.    Exercise Of Jurisdiction Over Defendants Here Would Be Unfair And Unreasonable.

Third, nothing in the Complaint suggests that it would be fair or reasonable to require Defendants to defend this action in California. *Burger King*, 471 U.S. at 476 (for jurisdiction to

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS
US District Court Case No: CV-08-1926

9

23151\1533983.1

1   be reasonable it must meet the requirements of "fair play and substantial justice").  No reason

2   exists to decide this dispute thousands of miles away from the Midwest, where Defendants, two

3   of the Plaintiffs, and other witnesses reside.  Moreover, as courts recognize in considering the

4   mandates of "fair play and substantial justice" (*see id.*), the forum here – California – possesses

5   no interest in the instant dispute.  This action involves Michigan residents, a Michigan

6   corporation, contracts where Michigan law governs, employment issues where Michigan law may

7   govern, and non-California resident witnesses.  *See id.*  Under these facts, a Michigan court has a

8   greater interest than a court in California in reviewing the conduct of its businesses and residents.

9        Because Plaintiffs cannot establish general or specific personal jurisdiction over Mr. John

10  and TjohnE Productions, Inc., this Court should dismiss the complaint.

11  **B.    If The Court Does Not Dismiss The Complaint As To Defendants Timothy John And
        TjohnE Productions, Inc. For Lack Of Personal Jurisdiction, Then The Case Should
12      Be Dismissed Or Transferred Based On Venue Considerations.**

13       The complaint notably contains no express "venue" allegations.  The only allegation in the

14  complaint that suggests that the Northern District of California is a proper venue is a single

15  reference that Plaintiff Troyer is a resident of San Francisco, California.  (Compl. ¶ 1.)  As

16  discussed below, however, venue in this Court is improper because neither the defendants resides

17  here and no part of the events giving rise to Plaintiffs' claims took place in the Northern District

18  of California.

19       **1.    The Action Should Be Dismissed Because Venue Is Improper In The
                Northern District Of California.**
20

21       A civil action where jurisdiction is not founded solely on diversity of citizenship may be

22  brought only in (1) a judicial district where any defendant resides, if all defendants reside in the

23  same state, (2) a judicial district in which a substantial part of the events or omissions giving rise

24  to the claim occurred, or a substantial part of property that is the subject of the action as situated,

25  or (3) a judicial district in which any defendant may be found if there is no district in which the

26  action may otherwise be brought.  28 U.S.C. § 1391(b).  As is discussed below, under any prong

27  of section 1391(b), venue in the Northern District of California is improper.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS                10
US District Court Case No: CV-08-1926

23151\1533983.1

1    Here, no defendant resides in the Northern District of California. By contrast, both

2   Defendants, Timothy John and TjohnE Productions, respectively, reside and are incorporated and

3   headquartered in Michigan. (John Decl. ¶¶ 1-2.) A proper venue for this case under Section

4   1391(b)(1) would be the Western District of Michigan.

5    In determining whether venue is proper under the second prong, only those events and

6   omissions that directly give rise to the claim are relevant. *Jenkins Brick Co. v. Bremer*, 321 F.3d

7   1366, 1372 (11th Cir. 2003) (in suit to enforce employee's covenant not to compete, court should

8   look to the place the contract was negotiated and executed, and place of performance and breach

9   (sales meetings, training and seminars elsewhere did not have a close nexus to the claim)). In

10  determining where a "substantial part" of the events or omissions occurred, courts will consider:

11  in tort actions, where the parties acted or where the injuries occurred, and the place where parties

12  acted or were engaged in business. *See Bates v. C & S Adjusters, Inc.* 980 F.2d 865, 867 (2d Cir.

