1  Robert C. Holtzapple (State Bar No. 145954)
       (rholtzapple@fbm.com)
2  Ruth Ann Castro (State Bar No. 209448)
       (rcastro@fbm.com)
3  FARELLA BRAUN & MARTEL LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6  Leslie C. Morant
   (*Pro Hac Vice* pending)
7      LesMorant@lwr.com
   LAW, WEATHERS & RICHARDSON, P.C.
8  333 Bridge Street, N.W., Suite 800
   Grand Rapids, MI  49504
9  Telephone: (616) 459-1171

10 Attorneys for Defendants
   TIMOTHY JOHN and T JOHN E PRODUCTIONS,
11 INC.

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15 CASEY TROYER, LUKE SCHMIDT,          Case No. CV-08-1926
   JEFFREY WARD and KEVIN COGER,
16 individuals,                         **DECLARATION OF TIMOTHY JOHN IN
                                        SUPPORT OF DEFENDANTS' MOTION TO
17                Plaintiff,            DISMISS FOR LACK OF PERSONAL
                                        JURISDICTION AND FOR IMPROPER
18        vs.                           VENUE, OR IN THE ALTERNATIVE, TO
                                        TRANSFER FOR IMPROPER VENUE, OR
19 TIMOTHY JOHN, T JOHN E               IN THE ALTERNATIVE, TO TRANSFER
   PRODUCTION, INC.,                    VENUE FOR CONVENIENCE**
20
                  Defendants.           Date:      June 13, 2008
21                                      Time:      9:00 a.m.
                                        Dept:      Courtroom 7
22                                      Judge:     Hon. Maxine M. Chesney

23        I, Timothy John, declare:

24        1.      I am a resident of the State of Michigan.  I have lived in Michigan continuously

25 since 1970.  I have personal knowledge of the following facts, and if called as a witness, I could

26 and would competently testify thereto.

27        2.      I am founder, President and Chief Executive Officer of TjohnE Productions, Inc.

28 TjohnE Productions is incorporated in Michigan and its principal place of business is in Grand

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DECL. OF TIMOTHY JOHN ISO MOTION
TO DISMISS FOR LACK OF PERSONAL
JURISDICTION/ Case No. CV-08-1926

23151\1534088.1

1  Rapids, Michigan.

2       3.    TjohnE Productions is an entertainment booking agency that primarily services

3  regional colleges, universities and schools and offers a variety of different acts or shows.

4       4.    TjohnE Productions is a small family owned and operated business. My wife,

5  Linda John, and son and daughter help me run the business.

6       5.    Plaintiffs or their companies signed independent contracts to provide services

7  setting up or hosting game show format trivia contests at the school locations.

8       6.    Plaintiffs were paid weekly compensation and bonuses pursuant to independent

9  contractor agreements, based on the number of shows completed per week and distances driven.

10       7.    The Plaintiffs worked on an intermittent basis during college semesters, and no

11  work was performed during the summertime. My understanding was that all of them held other

12  jobs with other companies in Michigan while they were not working for TjohnE Productions, and

13  even during periods when they were working for TjohnE Productions.

14       8.    Each of the Plaintiffs or their companies signed independent contractor contracts.

15  Two sample contracts are attached as Exhibit A and B.

16       9.    Those contracts were negotiated and executed in TjohnE's offices in Grand

17  Rapids, Michigan, and the contracts provide that the Agreement is "governed and construed by

18  the laws of the state of Michigan" or that disputes are to "be handled in Kent County Circuit

19  Court, Grand Rapids, Michigan."

20       10.    As such, neither I nor TjohnE ever informed any of the plaintiffs that they were

21  independent contractors while they were in California. In fact, I had no contact with any

22  California entity regarding any of the Plaintiffs' employment or contractor status. Any

23  communications relating to Plaintiffs' status as independent contractors took place in Michigan.

24       11.    At the time each of these Plaintiffs signed the contracts, they were all residents of

25  the State of Michigan. I confirmed this fact by personally reviewing and copying each Plaintiff's

26  valid Michigan driver's license.

27       12.    All payments under the independent contractor agreements were directed to

28  Michigan banks by direct deposit, not to any California banks.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECL. OF TIMOTHY JOHN ISO MOTION
TO DISMISS FOR LACK OF PERSONAL
JURISDICTION/ Case No. CV-08-1926

- 2 -

23151\1534088.1

13.    Because of the logistics, excessive costs of transporting our equipment and stage shows long distances, and due to strong industry competition, TjohnE has only produced two shows West of the Mississippi River, and neither of those shows were in the State of California.

