MARK L. WEBB, ESQ. (SBN 067959)
LAW OFFICES OF MARK L. WEBB
214 Grant Avenue, Suite 301
San Francisco, CA 94108
Telephone: (415) 621-4500
Facsimile: (415) 621-4173

ORIGINAL
FILED

JUN 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorney for Plaintiff,
CASEY TROYER, LUKE SCHMIDT, JEFF WARD, AND KEVIN COGER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY TROYER, LUKE SCHMIDT, JEFFERY WARD, AND KEVIN COGER, individuals, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY JOHN, T JOHN E PRODUCTION, INC., and DOES 1 TO 50, inclusive <br><br> Defendants. | Case No.: C 08-01926 MMC <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** <br><br> **Date: June 27, 2008** <br> **Time: 9:00am** <br> **Dept: Courtroom 7** <br> **Judge: Hon. Maxine M. Cheseny** |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The four plaintiffs in this action each were employed for a period of two to five years by defendant T John E, an entertainment and production company headquartered in Grand Rapids, Michigan. Plaintiffs' jobs were to drive trucks and equipment to numerous colleges around the United States, then set up stage presentations at those colleges, host the stage presentations, dismantle the stage equipment, store it back in the designated trucks, and then drive to another location where the same procedure would be followed again. Each plaintiff was in their mid 20s, without extensive job experience when hired by defendant. Each plaintiff travelled interstate as a representative of T John E, as part of his job duties.

PLAINTIFF'S
EXHIBIT
2

1    The complaint alleges *repeated labor law violations* based on defendants' outrageous and

2    repeated demands that each of these young men comply with dangerous and unreasonable

3    schedules, often requiring them to work fifteen to eighteen hour days in succession. One of the

4    plaintiffs, Jeffery Ward, in the course of one of these jobs, had a catastrophic accident, requiring

5    lengthy hospitalization and surgical reattachment of a severed leg. He has been declared by his

6    resident state as permanently disabled from work. This accident occurred after defendant

7    demanded that Mr. Ward work eight consecutive, 15 hour days at approximately six different

8    colleges.

9    These young men were emphatically told by defendant Timothy John, founder, owner and

10   president of T John E, that they were *not* employees but independent contractors. *This was a false*

11   *statement* and the Internal Revenue Service has so declared, after inquiry by one of the four

12   plaintiffs (See IRS Judgment and Declaration of Casey Troyer, Exhibits 1 and 2). Therefore,

13   plaintiffs were denied employee benefits that are basic not only in Michigan but in every state of

14   the Union. These rights include workers compensation benefits, overtime pay, reasonable hours

15   for daily work schedules, paid vacation time, sick leave, unemployment benefits, and humane

16   treatment. Thus, because of John's unilateral decision that these four men were independent

17   contractors, defendants avoided the responsibilities normally required of an employer.

18   T John E is also a booking agent for major well known acts, including a magician named

19   Banachek. Banachek, according to his website, *may only be booked by T John E,* but performs

20   throughout the United States, including California. At least three colleges in California are named

21   as places where he has performed through the booking services of T John E. (See Banachek

22   website Exhibit 3.) T John E's website also offers different apparel that can be purchased and

23   shipped to California. (See Exhibit 4.)

24   T John E and Timothy John have announced to plaintiffs and others that they intend and

25   intended to further penetrate the California college market and even offered plaintiff Troyer in

26   2006, before he quit, a managerial position to be in charge of the California operation. (See

27   Declaration of Casey Troyer, Exhibit 2.)

28   PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

-2-

1     Furthermore, T John E produced and presented a gala premiere event for a major motion

2   picture in Los Angeles, California, "Superman Returns". This motion picture premiere included

3   various entertainment facilities provided by T John E and operated by T John E employees. (See

4   Declaration of Casey Troyer Exhibit 2.)

5     In the headquarters of T John E in Grand Rapids, Michigan is a specific office used for

6   sales representatives who actively pursue business throughout the United States and California.

7   (See Declaration of Casey Troyer and Declaration of Luke Schmidt, Exhibits 2 and 5.) Also,

8   Timothy John has openly expressed his desire to do more movie premiere events in California.

9   Whether he has done so or not is unknown since each of the plaintiffs quit his employ by 2006.

10     While defendants claim that they have a right to have this case dismissed for lack of ties to

11   California, this contention is based on one affidavit, *that of defendant Timothy John*. In this

12   affidavit he admits *none of the facts set forth above*, attempting to disassociate himself from any

13   California activity whatsoever in a completely conclusory manner. Plaintiffs' counsel has

14   requested on several occasions the right to test Mr. John's assertion in a short deposition focusing

15   only on the question of California ties. Defendants and their attorneys have refused, even though it

16   is clear that plaintiffs have a right to explore the question of California contacts beyond what Mr.