13  1992); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001); *Jenkins Brick*, 321

14  F.3d at 1371.

15   There are no specific facts indicating that relevant events occurred in the Northern District

16  of California. An allegation that Plaintiff Troyer resides in San Francisco, California, is

17  insufficient to confer venue on this District. *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)

18  (reference to "events or omissions giving rise to the claim" requires courts to focus on relevant

19  activities of the defendant, not the plaintiff). As previously noted, all of Defendants' activities

20  that directly give rise to Plaintiffs' alleged damages occurred in Michigan. Accordingly, under

21  Section 1391(b)(2), venue is proper in the Western District of Michigan, as it is the district where

22  a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

23   Under section 1391(b)(3), residual venue exists in "a judicial district in which any

24  defendant may be found." However, section 1391(b)(3) is applicable only if there is no district

25  court under which venue can be had under (b)(1) or (b)(2). Based on the arguments set forth

26  above, venue would be proper in the Western District of Michigan, as that is where Defendants

27  reside and work, and can "be found." Therefore, with respect to the residual venue provision, it is

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS          11
US District Court Case No: CV-08-1926

23151\1533983.1

1    inapplicable to the present case.  Plaintiffs' complaint was erroneously filed in the Northern

2    District of California in violation of 28 U.S.C. §1391(b) and must therefore be dismissed.

3        2.    **The Interest of Justice Requires Transfer Of Venue Pursuant To 28 U.S.C. §1406(a) And/Or § 1404(a).**

4

5            a.    Transfer Of Venue Under 28 U.S.C. § 1406(a).

6        When the district court lacks personal jurisdiction over defendants, as it does in the instant

7    case, transfer pursuant to 28 U.S.C. § 1406(a) may be appropriate.  *See, e.g., Nelson v. Int'l Paint*

8    *Co.*, 716 F.2d 640, 643 (9th Cir. 1983).  Section 1406(a) provides that "[t]he district court of a

9    district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it

10   be in the interest of justice, transfer such case to any district or division in which it could have

11   been brought."  As described above, this Court lacks personal jurisdiction over Defendants

12   Timothy John and TjohnE Productions, Inc. If this Court decides not to dismiss Plaintiffs'

13   complaint outright, Defendants request that in the interests of justice, this Court transfer the

14   action to the United States District Court for the Western District of Michigan, Southern Division.

15           b.    Transfer Of Venue Under 28 U.S.C. § 1404(a).

16       "For the convenience of parties and witnesses, in the interest of justice, a district court

17   may transfer any civil action to any other district or division where it might have been brought."

18   28 U.S.C. § 1404(a).  The purpose of § 1404(a) "is to prevent waste 'of time, energy and money'

19   and 'to protect litigants, witnesses and the public against unnecessary inconvenience and

20   expense.'" *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 986 (E.D.N.Y. 1991) (quoting

21   *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

22       Based on the statute, the threshold question is whether the case "might have been brought"

23   in the proposed transferee district, i.e., the Western District of Michigan.  Under Section 1404(a),

24   it must be shown that subject matter jurisdiction, personal jurisdiction and venue would have been

25   proper had this case been brought in the Western District of Michigan.  *Cambridge Filter Corp. v.*

26   *Int'l Filter Co.*, 548 F. Supp. 1308 (D. Nev. 1982); *see also Hoffman v. Blaski,* 363 U.S. 335

27   (1960).  If not dismissed entirely, a transfer to the Western District of Michigan would be

28   appropriate in this case.  Subject matter jurisdiction would be proper because the contracts giving

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS          12
US District Court Case No: CV-08-1926                                              23151\1533983.1

1    rise to Plaintiffs employment claims were all negotiated and executed in Michigan, and the

2    business and equipment at issue are located there.  Personal jurisdiction would also be proper as

3    Defendants Timothy John and TjohnE Productions reside in the Western District of Michigan and

4    do business in the Western District of Michigan.  Finally, as discussed above, venue would be

5    proper under either provision of 28 U.S.C. § 1391(b)(1) or (b)(2).