14.    In fact, neither I nor TjohnE conducts any form of business in California, and none of my companies have sold any products or services there.

15.    Neither I nor TjohnE has applied for or obtained a California business license.

16.    We do not solicit customers, market or directly advertise our business in California.

17.    We have not owned, sold or leased any real or personal property in California.

18.    We do not have any agents, employees or representatives in California.

19.    We do not have a mailing address or telephone listings in California.

20.    We do not have a personal or business bank account in California.

21.    We do not generate any revenue from any business in California.

22.    We do not pay any taxes in California.

23.    We have not appointed a local agent for service of process in California.

24.    We do not have an office in California.

25.    We have not used the California court system as a litigant.

26.    I have only traveled to California on three occasions in the last 35 years. Two of those trips were family vacations, and the other trip was to attend the "Superman Returns" movie premiere.

27.    Although TjohnE was contacted by telephone in Michigan to supply a wind-tunnel for the "Superman Returns" premiere event, contrary to what the Plaintiffs' allege, we did not supply the tunnel or perform any services for that event. Instead, we subcontracted that project out to a Chicago, Illinois company called Lifted Entertainment, Inc. A copy of that contract is attached as Exhibit C.

28.    Paragraph ten (10) of that contract similarly requires that any disputes between the parties be handled in the Kent County Circuit Court in Grand Rapids, Michigan, and the contract is expressly to be construed in accordance with the laws of the State of Michigan.

29.    All of TjohnE's business records are located in Grand Rapids, Michigan.

30.    All business and employment decisions are made in Grand Rapids, Michigan.

Farella Braun & Martel LLP
235 Montgomery Streets, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECL. OF TIMOTHY JOHN ISO MOTION
TO DISMISS FOR LACK OF PERSONAL
JURISDICTION/ Case No. CV-08-1926

- 3 -

23151\1534088.1

31.    If I was forced to travel to California on several occasions or for a lengthy discovery schedule and trial, it would pose an extreme financial hardship to me, my family and my company as I am the principal salesman, maintain the day-to-day operations of the business, and am head of the company.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed this 18th day of April, 2008 at Grand Rapids, Michigan.

Timothy John

394377.1
395601.1

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECL. OF TIMOTHY JOHN ISO MOTION
TO DISMISS FOR LACK OF PERSONAL        - 4 -        23151\1534088.1

*Casey Troyer, et al. v. Timothy John, et al.*

Case No. CV-08-1926

DECLARATION OF TIMOTHY JOHN IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO
TRANSFER FOR IMPROPER VENUE, OR IN THE ALTERNATIVE,
TO TRANSFER VENUE FOR CONVENIENCE

# EXHIBIT A

## INDEPENDENT CONTRACTOR AGREEMENT – SHOW ASSISTANT

This Independent Contractor Agreement (the "Agreement") is entered into as of August ___, 2005 (the "Effective Date") between TjohnE Productions, Inc./Think Fast Corp, Michigan corporations ("TjohnE"), and _Casey Boyer_ ("Contractor").

### Recitals

A. TjohnE/Think Fast is an entertainment booking agency engaged in the business of representing live performers and musical acts and arranging performance dates for them, including performances in entertainment shows developed by TjohnE/Think Fast for the college and corporate markets.

B. TjohnE/Think Fast desires to retain Contractor to assist with the production and live entertainment services pursuant to the terms of this Agreement for TjohnE/Think Fast Corp's **Think Fast** show.

### Agreement

1. Services. Pursuant to the terms of this Agreement, TjohnE Productions/Think Fast Corp engages Contractor to assist with the live entertainment and production services on behalf of clients scheduled by TjohnE Productions/Think Fast Corp from time to time. In connection with performing services under this Agreement, Contractor will follow the general guidelines attached as Exhibit A, which may be amended from time to time upon notice from TjohnE Productions/Think Fast Corp to Contractor. TjohnE Productions/Think Fast Corp will also separately contract with a producer/host ("Producer") with whom Contractor will cooperate in providing his or her services under this Agreement. Contractor agrees to be reasonably available for performances scheduled pursuant to this Agreement, but nothing contained in this Agreement (a) requires Contractor to be available for a certain number of performances or (b) requires TjohnE Productions/Think Fast Corp to schedule a certain number of performances.