17   John alone asserts. (See Declaration of Mark L. Webb, Exhibit 6)

18     Given that Mr. John's previous and repeated assurances to each plaintiff that they were

19   independent contractors turned out to be false, it is respectfully submitted that this Honorable

20   Court, at a minimum allow plaintiffs' counsel the opportunity to depose Mr. John on this subject

21   and continue this hearing unless it is denied outright.

22           **II. STATEMENT OF THE ISSUES TO BE DECIDED**

23   1.   Does this court properly have jurisdiction when defendants' production company

24        continuously and repeatedly does business in California at colleges, through

25        bookings and movie premieres, and where the defendant solicits substantial

26        business in California?

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

-3-

2.      Given the heavy burden on defendant foreign corporations that do extensive interstate business and given plaintiffs' right to the forum of their choosing, should this Honorable Court transfer this case to Michigan to oblige the defendant when to do so would cause plaintiff's great disadvantage?

3.      Given the language of CCP §410.10 granting California courts wide discretion in retaining cases here, and given the legislative intent to protect California residents whenever possible, should this Court keep the case in California?

### III. STATEMENT OF RELEVANT FACTS

Casey Troyer worked for defendant from 2001 through 2006 as a tour and promotion manager. Luke Schmidt worked from defendant 2004 through 2006 as a tour and promotion manager. Kevin Coger worked from 1998 through 2003 as a tour and promotion manager and Jeffrey Ward worked from 1998 through 2002 as a tour and promotion manager. (Compl.¶ 7.) The defendant, T John E, is an entertainment company, headquartered in Grand Rapids, Michigan. Plaintiffs' jobs were to drive trucks and equipments to numerous different colleges around the United States, then set up stage presentations at those colleges, host the stage presentations, dismantle the stage equipment, store it back in the designated trucks, and then drive to another location where the same procedure would be followed again. Each plaintiff was approximately in their mid 20s when hired by defendant without extensive job experience. Each plaintiff travelled, as a representative of T John E, interstate as part of their job duties. The complaint alleges repeated labor law violations based on defendants outrageous demands such as requiring them to work unsafe, illegal and immoral hours to comply with defendant's demands for scheduling shows. (Compl. ¶ 6.) One of the plaintiffs, Jeffery Ward, in the course of one of these jobs had a catastrophic accident, required lengthy hospitalization and surgical reattachment of a severed leg. He has been declared permanently disabled by is resident state. Defendant Timothy called Mr. Ward's mother the first night of Mr. Ward's hospitalization to inform her that his company was not responsible for the hospital bills because he claimed Mr. Ward to be an independent contractor. (See Declaration of Mark L. Webb, Exhibit 6.)

PLAINTIFF'S OPPOSTION TO DEFENDANT'S MOTION TO DISMISS

-4-

1      On or about January 16, 2008 the Internal Revenue Service, after completing its

2  investigation of defendant, declared that Casey Troyer, and by inference each other plaintiffs

3  named herein was not an independent contractor and was in fact an employee entitled to all

4  benefits in consideration of an employee at the time that he worked for defendant. (Compl. ¶ 10.)

5  As such, he was denied employee benefits that are basic to the rights of employees not only in

6  Michigan but in every state of the Union. These rights include workers compensation benefits,

7  overtime, reasonable hours for daily work schedules, and essentially to be treated humanly. To

8  ensure maximum profits defendants hires young men as "independent contractors" to drive a

9  truck, set-up and dismantle university shows and travel to the next location.  Multiple stage

10  productions are often booked within a single day and generally are in different states.  To further

11  enhance profitability, defendants fraudulently and falsely classified the tour and promotion

12  managers as independent contractors to avoid compliance with federal and state labor laws.

13  (Compl. ¶ 24.) T John E is also a booking agent for major well known acts including a magician

14  named Banachek. Banachek, according to his website, may only be booked by T John E, but

15  performs throughout the United States including California. At least three colleges in California

16  are names as places where he has performed presumably through the booking services of T John

17  E. (See Banachek website, Exhibit 3.)

18      T John E and Timothy John have announced to plaintiffs and others that they intend and

19  intended to furthermore penetrate the California college market and even offered plaintiff Troyer

20  in 2006, before he quit, a managerial position to be in charged of the California operation. (See

21  Declaration of Casey Troyer, Exhibit 2.) Furthermore, T John E produced and presented a gala

22  premiere event for a major motion picture in Los Angeles, California, "Superman Returns". This

23  motion picture premiere included various entertainment devices provided by T John E and

24  presented by T John E employees. (See Declaration of Casey Troyer Exhibit 2.)

25      The headquarters of T John E in Grand Rapids, Michigan is a specific office earmarked for

26  sales representatives who are actively pursuing business throughout the United States and

27  California. (See Declaration of Casey Troyer and Declaration of Luke Schmidt, Exhibit 2 and 5.)

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Finally, Timothy John has openly expressed his desire to do more movie premiere events in California whether he has done so or not is unknown since each of the plaintiffs quit his employment in 2006.