6         Once a defendant establishes that a case "might have been brought" in the proposed

7    transferee district, the Court must weigh the practical factors that are advanced by the

8    adjudication of claims in the most convenient forum.  *Entenmann's Inc. v. King Bees Distr. Co.*,

9    692 F. Supp. 157, 160 (E.D.N.Y. 1988).  Although a presumption ordinarily exists in favor of a

10   plaintiff's choice of forum, where, as here, the claims against Timothy John and TjohnE

11   Productions have no nexus with California, the presumption has no application. *See Hernandez*,

12   761 F. Supp. at 990.

13        Generally, three factors are identified in determining whether an action should be

14   transferred – convenience of parties, convenience of witnesses, and the interest of justice.  These

15   factors are interpreted broadly to allow the court to consider the particular facts of each case.

16   *Lopez Perez v. Hufstedler*, 505 F. Supp. 39 (D.D.C. 1980).  Consideration of the private and

17   public interest factors demonstrates that transfer serves both the convenience of the parties and

18   the witnesses and the interest of justice, as this action has no nexus with the Northern District of

19   California.

20        Courts have employed a variety of factors as guideposts to assist in the determination of

21   motions to transfer venue. The most often-cited factors include, but are not limited to, the

22   following: (1) convenience of the witnesses, (2) judicial economy, (3) relative ease of access to

23   proof, (4) availability of the compulsory process, i.e., reach of the subpoena power to secure

24   witnesses' attendance, and (5) relative docket congestion. *See, e.g., Entenmann's Inc.*, 692 F.

25   Supp. at 160; *Kasey v. Molybdenum Corp. of America*, 408 F.2d 16 (9th Cir. 1969).

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS          13
US District Court Case No: CV-08-1926

23151\1533983.1

c.    The Interest Of Justice Would Be Best Served If This Action Were Transferred To The Western District of Michigan, Southern Division, As Both Public And Private Concerns Would Be Met.

Moving Defendants Timothy John and TjohnE Productions are located in the Western District of Michigan, along with any documentary evidence they may have.  The Western District of Michigan is where they manage and oversee employee decisions.  (John Decl. ¶ 30.)  TjohnE Productions is a small family owned and operated business.  (*Id.* ¶ 4.)  Mr. John manages and runs the TjohnE Productions business, and all of TjohnE's business records are located in Grand Rapids, Michigan.  (*Id.* ¶ 29.)  Moreover, it  would pose extreme hardship for Mr. John to have to travel to California for any length of time.  (*Id.* ¶ 31.)

In addition, several potential percipient witnesses are located in Michigan, not California. These individuals include Linda John, and Mr. John's son and daughter, who also help run the business and can attest to the facts raised in Plaintiffs' complaint.  (*Id.* ¶ 4.)  Unlike the time and costs that Defendants would have to bear in defending themselves in litigation in California, it would be less of a burden on Timothy John and TjohnE Productions to participate in legal proceedings in the Western District of Michigan.

The interest of justice and public policy concerns dictate that this action be transferred to the Western District of Michigan.  A transfer of this action to the more appropriate forum would serve the interests of judicial economy.  *See Ernst v. Ernst*, 722 F. Supp. 61, 64 (S.D.N.Y. 1989); *Ledingham v. Parke-Davis Div. of Warner-Lambert Co.*, 628 F. Supp. 1447, 1452 (E.D.N.Y. 1986) ("Clearly, the public has an interest in avoiding further congestion of the court's calendar when there exists a more convenient forum for the action.")

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants Mr. Timothy John and TjohnE Productions, Inc. respectfully request that this Court dismiss without leave to amend the Complaint for lack of

/ / /

/ / /

/ / /

/ / /

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
US District Court Case No: CV-08-1926

14

23151\1533983.1

1    personal jurisdiction over them.  Alternatively, the Court should dismiss or transfer for improper

2    venue.