2. Fees and Payment. Subject to any reduction permitted by this Agreement, Think Fast Corp will pay Contractor for his or her services under this Agreement as follows:

   (a) Base Compensation. Think Fast Corp will pay Contractor $550. 500⁰⁰ per completed performance week. Think Fast Corp will pay Contractor such amount on each Monday during the term of this Agreement.

3. Expenses. Except as provided in this section or as otherwise pre-approved in writing by the President of TjohnE Productions/Think Fast Corp,

Contractor shall be liable for all of his or her expenses related to performing services under this Agreement. Regardless of the preceding TjohnE Productions/Think Fast Corp will reimburse Contractor for the following expenses that are properly reflected on an expense report prepared by Contractor and faxed or emailed to TjohnE Productions/Think Fast Corp on or before the first Sunday following the date on which the expense was incurred:

> (a) $75 allowance per night for lodging expenses of both Contractor and Producer on pre-approved tour travel nights;

Contractor must reimburse TjohnE Productions/Think Fast Corp for any expenses incurred by TjohnE Productions/Think Fast Corp on behalf of Contractor other than as provided by this section.

4. <u>Equipment</u>. For the show that Contractor will host and produce pursuant to this Agreement, TjohnE Productions Inc./Think Fast Corp. agrees to lease to Contractor, and Contractor agrees to lease from TjohnE/Think Fast, the vehicle and equipment identified in Exhibit B (the "Equipment") upon the terms and conditions of this agreement.

(a) <u>Rent</u>. Contractor agrees to pay to Think Fast Corp. as rent for the Equipment $50 per week, which contractor authorizes TjohnE Productions/Think Fast Corp. to deduct from Contractor's compensation under <u>Section 2</u> above.

(b) <u>Inspection of Vehicle and Equipment</u>. Contractor acknowledges that he or she has inspected the Equipment and accepts it as being in a good state of repair except as otherwise indicated in writing by Contractor and provided to TjohnE/Think Fast Corp.

(c) <u>Use of Vehicle and Equipment</u>. Contractor shall use the Equipment only for those purposes set out in this Agreement and shall not use any of the Equipment for any other purpose.

(d) <u>Ownership</u>. Title to and ownership of the Equipment shall at all times remain with TjohnE. Contractor shall have no rights to he Equipment except for the right to use the Equipment in accordance with the terms of this Agreement.

(e) <u>Maintenance</u>. Contractor shall be responsible for all necessary maintenance and repairs for the Equipment while on tour.

(f) <u>Inspection</u>. TjohnE Productions Inc./Think Fast Corp. shall have the right to inspect the Equipment at any time during the term of this Agreement.

- 2 -

(g) Alteration. Contractor shall not alter or add or allow any other party to alter or add to the Equipment without the prior written approval of TjohnE. Any alterations or additions to the Equipment that are approved by TjohnE Productions Inc./Think Fast Corp. shall be the property of TjohnE/Think Fast.

(h) Loss Or Damage. Contractor is solely responsible for all loss or damage to Equipment that is not covered by TjohnE/Think Fast's insurance. Contractor specifically authorizes TjohnE Productions Inc./Think Fast Corp. to deduct the amount of such losses or damages from any payments owed by TjohnE Productions Inc./Think Fast Corp. to Contractor.

(i) Surrender. Upon the termination of this Agreement or upon the conclusion of a tour season, Contractor shall immediately return the Equipment to TjohnE Productions Inc./Think Fast Corp. in the same condition as at the start of the Agreement without any allowance for wear or tear. If Contractor fails to deliver the Equipment within 24 hours from the termination of this Agreement or the conclusion of a tour season, TjohnE Productions Inc./Think Fast Corp. shall have the right to enter upon the premises where the Equipment may be and take possession of it at the Contractor's expense.

(j) Fines. Contractor shall at all times keep the Equipment free from all liens and shall promptly pay all fines and tickets received while Contractor is in possession of the Equipment.

(k) Assignment. Contractor may not assign or sublease any of the Equipment or permit anyone other than those persons authorized by TjohnE Productions Inc./Think Fast Corp. to operate the Equipment without TjohnE/Think Fast's prior written consent.