## IV. ARGUMENT

### A. The defendant production company has more than adequate ties with the state of California to justify California jurisdiction under *International Shoe*.

In *International Shoe,* the pivotal case on the subject, the United States Supreme court laid out what constituted sufficient ties to sue a foreign corporation in another state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310. There, the appellant was a Delaware corporation, sued in Washington, having its principal place of business in St. Louis, Missouri. The appellant was engaged in the manufacture and sale of shoes and other footwear. *Id.* It maintained places of business in several states, other than Washington, at which its manufacturing was performed and from which its merchandise was distributed interstate. *Id.* Appellant employed salesmen to work in Washington under direct supervision and control of sales managers located in St. Louis. *Id.* The United States Supreme court affirmed the Washington State Supreme Court's holding that the regular and systematic solicitation of orders in the state by appellant's salesmen, resulting in a continuous flow of appellant's product into the state, was sufficient to constitute doing business in the state so as to make appellant amenable to suit in its courts. *Id.*

As set forth above in the introduction and relevant facts, defendants herein subjected themselves to California jurisdiction willingly and knowingly. Indeed, they have done business for profit in this state repeatedly. (See Declarations of Casey Troyer, Luke Schmidt, and Banachek website, Exhibits 1, 2, 5)  "If a foreign corporation *purposefully avails itself of the benefits of an economic market in the forum state,* it may subject itself to the state's in personam jurisdiction even if it has no physical presence in the state." *Southeastern Express Sys. v. S. Guar. Ins. Co.,* 34 Cal. App. 4th 1, 7 (emphasis added). Therefore, defendants may not avail themselves of the profits

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

and business opportunities derived from commercial dealing in this state while avoiding

jurisdiction.

### B.  Plaintiffs have the right to choose their forum as long as they do so reasonably.

Plaintiff Casey Troyer lives in San Francisco and another plaintiff, Kevin Coger, lives in

Southern California. The remaining two plaintiffs have chosen the same San Francisco attorney to

represent them in their case. Unlike defendant, the plaintiffs are not wealthy corporations, but

individuals. The law has long recognized that a plaintiff has a right to choose his forum to resolve

a legitimate conflict. This Court should honor that right, unless to do so would be patently unfair

and unreasonable. Furthermore, once "minimum contacts" have been established, the interests of

the plaintiff and the forum often justify "even serious burdens" imposed upon a nonresident

defendant subjected to personal jurisdiction. *Southeastern Express Sys. v. S. Guar. Ins. Co.,* 34

Cal. App. 4th 1, 11 (emphasis added).

It is submitted that, while it would certainly be more convenient for defendant Timothy

John to litigate this case in Grand Rapids, Michigan undoubtedly that is not the only factor this

Court need consider; indeed, the law is to the contrary.

### C.  California courts have a statutory right under the long arm statute to exercise jurisdiction on any basis not inconsistent with the Constitution.

In deciding whether or not personal jurisdiction may be conferred over a nonresident

defendant, the Honorable Court can appropriately apply the California long arm statute. See Code

of Civil Procedure section 410.10 and *Titus v. Superior Court,* 23 Cal. App. 3d 792.

California Code of Civil Procedure provides that: "A court of this state may exercise

jurisdiction on any basis not inconsistent with the Constitution of this state or of the United

States." The recognized bases of jurisdiction are *any of  the following*: "(a) presence; (b) domicil;

(c) residence; (d) nationality or citizenship; (e) consent; (f) appearance in an action; (g) *doing*

*business in the state;* (h) an act done in the state; (i) causing an effect in the state by an act done

elsewhere; (j) ownership, use or possession of a thing in the state; (k) other relationships to the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

state which make the exercise of judicial jurisdiction reasonable." *Titus v. Superior Court,* 23 Cal. App. 3d 792, 799. (emphasis added)

**D.    Plaintiffs more than have established a primia facie case for the taking of a deposition.**

The defendant has asserted that the plaintiff is not entitled to discovery without making a prima facie showing of personal jurisdiction. *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F. 3d 934, 946 (7th Cir. 200); *United States v. Swiss American Bank, Ltd.,* 274 F. 3d 610, 625 ( 1st Cir. 2001).  Plaintiffs' counsel sent a letter to defendant's counsel outlining the prima facie case in this regard and asking for a deposition from the defendant to explore the single issue of California ties. Plaintiffs' counsel even agreed to travel to Michigan for such deposition, explaining that this would be helpful to this Honorable court in deciding the pending motion to dismiss. (See Declaration of Mark L. Webb, Exhibit 6.)  Should this court be unsure of whether or not to retain the case in California, it should at a minimum continue this motion until after the deposition is ordered and taken. The deposition to determine ties to California would include the testimony of the defendant and documents as follows:

(1) Telephone and toll records limited to California from cell phone, home line, and business line;

 (2) All documents reflecting Banachek bookings; invoice, bills, costs, name of employees, and location of employees;

(3) Any and all letters or correspondence to and from Association for the Promotion of Campus Activities (APCA) and the National Association for Campus Activities (NACA) regarding college, high school, higher education institutions in which the defendant attempted to solicit stage presentation in California.