3    Dated:  April 18, 2008                          FARELLA BRAUN & MARTEL LLP

4

5                                                     By:_____/s/ Ruth Ann Castro_____
                                                              Ruth Ann Castro
6
                                                     Attorneys for Defendants
7                                                    TIMOTHY JOHN and TJOHNE
                                                     PRODUCTIONS, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS                15                        23151\1533983.1
US District Court Case No: CV-08-1926

1   Robert C. Holtzapple (State Bar No. 145954)
        (rholtzapple@fbm.com)
2   Ruth Ann Castro (State Bar No. 209448)
        (rcastro@fbm.com)
3   FARELLA BRAUN & MARTEL LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480

6   Leslie C. Morant
    (*Pro Hac Vice* application pending)
7        LesMorant@lwr.com
    LAW, WEATHERS & RICHARDSON, P.C.
8   333 Bridge Street, N.W., Suite 800
    Grand Rapids, MI  49504
9   Telephone: (616) 459-1171

10
    Attorneys for Defendants
11  TIMOTHY JOHN and TJOHNE PRODUCTIONS,
    INC.
12
                        UNITED STATES DISTRICT COURT
13
                       NORTHERN DISTRICT OF CALIFORNIA
14

15
    CASEY TROYER, LUKE SCHMIDT,          Case No.  CV-08-1926
16  JEFFREY WARD and KEVIN COGER,
    individuals,                         **[PROPOSED] ORDER GRANTING**
17                                        **MOTION OF DEFENDANTS TIMOTHY**
                    Plaintiffs,           **JOHN AND TJOHNE PRODUCTIONS,**
18                                        **INC. TO DISMISS FOR LACK OF**
            vs.                           **PERSONAL JURISDICTION AND FOR**
19                                        **IMPROPER VENUE, OR IN THE**
    TIMOTHY JOHN, TJOHNE                  **ALTERNATIVE, TO TRANSFER FOR**
20  PRODUCTION, INC., and DOES 1          **IMPROPER VENUE, OR IN THE**
    through 50, inclusive,                **ALTERNATIVE, TO TRANSFER VENUE**
21                                        **FOR CONVENIENCE**
                    Defendants.
22                                        Date:      June 13, 2008
                                          Time:      9:00 a.m.
23                                        Dept:      Courtroom 7
                                          Judge:     Hon. Maxine M. Chesney
24

25          The Motion of Defendants Timothy John and TjohnE Productions, Inc. ("Defendants") to

26  dismiss for lack of personal jurisdiction and for improper venue under Federal Rules of Civil

27  Procedure 12(b)(2) and 12(b)(3), or in the alternative, to transfer for improper venue, or in the

28  alternative, to transfer venue for convenience came for hearing on June 13, 2008.  All parties

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS
US District Court Case No: CV-08-1926

23151\1533244.1

1    were represented by counsel.  Having read and considered the papers submitted, and hearing the

2    arguments of counsel, and good cause appearing therefore,

3          IT IS HEREBY ORDERED THAT:

4          1.      All claims against Defendant Timothy John are dismissed pursuant to Fed.R.Civ.P.

5    12(b)(2) on the ground that this Court lacks personal jurisdiction over him;

6          2.      All claims against Defendant TjohnE Productions, Inc. are dismissed pursuant to

7    Fed.R.Civ.P. 12(b)(2) on the ground that this Court lacks personal jurisdiction over it;

8          3.      All claims against Defendant Timothy John are dismissed based on improper

9    venue under 28 U.S.C. § 1391(b);

10         4.      All claims against Defendant TjohnE Productions, Inc. are dismissed based on

11   improper venue under 28 U.S.C. § 1391(b); and

12         5.      The entire complaint is dismissed.

13         In the alternative, IT IS HEREBY ORDERED THAT Defendants' motion to transfer for

14   improper venue, or in the alternative, to transfer venue for convenience is GRANTED.  Pursuant

15   to 28 U.S.C. § 1404(a) and § 1406(a), this action or any surviving claims is hereby transferred to

16   the United States District Court for the Western District of Michigan, Southern Division.

17

18

19   Dated: _____        _____

20                                         United States District Judge

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS        - 2 -                                23151\1533244.1
US District Court Case No: CV-08-1926