5.  Nonsolicitation and Nondisclosure. Contractor agrees that he will not, directly or indirectly, either for himself or herself or any other person or entity, perform any of the following:

    (a) during the term of this Agreement and for one year following its termination for any reason, contact or solicit, or attempt to contact or solicit, any person that is or was a client of TjohnE Productions/Think Fast Corp during such time for the purpose of selling products or services competitive with those products or services furnished by TjohnE Productions/Think Fast Corp during the term of this Agreement or otherwise interfere with or disrupt TjohnE Productions/Think Fast Corp's relationship with any of such clients;

    (b) during the term of this Agreement and for one year following its termination for any reason, solicit or induce, or attempt to solicit or

- 3 -

induce, any individual who is an employee or independent contractor of TjohnE Productions/Think Fast Corp to terminate his, her, or its business relationship with TjohnE Productions/Think Fast Corp or otherwise interfere with or disrupt TjohnE Productions/Think Fast Corp's relationship with any of its employees or independent contractors; or

(c) at any time, disclose to any person any Confidential Information, other than to another employee or agent of TjohnE Productions/Think Fast Corp having a need to know such information in the ordinary course of business or any other person to whom such disclosure has been authorized by TjohnE Productions/Think Fast Corp. For purposes of this Agreement, "Confidential Information" means all information and materials belonging to, used by, or in the possession of TjohnE Productions/Think Fast Corp relating to its business strategies, pricing, clients, prospective clients, technology, programs, costs, compensation arrangements, marketing plans, developmental plans, computer programs, computer systems, inventions, developments, processes, designs, drawings, and trade secrets of every kind.

(d) Contractor acknowledges and agrees that monetary damages for Contractor's nonperformance or breach of any provision of this Section 4 would be an inadequate remedy and that TjohnE Productions/Think Fast Corp would not have an adequate remedy at law. Accordingly, Contractor agree that, in addition to all other rights and remedies available to the TjohnE Productions/Think Fast Corp to enforce its rights and Contractor's obligations under this Agreement, TjohnE Productions/Think Fast Corp, upon Contractor's nonperformance or breach of any provision of this Section 4, shall, without the necessity of proving irreparable harm or of posting a bond, be entitled to such equitable relief from any court with proper jurisdiction, including, but not limited to, an injunction, a temporary restraining order, or an order for specific performance, as may be necessary to enforce or prevent a violation (whether anticipatory, continuing, or future) of any provision of this Section 4.

6. Term and Termination. The Agreement is effective as of the Effective Date and shall continue until terminated by either party upon notice to the other party.

7. Relationship of Parties. The parties agree that the relationship between them is that of independent contracting parties. Nothing contained in this Agreement nor the course of conduct between the parties will be construed as forming a partnership, an employment relationship, or any other relationship except for that of independent contracting parties. The parties

expressly acknowledge and agree that neither has any authority, whether under this Agreement or otherwise, to bind the other. Neither party shall represent to any third party that their relationship is anything other than that of independent contracting parties. Contractor is solely responsible for all withholding, unemployment, workers' compensation, and all other taxes and payments required in connection with his or her compensation under this Agreement. Because of the independent contractor relationship contemplated by this Agreement, Contractor waives any right he or she may have to participate in any pension or employee welfare plans of TjohnE Productions/Think Fast Corp.

8. <u>Performance of Duties</u>. TjohnE Productions/Think Fast Corp acknowledges that it does not have any right under this Agreement to control or direct the specific details or manner by which Contractor performs services under this Agreement, provided, however, that Contractor shall perform such services in accordance with this Agreement.

9. <u>Nonexclusivity</u>. During the term of this Agreement, Contractor may engage in other employment opportunities (other than those that would violate <u>Section 4</u>).

10. <u>Indemnification</u>. Contractor shall indemnify TjohnE Productions/Think Fast Corp for costs, claims, fines, tickets, actions, suits, proceedings, expenses, damages, and liabilities arising from Contractor's performance of services under this Agreement.

11. <u>Reductions</u>. In addition to any other remedies that TjohnE Productions/Think Fast Corp may have, TjohnE Productions/Think Fast Corp may reduce Contractor's compensation under this Agreement as provided below:

    (a) $25 for each show not advanced.

    (b) $100 for each instance of the following:

        (i)     failure to meet all production standards;

        (ii)    failure to provide required notices; or

        (iii)   unapproved late start of a performance.