## V. CONCLUSION

It is respectfully submitted that defendant, a corporation doing business in California and all over the United States as a booking agent and entertainment company is subject to California jurisdiction. It also is respectfully submitted that plaintiffs' right to choose a forum to litigate their

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1   claim supersedes defendants' protest that doing so would be inconvenient to travel to California.

2   This is especially so since defendant travels extensively whether for business or pleasure, as a

3   wealthy owner of a large corporation.

4         Further, California's long arm statute gives this court absolute authority to hold defendant

5   to answer to plaintiffs' claims here unless to do so would violate the Constitution.

6         This statute was enacted to protect residents of California for acts of wrongdoing, since the

7   legislature has decided that to do so is in the state's best interest. The fact that defendant John has

8   submitted a conclusory and potentially false affidavit as to his ties in California should not be

9   binding on this Court or on the plaintiffs without a deposition to test Mr. Johns knowledge on the

10  subject.

11  DATED: June 6, 2008                    LAW OFFICES OF MARK L. WEBB

12

13

14                                  By:    _____
                                           Mark L. Webb, Esq.
15

16

17

18

19

20

21

22

23

24

25

26

27

28
         PLAINTIFF'S OPPOSTION TO DEFENDANT'S MOTION TO DISMISS

Casey Troyer v. T John E Production
Case No.: C 08-01926

## **PROOF OF SERVICE**

I, the undersigned, declare as follows:

    I am employed in the County of San Francisco, State of California.  I am over the age of eighteen (18) and am not a party to this action.  My business address is 214 Grant Avenue, Suite 301, San Francisco, California 94108, in said County and State.

    On **June 10, 2008** caused to be served the following documents:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
**DECLARATION OF CASEY TROYER**
**DECLARATION OF LUKE SCHMIDT**
**DECLARATION OF MARK L. WEBB**

    on the parties in this action as follows:

Ms. Ruth Ann Castro, Esq
Mr. Robert Holtzapple, Esq.
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
**Telephone: (415) 954-4400**
**Facsimile: (415) 954-4480**

Attorneys for Casey Troyer

<u>X</u>    [BY MAIL] I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail in San Francisco, California.  I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

<u>X</u>    [BY PERSONAL SERVICE] The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

    [VIA FACSIMILE] I caused to be transmitted the above-named documents at approximately <u>1:30p.m.</u> via facsimile number 415-621-4173.  The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  The transmission report was properly issued by the transmitting facsimile machine, a copy of which is attached pursuant to Rule 2009(I)(4).

    [VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for deposit with Federal Express for overnight delivery service.  Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **June 10, 2008** in San Francisco, California.

_____
Blanca J. Burke

Internal Revenue Service
SB/SE, Compliance
BIRSC, SS-8 Unit

PLAINTIFF'S
EXHIBIT

Department of the Treasury
40 Lakemont Road
Newport, VT  05855-1555

January 16, 2008

Casey W. Troyer
5835 4 Mile Road N.E.
ADA, MI  49301-9534-354

Form: SS-8

Person to Contact:
Marybeth Torosian 03-00469

Telephone Number: 802-751-4432
Facsimile Number:  802-751-4454/4455

Refer Reply to: Case # 56189

Dear Mr. Troyer:

This is in reply to a request for a determination of your Federal employment tax status with respect to the services you performed for TJohne Productions, Inc. as a tour manager/ promotion manager. .

Research on the matter by this office indicates the employment tax status of tour or promotion managers for TJohne Productions, Inc. was previously addressed by this office.  It was determined that tour or promotion managers are employees for Federal tax purposes.  Since your work relationship with this firm was the same, we also find you to be an employee for this position.

Since you are held to be an employee, the income paid by your employer is considered wages for Federal tax purposes, and you are liable for Federal income tax and your share of Federal Insurance Contributions Act (FICA) tax on the income in question. Normally an employer collects taxes from you and remits the taxes to the Government, which did not occur in this case.  Regardless of whether it is the employer or the Government who collects it from you, you are ultimately liable for these taxes.  As a result of the change to your employment status, you may be due a refund, you may reduce your tax liability, or you may owe additional tax

For the 2006 tax year you originally received Form 1099-MISC from the firm and included this income on Schedule C, *Profit or Loss from Business* and Schedule SE, *Self Employment Tax*, computing the applicable tax.  Schedule C can no longer be used since wages earned by an employee should be reported on line 7 of Form 1040. This means that you cannot deduct unreimbursed business expenses on Schedule C, but must deduct them, if at all, as miscellaneous itemized deductions on Schedule A, *Itemized Deductions*, subject to the 2% limitation of Code section 67 (see Publication 529, *Miscellaneous Deductions* to determine which expenses can be claimed on