    (c) $1,000 for each unapproved cancellation of a performance by Contractor.

- 5 -

12. Right of Offset.    Contractor    specifically    authorizes    TjohnE
    Productions/Think Fast Corp to deduct any amounts due to TjohnE
    Productions/Think Fast Corp from Contractor as provided by this
    Agreement from any payments owed to Contractor under this Agreement.

13. Notices.  Any notice required or permitted to be given under this Agreement
    shall be made immediately by telephone call, email, facsimile or voicemail
    message.

14. Governing Law.  This Agreement shall be governed and construed by the
    laws of the state of Michigan.

15. Complete Agreement; Modification. This Agreement contains the complete
    understanding between the parties regarding its subject matter and
    supersedes all prior agreements and understandings, whether oral or
    written, concerning such subject matter.  The Agreement can be amended
    only by a written instrument executed by each party.

16. Waiver.  The failure of either party to insist upon the strict adherence of any
    term of this Agreement shall not be considered a waiver of that term. No
    waiver of any term of this Agreement shall be valid unless in writing and
    signed by the party giving the waiver.

17. Severability.   Each provision of this Agreement shall be deemed to be
    severable from all other provisions of the Agreement.  Except as otherwise
    provided by this Agreement, if one or more of the provisions of the
    Agreement shall be declared invalid or unenforceable by a court with
    competent jurisdiction, the remaining provisions of the Agreement shall
    remain in full force and effect, and this Agreement shall be construed as if
    such invalid or unenforceable provision were omitted.

18. Assignment.  Contractor may not assign this Agreement or any of his or her
    rights, duties, or obligations under this Agreement to any other party
    without TjohnE Productions/Think Fast Corp's prior written consent.  Any
    assignment in violation of this paragraph is void.

- 6 -

TJOHNE PRODUCTIONS/THINK FAST
CORP PRODUCTIONS/THINK FAST
CORP

By _____

      Timothy T. John, President

CONTRACTOR

_____

Printed
Name: _Casey Wyatt Troyer_

Address: _5835 4 mile Rd_

City,                                    State,
Zip: _Ada, MI        49301_

Cellular Phone #:_____

## EXHIBIT A

### General Guidelines for TjohnE Productions/Think Fast Corp Production

Production.    Contractor will assist Producer to ensure that each show produced by Contractor meets or exceeds **TjohnE Productions/Think Fast Corp**'s production standards and will take all actions reasonably necessary to do so, including but not limited to the following:

- Maintain a friendly, cordial, personable and helpful attitude when interacting with clients and audiences;

- Allow sufficient time prior to and between performances for set-up, tear down, travel, etc.

- Perform a professional sound check prior to each performance;

- Ensure that the equipment and props are set-up in accordance with **TjohnE Productions/Think Fast Corp**'s set design specifications or notify **TjohnE Productions/Think Fast Corp** prior to any performance in which the client contact will not allow such specifications to be met;

- Maintain a clean and professional appearance for each production;

- Use performance costume only for performances and not for set-up, tear down, traveling, etc.;

- Coordinate lodging and travel arrangements with Assistant.

Ethical and Safety Standards.  Contractor shall observe the highest business, personal, and professional ethical and safety standards in performing his or her services under the Agreement.  In particular, Contractor will strictly adhere to all of the following ethical and safety standards of **TjohnE Productions/Think Fast Corp**:

- Obey all applicable laws and regulations in the performance of services under the Agreement;

- Strictly follow all standards of conduct, rules, or instructions provided by the corporate or college contact for each performance;

- Refrain from the use of illegal drugs or alcohol at all times while providing services under the Agreement;

- Follow all manufacturer's recommendations for the use and operation of the vehicle and equipment;

- Refrain from the use of any vulgar or offensive language or actions in performing services under the Agreement;

- Exclude all family and friends of Contractor from each performance, unless prior written approval of their presence is obtained from **TjohnE Productions/Think Fast Corp**;

- Refrain from fraternizing in any way with any audience members and any staff of **TjohnE Productions/Think Fast Corp** clients other than professional relationships necessary for providing services under the Agreement.

- Refrain from providing any assistance to any audience participant in any competitive aspect of the performance that provides or appears to provide an advantage to such participant.

<u>Equipment</u>.  Contractor will maintain, secure, transport, set-up, tear-down and do all other things reasonably necessary to ensure that the equipment necessary for each performance is available and in working condition.