MARK L. WEBB, ESQ. (SBN 067959)
LAW OFFICES OF MARK L. WEBB
214 Grant Avenue, Suite 301
San Francisco, CA 94108
Telephone: (415) 621-4500
Facsimile: (415) 621-4173

Attorney for Plaintiff,
CASEY TROYER, LUKE SCHMIDT, JEFF WARD, AND KEVIN COGER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CASEY TROYER, LUKE SCHMIDT, JEFFERY WARD, AND KEVIN COGER, individuals,<br><br>        Plaintiff,<br><br>        v.<br><br>TIMOTHY JOHN, T JOHN E PRODUCTION, INC., and DOES 1 TO 50, inclusive<br><br>        Defendants. | Case No.: C 08-01926 MMC<br><br>**DECLARATION OF CASEY TROYER** |

I, Casey Troyer, declare:

1. I am a resident of San Francisco, *California* and was an employee of Defendant T John E Productions, Inc. (hereinafter T John E).  I worked for T John E from 2001 through 2006 as a tour and promotion manager for five years.

2. I know from personal contacts with the defendant, T John E, that it is a corporation doing business throughout the United States including *California*. I personally have had conversations with other employees of Timothy John who attended the Superman Return movie premier event in Los Angeles, *California* on behalf of T John E. This was a major motion picture gala event that many celebrities and movie stars attended, including the stars of the motion picture itself. Timothy John mentioned to me that he was not only pleased to have this contract, but he intended to do more such movie events in the future. I

-1-

do not know how many he has done since 2006 since I left his employee for the reasons stated in the complaint.

3. In 2006 defendant, Timothy John, specifically offered me a managerial type position to work in *California* on future projects. Timothy John told me that he had every intention of performing and having presentations in many *California* high schools. This conversation took place in 2006. He told me that he intended to be extremely busy with the *California* performances and wanted me to work them for him. Additionally, he asked me to work the Superman Returns event, but due to the low wages he was offering, I refused.

4. Timothy John also insisted that I was an independent contractor of his company. I was denied employee benefits per the complaint and denied fair employment wages. Upon notifying the IRS, the IRS did an investigation and recently confirmed I was an employee all along. (See IRS judgment attached to the complaint.)

5. After I have worked for Timothy John for 1 year. I learned that in his Grand Rapids Michigan offices there was a private booking room. Here employees of Timothy John would use telephones and computers to directly speak with and e-mail every college possible to arrange for bookings of Timothy John shows. Each year that I worked for the defendant I personally witnessed the use of this booking room by Timothy John sales representatives. I learned from direct conversation with Timothy John employees that Timothy John  had various ( territories) including *California* where sales representatives would have semi exclusive authority and financial incentive (commissions) for booking these shows. I personally saw a map of the United States posted on the wall of the booking room, the territories were divided with black felt tip marker, and one territory included the state of *California*. Additionally, I personally heard Timothy John sales representatives talk about productions they intended to put on or had put in the state of *California*.

6. I know from personally working for Timothy John that Banachek is one of Timothy John major performing acts. Banachek performs as mentalist and performs all over United States. Banachek does also performances at various colleges and is booked directly by the defendant. I have reviewed Banachek's website and attach a copy hereto which set forth

*California* and other locations in which Banachek has been booked to work by the office of Timothy John. It sites T John E has his booking agent. Among the colleges he has performed at for T John E are: Cal Polytechnic State, *California* State University, and *California* Lutheran University. I have personally confirmed with Banachek that he attended these events and they were booked through Timothy John. If called to testify as a witness in this case I would attest to the facts stated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: May 30, 2008                    LAW OFFICES OF MARK L. WEBB


                                       By:  _____
                                            Casey Troyer





# Book a Show

If you are a college and want to book Banachek please contact us at:

TjohnE Productions Inc, -- 4540 East Paris Suite 1 -- Kentwood MI. 49512
toll free 877-295-5559
fax 616-285-5918
Or E-mail us @ www.tjohne.com

All other clients, please do the following:

First, decide on the type of show by going to the link below:

## Types Of Shows

Then make sure Banachek is available by clicking below:

## Tour Dates

Once you have done this please call your agent to make 100 percent sure the date has not just been booked or a booked date you want has not cancelled. This will insure the best possible knowledge of whether Banachek is available for your function, do not assume anything without talking to Banachek's office or an agent.

Keep in mind it is usually best that you book Banachek through an agent. The price may in fact be cheaper that way.
Why? Because it is less work for Banachek's main office. The agent will handle contracts and any small details you need to insure your show is a success, details that Banachek is often too busy to take care of himself.