<u>Communications</u>. Contractor will make himself or herself reasonably available to **TjohnE Productions/Think Fast Corp** by cellular telephone.

<u>Weekly Reports</u>.      Contractor shall complete and submit to **TjohnE Productions/Think Fast Corp** each Sunday a report of his or her activities and expenses in the prior week in the form and manner prescribed by **TjohnE Productions/Think Fast Corp** from time to time.

11211 (001) 278302.01

*Casey Troyer, et al. v. Timothy John, et al.*

Case No. CV-08-1926


DECLARATION OF TIMOTHY JOHN IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO
TRANSFER FOR IMPROPER VENUE, OR IN THE ALTERNATIVE,
TO TRANSFER VENUE FOR CONVENIENCE


# EXHIBIT B



## Independent Contractor Contract

I, _LUKE SCHMIDT_ , do hereby agree that I am an independent contractor for TjohnE Production, Inc. As such, TjohnE Production, Inc., will not be responsible for any benefits (health, dental insurance, workman's compensation) to me. I will be responsible for paying all applicable taxes (federal, state, city, FICA).

Any disputes between _LUKE SCHMIDT_ and TjohnE Production, Inc., will be handled in Kent County Circuit Court, Grand Rapids, Michigan.

_____        8-19-04
Independent Contractor                 Date

_____        _____
Timothy F. John                        Date

_____        8/19/04
Witness                                Date



# NON-DISCLOSURE AGREEMENT

As a condition of employment with TjohnE Productions, Inc. (the company), undersign agrees to enter into this Non-Disclosure.

In consideration of the company providing me with confidential information related to the operation of the company and its sales of entertainment, I understand and agree:

1. As used in this agreement, "Confidential Information" shall mean all information concerning the company which is not generally available to or known by the general public, including but not limited to information concerning the company's customers, suppliers, products, equipment, processes, methods, research, development, improvements or inventions, purchasing, accounting and marketing, customer lists, supplies lists, financial information, cost and pricing information, personnel information, designs, specifications, drawings, sketches, prints, or other data concerning products, equipment, or methods of manufacturing, whether set forth in any document or conveyed orally by an owner, director, employee, agent, or other representative of the company.

2. To indemnify the company and hold it harmless from any loss, charge, or expense (including but not limited to reasonable attorneys fees) which the company sustains as the result of any dissemination, disclosure, or use of the Confidential Information which is not in accordance with the terms and conditions of this agreement, or which arises from any breach by me of this agreement.

3. Not to disclose any information regarding these businesses to any other person who has not also signed and dated this agreement, except to my attorney or CPA, in which case, I agree to obtain their agreement to maintain such confidentiality to further not copy or otherwise reproduce confidential information with or without the prior express written permission of the company.

4. The undersigned acknowledges that wrongful disclosure of confidential information or breach of this agreement will likely result in serious immediate irreparable damages to seller that may be difficult to measure with perfect precision. As such in the event of breach of this agreement by the undersigned, the undersigned agrees to pay to the company the sum of $ 0.25 as liquidated damages or the actual damages incurred, whichever is greater. In addition, in the event of breach of this agreement by the undersigned or their agents, the undersigned will pay all costs, expenses, and actual attorney fees incurred by the company in the enforcement hereof.

It is acknowledged I have been advised to review this agreement with legal counsel prior to signing.

Please sign below, print your name beneath your signature and provide your address and phone number.

Date: 8-19-04

Witness: 8/19/04

Name: LUKE C SCHMIDT

Address: 837 TIERRA ST SE

City, State, Zip Code: KENTWOOD MI 49508

Phone: 616 6834591

Social Security Number: 367922334

Driver's License Number: S 530 560 103 775

Date of Birth: 10-8-87

Signature: W C SOA

*Casey Troyer, et al. v. Timothy John, et al.*

Case No. CV-08-1926

DECLARATION OF TIMOTHY JOHN IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO
TRANSFER FOR IMPROPER VENUE, OR IN THE ALTERNATIVE,
TO TRANSFER VENUE FOR CONVENIENCE

# EXHIBIT C

Jun 13 2006 21:21    TJOHNE PRODUCTIONS INC.    6162855910    P.2

FEIN #30-0725124

# TjohnE

**ENTERTAINER'S
CONTRACT**
*Entertainer copy*

This Entertainer Contract # 4845 ("Contract") is made on this 2nd day of June 2006, between TjohnE Productions, Inc. and Lifted Entertainment who agrees as follows:

1.  Performance: Entertainer will provide high quality professional entertainment services as described in this Section.

    Client:  Tim John

    Act:  X-Treme Air

    Booking Agent:  Tim John

    Show Date(s):  Wednesday - 9/21/2006

    Show Time(s):  9:30pm - 12:30am          Performance Location:
                                              MacArthur Field, 11301 Wilshire Boulevard, Los
    Report Time(s):  Tuesday                  Angeles, CA 90073

    Compensation:  $5,000.00                  Client Contact Information:
                   Lodging Inclusive          Tim John
                                              616 901 9916

Special Instructions: Special contract price, not applicable for future bookings.

2.   Collection: TjohnE will collect the Gross Act Fee from Client prior to the first Show Time and forward it to Entertainer in a commercially reasonable manner.

3.   Entertainer Compensation: Upon receipt of the Gross Act Fee, TjohnE will issue a check to Entertainer for the Compensation, reduced by Entertainer's proportional share (50%) of any taxes, offsets or other reductions Client may make to the Gross Act Fee.

4.   Agency: For five years from the date of this Contract, TjohnE will be Entertainer's exclusive booking agent for the Act in relation to this client and contract and Entertainer will direct all return engagement requests and all other inquiries about the Act to TjohnE. Entertainer appoints TjohnE as its lawful agent and attorney-in-fact for the limited purpose of executing any documents on behalf of Entertainer consistent with the terms of this Contract. TjohnE shall have no liability to Entertainer or any third party for actions taken on behalf of Entertainer pursuant to this Section.

5.   Independent Contractor: Entertainer is an independent contractor with the lawful authority to enter into this Contract and is solely responsible for all withholding, unemployment, workers' compensation, and all other taxes and payments required in connection with the Compensation. Entertainer will indemnify and hold TjohnE harmless from any costs or liabilities arising from or related to Entertainer's breach of this Section. This Section shall survive the termination of this Contract.

6.   Insurance / Liability: Entertainer will maintain insurance coverage acceptable to Client and TjohnE. Entertainer assumes and will indemnify and hold TjohnE harmless from ALL liability and responsibility for Entertainer's acts and omissions and for any claims, damages, losses or fines arising from them, except for Acts of God.

7.   Promotional Materials: In connection with the Act, Entertainer will distribute only materials approved or provided by TjohnE.

8.   Non-competition: During the term of this Contract and for five years after its termination, Entertainer and its principals will not, directly or indirectly, provide services competitive with TjohnE for or on behalf of this contract and any related business to the contract within the United States or otherwise interfere with or disrupt TjohnE's relationship with any of its clients. The term of the agreement shall be five years with automatic renewal for successive one year periods. This Section shall survive the termination of this Contract.

9.   Remedies: Entertainer and its principals acknowledge and agree that any breach of Section 4 or 8 of this Contract shall entitle TjohnE, in addition to all other available rights and remedies, to liquidated damages equal to the gross profits attributable to such breach plus any equitable relief available from any court with proper jurisdiction, as may be reasonably necessary to prevent a violation of or enforce these Sections.

10.  Miscellaneous: This Contract constitutes the complete agreement between the parties regarding its subject matter and shall not be modified or assigned except by a written instrument signed by the parties. This Contract shall be construed in accordance with the laws of the State of Michigan. Unless stipulated to the contrary in writing, all disputes arising out of this Contract, wherever derived, shall be resolved in the courts located in Kent County, Michigan.

✱ 11. SEE BELOW!

ENTERTAINER                                   TJOHNE PRODUCTIONS, INC.

By:                                           By: Tim John
for:                                          re: President

11. TJOHNE IS AWARE THAT LIFTED ENTERTAINMENT IS NOT PROVIDING ANY
ITEM OF INSURANCE FOR THIS EVENT FURTHERMORE T-JOHNE IS RESPONSIBLE
FOR AQUIRING ANY AND ALL INSURANCE POLICIES NEEDED TO
PERFORM SAID EVENT LIABILITY FOR THE WIND TUNNEL DURING
_____ _____ _____ BE COVERED BY TJOHNE'S BLANKET POLICY WITH _____

FROM : DNIC BRKG CO                           FAX NO. : 847 251 5388                Jun. 14 2006 05:03PM P1