## Colleges

U.C.L.A.
Abraham Baldwin College
Albany Technical Institute
Aquinas College
Augusta State University
Baltimore County Community College
Barry University
Brazoport College
Bucknell University
Cal Polytechnic State University
Carthage College
Centenary College
Chattanooga State College
Chadron State College
California State University @ Pennsylvania
Coastal Georgia Community College
Colorado NW Community College
Davis & Elkins College
Eastern Oregon University
Highpoint University
Kansas Wesleyan University
Lake Michigan College
Louisiana State University
Michigan State University
Ohio State University
S.U.N.Y.
Sam Houston State University
Tulane University
University Of Memphis
Devry
ST. Thomas University



CAL State
S.U.NY. Buffalo
Alvin Community College
Armstrong Atlantic State University
Bainbridge College
Bard College
Bluefield State College
Broome Community College
Cabrini College
California Lutheran University
Catawba College
Central Methodist College
Chattahoochee Tech.
Clarion University
Clemson University
College Of Idaho
Columbia College
Delaware Tech Community College
Florida Atlantic University @ Boca Raton
Johnson & Wales University
Kent School
Laredo C.C.
Miami Dade
Montana State University
Penn State
Salt Lake Community College
Seton Hill College
WVU
University of Illinois
Niagara Community College
Texas A & M

**Banachek performs at so many colleges we can't list them all, so here are a few.**

To Book a show contact us at:

TjohnE Productions Inc, -- 4540 East Paris Suite 1 -- Kentwood MI. 49512
toll free 877-295-5559
fax 616-285-5918
Or E-mail us @ www.tjohne.com

## Tour Dates

Subject to change without notice.
Not all dates are posted, please call to make sure.

2008

| | |
|---|---|
| Jan - Feb | Criss Angel Mindfreak |
| Jan 16 | Miami Dade, Florida |
| | Feb |
| Feb 12 | University of West Georgia, Carrollton, GA |
| Feb 28 | Magic Island, Houston, TX |
| Feb 29 | Magic Island, Houston, TX |
| | March |
| March 1 | Magic Island, Houston, TX |
| March 6 | Magic Island, Houston, TX |
| March 7 | Magic Island, Houston, TX |
| March 8 | Magic Island, Houston, TX |
| March 12-16 | APCA Atlanta, GA |
| March 16-20 | Los Angeles, CA |
| March 29 | Corporate, Phoenix, AZ |
| | April |
| April 25 | Radford University, VA |
| | May |

PLAINTIFF'S
EXHIBIT
4

TjohnE **COLLEGE**

Booking & Production

| home | news | events | tour specials | orientation | awareness | testimonials | media | family | contact |

# Custom Apparel

   

TAURUS

WANTED
DEAD OR ALIVE
$50,000 REWARD

Overview    Rider    Request a Date

## TjohnE Custom Apparel

Make your event last a lifetime with TjohnE's Custom Apparel! A fun, take-something-with-you show like none other, TjohnE's Custom Apparel is the perfect event for any celebration. We can accommodate audiences of any size because the custom software and unique application process we utilize transfers the design to the garment and dries instantly. With no drying time at all, it takes just over a minute per person and each participant walks away with their very own customized garment as it comes off the press! The quality of any garment we provide is guaranteed, as these are not cheap giveaways that people will end up using to dust their TV! For an added fee, we offer to brand the pre-selected garments with your school's logo or event message!

A very unique feature of this event is that we supply a viewing monitor for each participant so that they may see the image that will be printed on the garment. Depending on how much traffic is expected for the event, you may choose to allow your participants to take their own photos with a wireless remote control that we provide!

### Unique Features:

- No Drying Time
- Various Garment Options
- Fast Paced Event
- Viewing Monitor

### Popular Garments:

- T Shirts
- Pillowcases
- Blankets
- Mouse Pads
- Shorts
- And much more!





1   MARK L. WEBB, ESQ. (SBN 067959)
    LAW OFFICES OF MARK L. WEBB
2   214 Grant Avenue, Suite 301
    San Francisco, CA 94108
3   Telephone: (415) 621-4500
    Facsimile: (415) 621-4173
4

5   Attorney for Plaintiff,
    CASEY TROYER, LUKE SCHMIDT, JEFF WARD, AND KEVIN COGER

6                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                     CITY AND COUNTY OF SAN FRANCISCO

8

9   CASEY TROYER, LUKE SCHMIDT,          Case No.: C 08-01926 MMC
    JEFFERY WARD, AND KEVIN COGER,
10  individuals,                          **DECLARATION OF LUKE SCHMIDT**

11              Plaintiff,

12                  v.

13  TIMOTHY JOHN, T JOHN E
    PRODUCTION, INC., and DOES 1 TO
14  50, inclusive

15
                Defendants.
16

17       I, Luke Schmidt, declare:

18       1.  I was an employee of T John E during the years of 2004 through 2006.

19       2.  I have worked for T John E, both on the road and around the office. In my

20  experience around the office, there had been conversations regarding their client

21  base and how many states they have performed in. It was an understanding that

22  they will book events in any continental state, especially if the new clients would

23  pay the right price and repeat business. Also, I have been told by both sales staff

24  and Timothy John that they have done shows in *California*. The reason behind the

25  lack of west coast shows was that T John E could not charge enough to make it

26  worth their while.

27       3. Furthermore, I have seen their territory map in the conference room, which

28  clearly shows one of the sales territories does, in fact, include *California*. There is

no doubt in my mind that they are still seeking bookings in *California*, as their idea is to book weeks of business to make it worth the trip.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: May 30, 2008                              LAW OFFICES OF MARK L. WEBB


                                                By:    _____
                                                       Luke Schmidt

1   MARK L. WEBB, ESQ. (SBN 067959)
    LAW OFFICES OF MARK L. WEBB
2   214 Grant Avenue, Suite 301
    San Francisco, CA 94108
3   Telephone: (415) 621-4500
    Facsimile: (415) 621-4173
4

5   Attorney for Plaintiff,
    CASEY TROYER, LUKE SCHMIDT, JEFF WARD, AND KEVIN COGER

6                    UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9   CASEY TROYER, LUKE SCHMIDT,          Case No.: C 08-01926 MMC
    JEFFERY WARD, AND KEVIN COGER,
10  individuals,                         **DECLARATION OF MARK L. WEBB IN
                                         OPPOSITION TO DEFENDANT'S
11              Plaintiff,               MOTION TO DISMISS**

12              v.

13  TIMOTHY JOHN, T JOHN E
    PRODUCTION, INC., and DOES 1 TO
14  50, inclusive

15
                Defendants.
16

17          I, Mark L. Webb, declare:

18          1. I am the attorney of record for all four plaintiffs of this case. I have been practicing as an

19      attorney in all the courts of this state for over thirty years.

20          2.  I am a former federal prosecutor and was a special attorney in the Department of Justice

21      in Washington, DC in the organized crime and racketeering section of the criminal

22      division. After that I worked as an Assistant United States District Attorney in Northern

23      California and tried numerous federal criminal conspiracy cases. In addition, to

24      successfully trying the first RICO federal and civil case in the history of this district before

25      the Honorable Stanley Wiegel. From this experience, I am familiar with the predicate acts

26      necessary for RICO cases, such as the one before this Honorable court.

27

28  DECLARATION OF MARK L. WEBB IN OPPOSITION OF DEFENDANT'S MOTION TO
    DISMISS
                                         -1-

3.  Since leaving the Department of Justice, I have been a solo practioner with the vast majority of my cases litigated in state court and occasionally in federal court if removed there by defendants, such in this case.

4. After this action was filed, which is based on gross and repeated violations of labor laws by defendants, the case was removed to this court by defense counsel.  I did not protest such removal or object to it. It was thereafter that I was contacted by attorney, Ruth Ann Castro, for defendant. In that conversation we discussed whether this case was properly before this court or should be removed to Michigan, where the defendants wanted it. I assured her that according to information from both my client and own research, that the defendant had adequate ties to California and the case should remain here. These ties included his company hosting and producing a *major film premiere* for the 2006 movie "Superman Returns" starring Kevin Spacey, Kate Bosworth and other well known move stars.

5. Furthermore, defendant T John, had expressed his desire to secure additional business in California and had advertised on the internet and elsewhere to do so, since much of his business of producing entertainment events is from colleges around the United States. Plaintiff, Casey Troyer, has produced a summary of all the colleges and universities where the defendant has produced events for commercial profit. (See Exhibit A.)

6. Pursuant to Ms. Castro request I sent her a letter outlining what I felt was a prima facie case in this regard and asking for a deposition from the defendant to explore the single issue of California ties. *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F. 3d 934, 946 (7th Cir. 200); *United States v. Swiss American Bank, Ltd.,* 274 F. 3d 610, 625 ( 1st Cir. 2001). (See Exhibit B)  I even agreed to her demand to travel to Michigan for such deposition, explaining to Ms. Castro that I believe that this would be helpful to this Honorable court in deciding the pending motion to dismiss. (See Exhibit C.)

DECLARATION OF MARK L. WEBB IN OPPOSTION TO DEFENDANT'S MOTION TO DISMISS

7. It was in the context of these discussions as to whether or not a deposition should take place that on either May 15th or 16th I had a congenial conversation with another attorney in the Farella firm, Robert Holtzapple. Mr. Holtzapple, also a partner whose name appears on the pleadings, explained that he was personally handling the matter during Ms. Castro's vacation and he had full authority to do so. I explained to him that my daughter was about to graduate from Barnard College in New York and I intended to be there for the week of May 18th to celebrate this happy occasion with my family. I requested that the current date of the hearing June 3rd be postponed for a few weeks to further discuss if a deposition would be agreeable to his side. He promised me without qualification that he would see to it that the motion would be continued so that I could, a solo practioner, enjoy this week in New York without concern for filing an opposition.

8. Yesterday, May 27th, upon my return from the office from the New York trip, I attempted to call Mr. Holtzapple to ask which date he wanted this motion to dismiss to be rescheduled to. Mr. Holtzapple, although I was told he was in the office, did not take my call. I left a voicemail and as to the writing of this affidavit have not received a return phone call. Because I could not reach him I called again and spoke to Ms. Castro who informed me that she had no knowledge of Mr. Holtzapple's promise to me and that, as far as she was concerned, our opposition to her motion was late. When I told her the substance of my conversation with her partner, Mr. Holtzapple, in her absence, she told me she had no knowledge of that conversation and was not willing to reschedule the motion. I memorialize this conversation with Ms. Castro in a letter which is attached as Exhibit D.

DECLARATION OF MARK L. WEBB IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

-3-

9. I believe this conduct is deliberate, unethical, and intended to prejudice plaintiffs' legitimate claim that the case should remain here, by first promising to delay the motion and then failing to take action, as promised, to reschedule. Therefore, I respectfully request defense attorney appear before this Honorable Court and be asked point blank about the conversation referred to herein made. Furthermore, I believe sanctions are appropriate in this matter. I believe as officers of the court, attorneys' promises about extensions and assurances about continuances should be binding.

10. This court's decision as to whether or not the case should remain here or be moved to Michigan directly affects my clients' constitutional right to counsel of their choice, since it is doubtful that I would be able to remain their attorney should the court move this case to Michigan.

11. I regret this affidavit and exhibits are being presented in a less than perfect manner but I have no choice to go forward the best I can in light of these defense tactics. I apologize to this Court for the slight tardiness of this response, but I believe and I hope that the Court will understand the circumstance that underlie this tardiness, since I believe I was completely justified to rely on the promises made by counsel that this motion would not be heard for at least two weeks.

12. I respectfully request that both defense counsel appear before this Court at the hearing and either affirm or deny that a continuance was guaranteed by Mr. Holtzapple.

13. I believe that the contents of the letters attached hereto present substantial evidence that defendants have done, are doing, and intend to do business in

DECLARATION OF MARK L. WEBB IN OPPOSTION TO DEFENDANT'S MOTION TO DISMISS

-4-

California. I request a short evidentiary hearing be granted so that my client Casey Troyer may be sworn to testify to the facts set forth in the recent summary also in my letters to defense counsel. I apologize that the time dictates did not allow me to put these facts in affidavit form, but trust that this Honorable Court will understand that the circumstances of this case require me to take action immediately and urgently. I intend to file formal affidavits for this court to consider within the next few days so that the court will have them before it at the time of the hearing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: May 28, 2008                              LAW OFFICES OF MARK L. WEBB


By: _____
    Mark L. Webb, Esq.

DECLARATION OF MARK L. WEBB IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Casey Troyer v. T John E Production
Case No.: C 08-01926

1

## **PROOF OF SERVICE**

2

I, the undersigned, declare as follows:

3

I am employed in the County of San Francisco, State of California.  I am over the age of eighteen (18) and am not a party to this action.  My business address is 214 Grant Avenue, Suite 301, San Francisco, California 94108, in said County and State.

4

5

On **June 10, 2008** caused to be served the following documents:

6

**OPPOSITION TO DEFENDANT"S MOTION TO DISMISS**

7

**DECLARATION BY MARK L. WEBB IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

8

on the parties in this action as follows:

9

Ms. Ruth Ann Castro, Esq
Mr. Robert Holtzapple, Esq.

10

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor

11

San Francisco, CA 94104
**Telephone: (415) 954-4400**

12

**Facsimile: (415) 954-4480**

13

Attorneys for Casey Troyer

14

X    [BY MAIL] I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail in San Francisco, California.  I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

15

16

17

X    [BY PERSONAL SERVICE] The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

18

19

[VIA FACSIMILE] I caused to be transmitted the above-named documents at approximately 1:30p.m. via facsimile number 415-621-4173.  The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  The transmission report was properly issued by the transmitting facsimile machine, a copy of which is attached pursuant to Rule 2009(I)(4).

20

21

[VIA FEDERAL EXPRESS] I am "readily familiar" with the practice of The Law Offices of Mark L. Webb for collection and processing of correspondence for deposit with Federal Express for overnight delivery service.  Correspondence for collection and processing is either delivered to a courier or driver authorized by Federal Express to receive documents or deposited by an employee or agent of this firm in a box or facility regularly maintained by Federal Express that same day in the ordinary course of business.

22

23

24

25

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **June 10, 2008** in San Francisco, California.

26

27

_____

Blanca J. Burke

28