1   Robert C. Holtzapple (State Bar No. 145954)
        (rholtzapple@fbm.com)
2   Ruth Ann Castro (State Bar No. 209448)
        (rcastro@fbm.com)
3   FARELLA BRAUN & MARTEL LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480

6   Attorneys for Defendants
    TIMOTHY JOHN and T JOHNE PRODUCTIONS,
7   INC.

8   Leslie C. Morant
    (Admitted *Pro Hac Vice*)
9       LesMorant@lwr.com
    LAW, WEATHERS & RICHARDSON, P.C.
10  333 Bridge Street, N.W., Suite 800
    Grand Rapids, MI  49504
11  Telephone: (616) 459-1171

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

16  CASEY TROYER, LUKE SCHMIDT,           Case No. CV-08-1926
    JEFFREY WARD and KEVIN COGER,
17  individuals,                          **DEFENDANTS' MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN
18              Plaintiffs,               OPPOSITION TO PLAINTIFFS' MOTION
                                          TO RECONSIDER DISMISSAL OR TO
19      vs.                               VACATE ORDER OF DISMISSAL**

20  TIMOTHY JOHN, T JOHN E
    PRODUCTION, INC.,                     Date:       July 18, 2008
21                                        Time:       9:00 a.m.
                Defendants.               Dept:       Courtroom 10
22                                        Judge:      Hon. Maxine M. Chesney

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER
DISMISSAL / Case No. CV-08-1926

23151\1622651.1

1

**TABLE OF CONTENTS**

2

Page

3

I.    INTRODUCTION ................................................................................................. 1

4

II.   STATEMENT OF THE ISSUES TO BE DECIDED......................................... 2

5

III.  STATEMENT OF THE RELEVANT FACTS .................................................. 3

6      A.    Defendants Move To Dismiss The Complaint And Give Generous Notice
             Of The Hearing, Allowing Plaintiffs Several Additional Weeks To
7            Respond............................................................................................................. 3

8      B.    Plaintiffs' Counsel Suggests Jurisdictional Discovery But Fails To Follow
             Through As Promised With Sworn Declarations To Support Allegations of
             Personal Jurisdiction. ...................................................................................... 3

9      C.    Plaintiffs' Counsel Departs For Vacation Without Providing Defendants
10           With Either Revised Briefing Schedule Dates Or A Draft Stipulation As
             Defendants Requested...................................................................................... 4

11     D.    Plaintiffs' Disregard For Filing The Stipulation Before Court Issues Its
12           Rulings Vacating The Hearing And Granting Defendants' Motion To
             Dismiss.............................................................................................................. 5

13     E.    Plaintiffs File Their Opposition Brief Despite The Judgment And
             Dismissal Of Their Case, And Their Brief Contains No New, Credible,
14           Specific Or Non-Speculative Evidence That Defendants Actually Did
             Continuous And Systematic Business In The State Of California....................... 6

15

16  IV.   ARGUMENT ....................................................................................................... 8
       A.    Standards Of Review ........................................................................................ 8
17     B.    Plaintiffs' Motion To Vacate Dismissal Under Rule 60(b) Should Be
18           Denied ............................................................................................................... 8

19           1.    Plaintiffs Fail to Establish Mistake, Inadvertence, Surprise or
                   Excusable Neglect Under Rule 60(b)(1).................................................. 8

20           2.    Plaintiffs Present No Newly Discovered Evidence Pursuant To Rule
                   60(b)(2) .................................................................................................... 11

21
22           3.    Plaintiffs Fail To Demonstrate Any Fraud, Misrepresentation Or
                   Misconduct By Defendants As Required By Rule 60(b)(3) ..................... 12

23           4.    Plaintiffs Cannot Establish Any Other Reason That Justifies Relief
                   Under Rule 60(b)(6)................................................................................. 14

24     C.    Plaintiffs' Motion To Reconsider Under Rule 59(e) Should Likewise Be
25           Denied ............................................................................................................... 15

   V.    CONCLUSION ................................................................................................... 16
26

27

28

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER          - i -                    23151\1622651.1
DISMISSAL / Case No. CV-08-1926

1

# TABLE OF AUTHORITIES

2
Page

3

## FEDERAL CASES

4
*Allmerica Finance Life Insurance & Annuity Co. v. Llewellyn,*
    139 F.3d 664 (9th Cir. 1997)............................................................. 10, 14, 15

5

*Aulmann v. Aulmann,*
6     25 Fed. Appx. 555, 2001 WL 164860 ............................................................ 12

7
*Bell v. Eastman Kodak Co.,*
    214 F.3d 798 (7th Cir. 2000)............................................................................ 8

8

*Carter v. United States,*
9     973 F.2d 1479 (9th Cir. 1992)......................................................................... 8

10
*Casey v. Albertson's, Inc.,*
    362 F.3d 1254 (9th Cir. 2004).......................................................... 10, 12, 13

11

*Cline v. Hoogland,*
12     518 F.2d 776 (8th Cir. 1975).......................................................................... 10

13
*Delay v. Gordon,*
    475 F.3d 1039 (9th Cir. 2007)................................................................... 14, 15

14

*Dixon v. Commissioner,*
15     316 F.3d 1041 (9th Cir. 2001)......................................................................... 12

16
*England v. Doyle,*
    281 F.2d 304 (9th Cir. 1960)........................................................................... 12

17

*Far Out Products, Inc. v. Oskar,*
18     247 F.3d 986 (9th Cir. 2001)........................................................................... 16

19
*Feature Realty, Inc. v. City of Spokane,*
    331 F.3d 1082 (9th Cir. 2003).......................................................................... 11

20

*Fidelity Federal Bank, FSB v. Durga Ma Corp.,*
21     387 F.3d 1021 (9th Cir. 2004)........................................................................... 9

22
*Hamilton v. Willms,*
    No. 1:02CV64583, 2007 WL 2558615 (E.D. Cal. Sept. 4, 2007) ...................... 8

23

*Klapprott v. United States,*
24     335 U.S. 601 (1949).................................................................................. 14, 15

25
*Latshaw v. Trainer Wortham & Co.,*
    452 F.3d 1097 (9th Cir. 2006)........................................................ 9, 10, 14, 15

26

*Liljeberg v. Health Services Acquisition Corp.,*
27     486 U.S. 847 (1988)........................................................................................ 14

28

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER                    - ii -                    23151\1622651.1
DISMISSAL / Case No. CV-08-1926

**TABLE OF AUTHORITIES**
(continued)

Page

*Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*,
  841 F.2d 918 (9th Cir. 1988).............................................................. 8

*Stevens v. ITT System, Inc.*,
  868 F.2d 1040 (9th Cir. 1989)....................................................... 8, 10

*Turner v. Burlington N. Santa Fe R.R. Co.*,
  338 F.3d 1058 (9th Cir. 2003).......................................................... 16

*United States v. RG&B Contractors, Inc.*,
  21 F.3d 952 (9th Cir. 1994)......................................................... 10, 14

*United States v. State of Washington*,
  98 F.3d 1159 (9th Cir. 1996).......................................................... 15

*Zimmerman v. City of Oakland*,
  255 F.3d 734 (9th Cir. 2001).......................................................... 16

**RULES**

Federal Rules of Civil Procedure
  Rule 11 ................................................................................... 7
  Rule 59(e)............................................................... 2, 8, 12, 15, 16
  Rule 60(b)................................................................... 2, 8, 9, 14
  Rule 60(b)(1).......................................................... 8, 9, 10, 11
  Rule 60(b)(2).............................................................. 11
  Rule 60(b)(3)......................................................... 12, 13, 14
  Rule 60(b)(4).............................................................. 14
  Rule 60(b)(5).............................................................. 14
  Rule 60(b)(6)......................................................... 14, 15

Local Rules of the Northern District of California
  Rule 7-3 .................................................................. 3
  Rule 7-9(a) ......................................................... 2, 16

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER       - iii -       23151\1622651.1
DISMISSAL / Case No. CV-08-1926

1

## I.    **INTRODUCTION**

2

Defendants Timothy John and TjohnE Production, Inc. ("Defendants") respectfully

3

oppose Plaintiffs' Motion To Reconsider Dismissal Or To Vacate this Court's orders of dismissal

4

and final judgment entered on June 5, 2008.

5

Plaintiffs ask this Court to reconsider or vacate its June 5, 2008 judgment dismissing their

6

claims against Defendants for lack of personal jurisdiction because the Court did not consider

7

their Opposition prior to its entry of order of dismissal.  The record demonstrates, however, that

8

Plaintiffs' failure to file a brief in opposition to Defendants' motion to dismiss was caused by

9

their own inexcusable neglect and lack of diligence, not by any alleged misconduct by the

10

Defendants.  Accordingly, this Court should deny Plaintiffs' request to reconsider or vacate its

11

June 5, 2008 Order and Judgment dismissing Plaintiffs' claims against Defendants for lack of

12

personal jurisdiction.

13

Plaintiffs claim that they are entitled to the extraordinary remedy of being relieved from

14

this Court's judgment because Defendants somehow deceived or misled them by agreeing in

15

principle to allow Plaintiffs more time to respond to the motion while also insisting that Plaintiffs

16

first provide a date certain on or before which the opposition brief must be filed and submit a

17

draft stipulation for Defendants' review and approval.  Plaintiffs, however, failed to fulfill both

18

those conditions.  Further, with knowledge that Plaintiffs' opposition brief was due May 23, 2008

19

and that no extension was filed with the Court, Plaintiffs failed to take any action until after this

20

Court granted Defendants' motion and entered a judgment dismissing the case in its entirety.

21

Moreover, even if this Court were to consider their tardily filed opposition brief, there is

22

nothing in Plaintiffs' brief to overturn the Court's previous order granting Defendants' motion to

23

dismiss on personal jurisdiction grounds.  The "new evidence" upon which Plaintiffs rely is

24

irrelevant, false, cumulative of the allegations made in the complaint, or speculative in nature.

25

The submitted evidence was available to Plaintiffs prior to this Court's June 5, 2008 ruling.

26

For these reasons, and for the reasons detailed below, Defendants respectfully request that

27

this Court deny Plaintiffs' motions to reconsider or vacate, and affirm its June 5, 2008 judgment.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER
DISMISSAL / Case No. CV-08-1926

- 1 -

23151\1622651.1

1

## II.  <u>STATEMENT OF THE ISSUES TO BE DECIDED</u>

2

1.     Should this Court grant the extraordinary relief requested by Plaintiffs and vacate

3

its June 5, 2008 order of judgment under Federal Rule of Civil Procedure 60(b):  (a) when

4

Plaintiffs' failure to file its responsive brief prior to the filing deadline was due to their own lack

5

of diligence and inexcusable neglect; (b) when Plaintiffs have failed to proffer any credible new

6

evidence that was not previously available to them prior to June 5, 2008, the evidence presented

7

would not compel this Court to reach a different result in any event, and Plaintiffs' motion does

8

not explain how this evidence could not have been discovered while the action was still pending;

9

(c) when Plaintiffs have failed to prove with clear and convincing evidence that it had a

10

meritorious claim, that this Court's judgment was obtained through fraud or other misconduct, or

11

that the conduct complained of prevented them from fully and fairly presenting their case; and (d)

12

when Plaintiffs have failed to allege or to prove that extraordinary circumstances beyond their

13

control existed which prevented them from taking any action whatsoever to prevent this Court's

14

adverse June 5, 2008 ruling on Defendants' motion to dismiss?

15

2.     Should this Court grant the extraordinary relief requested by reconsidering its June

16

5, 2008 order of judgment under Federal Rule of Civil Procedure 59(e):  (a) when Plaintiffs failed

17

to file their reconsideration motion prior to the entry of final judgment, and did so without first

18

seeking leave to do so from this Court as required under Local Rule 7-9(a); (b) when Plaintiffs

19

have failed to prove that the June 5, 2008 judgment was based upon material and manifest errors

20

of law or fact; (c) when Plaintiffs have failed to demonstrate that the motion is necessary to

21

prevent manifest injustice; (d) when Plaintiffs have failed to demonstrate an intervening change in

22

controlling law; and (e) when Plaintiffs have failed to proffer any credible new evidence that was

23

not previously available to them prior to June 5, 2008, that evidence would not compel this Court

24

to reach a different result in any event, and Plaintiffs fail to explain how this evidence could not

25

have been discovered while the action was still pending?

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER
DISMISSAL / Case No. CV-08-1926                  - 2 -                                    23151\1622651.1

1

### III.   STATEMENT OF THE RELEVANT FACTS

2

**A.    Defendants Move To Dismiss The Complaint And Give Generous Notice Of The Hearing, Allowing Plaintiffs Several Additional Weeks To Respond.**

3

4

The complaint in this matter was originally filed in San Francisco County Superior Court

5

before Defendants removed it to this Court on April 11, 2008 on diversity and federal question

6

grounds.  On April 18, 2008, Defendants filed their motion to dismiss for lack of personal

7

jurisdiction or, in the alternative, to transfer venue and its accompanying memorandum of points

8

and authorities.  Defendants noticed the hearing on their dismissal motion for June 13, 2008,

9

which gave Plaintiffs several additional weeks to prepare and file any opposition to the motion.

10

Pursuant to Local Rule 7-3, Plaintiffs' opposition was due May 23, 2008.

11

**B.    Plaintiffs' Counsel Suggests Jurisdictional Discovery But Fails To Follow Through As Promised With Sworn Declarations To Support Allegations of Personal Jurisdiction.**

12

13

On May 6, 2008, Plaintiffs' counsel faxed a letter to Defendants suggesting that

14

Defendant Timothy John submit to a deposition and respond to written discovery requests

15

regarding Defendants' alleged contacts with California.  (*See* Declaration of Ruth Ann Castro in

16

Opposition to Plaintiffs' Motion to Vacate Order Granting Dismissal; Motion to Reconsider

17

Dismissal ("Castro Decl.") ¶ 3, Ex. A.)  The next day, on May 7, counsel for Defendants, Ms.

18

Castro, responded to Plaintiffs' letter and asked Plaintiffs to demonstrate a colorable basis to

19

conduct jurisdictional discovery given the lack of minimum contacts detailed in Defendants'

20

Motion to Dismiss.  (*See* Castro Decl. ¶ 4, Ex. B.)  Defendants also informed Plaintiffs that in the

21

event Plaintiffs were able to make a sufficient showing, any deposition should take place in

22

Grand Rapids, Michigan, where they reside and conduct business.  (*See id.*)

23

On May 8, 2008, Plaintiffs' counsel responded to Defendants' May 7 letter by reiterating

24

the jurisdictional allegations made in the Complaint and by referring to vague promises allegedly

25

made by Defendants regarding future interest in doing business in California.  (Declaration of

26

Robert C. Holtzapple in Opposition to Plaintiffs' Motion to Vacate Order Granting Dismissal;

27

Motion to Reconsider Dismissal ("Holtzapple Decl.") Ex. A.)  None of the allegations in the May

28

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER                          - 3 -
DISMISSAL / Case No. CV-08-1926

23151\1622651.1

1  8 letter was supported by evidence or was relevant to the issue of showing Defendants' actual

2  business contacts with the State of California.

3      On or about May 14, 2008, Defendants' attorney Bob Holtzapple had a telephone

4  conversation with Plaintiffs' attorney Mark Webb in which the two discussed Plaintiffs' request

5  to conduct discovery regarding Defendants' contacts with California. (Holtzapple Decl. ¶ 3.) Mr.

6  Webb agreed in that call that he would provide sworn affidavits from his clients confirming the

7  factual allegations made in his May 8 letter, noting that the statements "came straight from his

8  clients' mouths" and that he had "no issue" with our asking for confirmation of those statements.

9  (*Id.*) Mr. Webb never provided Defendants with the promised affidavits.

10
11  **C.**    **Plaintiffs' Counsel Departs For Vacation Without Providing Defendants With Either Revised Briefing Schedule Dates Or A Draft Stipulation As Defendants Requested.**

12      On the same May 14, 2008 phone call, Mr. Webb requested Defendants to continue the

13  hearing date to accommodate his personal vacation. (*Id.*) Mr. Holtzapple told Mr. Webb that he

14  would try to accommodate his vacation plans, and proposed to set a briefing and hearing schedule

15  for the Motion. (*Id.*) Since Mr. Webb was not in the office and did not have his calendar with

16  him, Mr. Holtzapple asked Mr. Webb to contact him the next day, Thursday May 15, 2008, so

17  that the parties could discuss a mutually convenient hearing date and briefing schedule. (*Id.*) Mr.

18  Webb, however, did not call Mr. Holtzapple on Thursday, May 15, or any day the following

19  week. (*Id.*)

20      Mr. Webb left for his vacation, without having ever discussed or agreed upon revised

21  hearing and briefing dates for the dismissal motion, much less preparing a stipulation to file with

22  the court to preserve his right to file any opposition after May 23, 2008.

23      On May 27, 2008, after returning from vacation, and after the May 23, 2008 deadline for

24  filing any opposition brief had passed, Mr. Webb contacted Defendants' counsel to resume

25  discussion about dates for the briefing and hearing on Defendants' Motion to Dismiss. (Castro

26  Decl. ¶ 6.) Defendants confirmed that they were still willing to continue the hearing and related

27  dates for the Motion to Dismiss by two weeks, and recommended that Plaintiffs prepare the

28  stipulation and submit it to Defendants for review and approval. (Castro Decl. ¶ 8, Ex. C.) Ms.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER    - 4 -
DISMISSAL / Case No. CV-08-1926

23151\1622651.1

1   Castro also offered that, in the event Plaintiffs still wanted to take jurisdictional discovery, any

2   supporting affidavits should be forwarded to Mr. Les Morant, Defendants' Michigan counsel.

3   (Castro Decl. ¶ 8, Ex. C.)

4        The parties thereafter exchanged letters regarding the extension of the hearing date, and

5   by letter dated May 30, 2008, Mr. Holtzapple reiterated that Defendants were willing to extend

6   the briefing deadlines and hearing on the Motion to Dismiss, asked Mr. Webb to propose a

7   schedule for that motion, and asked him to prepare a draft of the appropriate Stipulation to be

8   filed with the Court.  Later that afternoon, Mr. Webb's assistant faxed a letter confirming his

9   agreement to the proposed rescheduled motion hearing and briefing dates.  (Holtzapple Decl. Exs.

10  B & C.)  Despite Mr. Holtzapple's prescient admonition to Plaintiffs regarding the primacy of

11  getting a stipulation on file with the Court as soon as possible, Plaintiffs failed or refused to

12  prepare or submit a stipulation for either Defendants or the Court's consideration.

13
14  **D.      Plaintiffs' Disregard For Filing The Stipulation Before Court Issues Its Rulings Vacating The Hearing And Granting Defendants' Motion To Dismiss.**

15       Shortly after Defendants received Mr. Webb's fax of May 30, 2008, the Court issued a

16  notice vacating the June 13, 2008 hearing and deeming Defendants' motion to dismiss or transfer

17  submitted on the moving papers.  (*See* Docket No. 13.)  Defendants heard nothing from Plaintiffs

18  the following week, and reasonably concluded that Plaintiffs had either withdrawn or waived

19  their request for jurisdictional discovery and any extension of time needed to conduct it, or had

20  decided not to contest the jurisdictional motion.

21       On June 5, 2008 this Court issued an order granting Defendants' motion, and entered

22  judgment in Defendants favor dismissing Plaintiffs claims without prejudice.  (*See* Docket Nos.

23  14 & 15.)  The next day, on June 6, 2008, Plaintiffs hand-served their Opposition to Defendants'

24  Motion to Dismiss.  The Opposition made no reference to the Court's orders of May 30 and June

25  5, 2008 vacating the June 13, 2008 hearing, granting the Defendants' motion, and entering

26  judgment dismissing the case.

27       Because Defendants were surprised to receive Plaintiffs' Opposition to the Motion to

28  Dismiss, Defendants, through Michigan counsel, notified Mr. Webb of the Court's orders and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER        - 5 -
DISMISSAL / Case No. CV-08-1926                                        23151\1622651.1

1    judgment by fax letter dated June 9, 2008.  (Castro Decl. ¶ 11, Ex. D.)  Counsel also invited Mr.

2    Webb in that letter to bring authority to our attention that would support a request to vacate, but

3    he chose to ignore that invitation and instead filed the instant motion.  (*Id.*)

**E.    Plaintiffs File Their Opposition Brief Despite The Judgment And Dismissal Of Their Case, And Their Brief Contains No New, Credible, Specific Or Non-Speculative Evidence That Defendants Actually Did  Continuous And Systematic Business In The State Of California.**

7    In his June 9, 2008 letter, Mr. Morant also addressed Plaintiffs' allegations of new

8    evidence showing forum contacts relied upon by Plaintiffs in their tardily filed opposition brief.

9    In sum, Plaintiffs' opposition brief, and by extension the present motion, relies largely upon

10    allegations that Defendant TjohnE Productions, Inc. represents a Texas magician called Banachek

11    whom they allege TJohnE booked for multiple shows in the State of California.  As further

12    evidence, Plaintiffs refer to Banachek's website that states that TJohnE is his booking agent for

13    school performances and further displays on a separate page a list of colleges and universities at

14    which he has performed over the years, many of those schools in the State of California.  Plaintiff

15    Troyer swears under oath and penalty of perjury in his declaration supporting the motion that he

16    personally contacted Mr. Banachek and that Mr. Banachek "confirmed" to him that TJohnE has

17    indeed booked him for college and university shows in the State of California.

18    Mr. Banachek, however, denies Plaintiffs' allegations about him and has provided the

19    attached declaration in which he unambiguously states that TjohnE, though his agent for school

20    shows, has never booked him for any work whatsoever in the State of California.  Mr. Banachek

21    explains in his declaration that the California schools listed on his website represent lectures he

22    gave to private groups debunking purported psychics, that they were entirely unrelated to the type

23    of shows he performs for TjohnE, that TjohnE did not book him for any of those shows, and also

24    that most of those lectures took place before he began using TjohnE as his booking agent for

25    school shows.  (Declaration of Steven Shaw in Support of Defendants' Opposition to Plaintiffs'

26    Motion to Vacate Order Granting Dismissal; Motion to Reconsider Dismissal ("Shaw Decl.")

27    ¶¶ 4-8.)  Mr. Banachek's declaration further refutes as untrue Plaintiffs' claims that he was

28

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER                - 6 -
DISMISSAL / Case No. CV-08-1926                                               23151\1622651.1

1  contacted personally by Mr. Troyer and that he "confirmed" to him, or to anyone else, that he has

2  ever been booked for work in the State of California by TjohnE.  (Shaw Decl. ¶¶ 9-11.)[1]

3      Plaintiffs' other "evidence" of Defendants' alleged contacts with the State of California

4  fares similarly.  For example, Plaintiffs' motion conclusorily alleges that Defendants "advertise in

5  the State of California via the internet" and other media, and also that Defendants sell

6  merchandise from their website to California residents, without providing any evidence to support

7  those assertions.  As noted in Defendants' dismissal brief, however, although residents of

8  California can view the TjohnE website (as can residents of China), they cannot book shows or

9  order merchandise because Defendants do not do business in the State of California.  Having a

10  website capable of being viewed in all 50 states is not the same thing as actively advertising in

11  each State.

12      Further, Plaintiffs' opposition and motion also relies upon alleged statements, promises or

13  offers by Defendants demonstrating an intention to do business in California at some point in the

14  future, but does not represent evidence showing that Defendants actually have at the present time,

15  or have had in the past, done continuous and systematic business in the State of California.[2]  And

16  none of the evidence Plaintiffs' cite in their motion or opposition brief shows that Plaintiffs did

17  any work for Defendants in California or did any work relating to the claims raised in their

18  complaint in California.

19

20

21

---

22  [1]  Defendants feel that Plaintiffs knowingly committed perjury by swearing under oath to facts
known to be untrue in their declarations and move this Court for appropriate relief as sanctions

23  under Rule 11, including an assessment of Defendants' substantial fees and costs spent
responding to Plaintiffs' motion, if appropriate.

24
[2]  Plaintiffs' opposition brief and the present motion also seeks to rely on the assertion that two of

25  the Plaintiffs allegedly viewed company sales maps of the United States at some point and that
those maps had a territory that included the State of California in it.  Plaintiffs also allege that

26  they spoke at some undisclosed time and place with unnamed employees of the company who
made unrecorded statements indicating that Defendants did business in California.  Plaintiffs'

27  evidence is impermissibly unspecific, speculative, vague, is contradicted by the sworn testimony
of Defendants, and cannot support their claims of California jurisdiction or for additional

28  discovery on jurisdictional issues.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER          - 7 -
DISMISSAL / Case No. CV-08-1926

23151\1622651.1

1    **IV.    ARGUMENT**

2    **A.    Standards Of Review**

3          Rule 60(b) relief is an extraordinary remedy and is to be granted only upon an adequate

4    showing of the most exceptional circumstances.  *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041

5    n.1 (9th Cir. 1989) (citation omitted).  As a general rule, relief under Rule 60(b) is available only

6    on grounds that could not have been presented in a direct appeal.  *Bell v. Eastman Kodak Co.*, 214

7    F.3d 798, 801 (7th Cir. 2000).  Relief under Rule 60(b) is not available to movants as a matter of

8    right, but rather, rests in the sound discretion of the district court.  *See Carter v. United States*,

9    973 F.2d 1479, 1489 (9th Cir. 1992).

10          Motions for reconsideration are disfavored, and are not the place for parties to make new

11    arguments not raised in their original briefs.  *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*,

12    841 F.2d 918, 925-26 (9th Cir. 1988).  "Nor is reconsideration to be used to ask the court to

13    rethink what it has already thought."  *Hamilton v. Willms*, No. 1:02CV64583, 2007 WL 2558615,

14    at *6 (E.D. Cal. Sept. 4, 2007) (citation omitted).  "To succeed a party must set forth facts or law

15    of a strongly convincing nature to induce the court to reverse its prior decision."  *Hamilton*, 2007

16    WL 2558615, at *6.

17          In the present case, Plaintiffs' motion to reconsider or vacate the dismissal fails to allege

18    or demonstrate the kind of "exceptional circumstances" or strongly convincing evidence required

19    for relief under either rule and should therefore be denied.

20    **B.    Plaintiffs' Motion To Vacate Dismissal Under Rule 60(b) Should Be Denied.**

21        **1.    Plaintiffs Fail to Establish Mistake, Inadvertence, Surprise or Excusable
22    Neglect Under Rule 60(b)(1).**

23          Plaintiffs' motion asserts, *inter alia*, that they relied to their detriment upon Defendants'

24    allegedly unconditional promise to move the hearing date on Defendants' motion to dismiss from

25    June 13, 2008 to June 27, 2008.[3]   To the extent that these statements indicate Plaintiffs may be

26    ───────────────────

27    [3] Although Plaintiffs' motion fails to specifically identify the rule of civil procedure or other legal authority upon which it purports to rely, Defendants nevertheless will presume for purposes of

28    this brief that Plaintiffs' motion to vacate is governed by the requirements of Rule 60(b).

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER        - 8 -
DISMISSAL / Case No. CV-08-1926

23151\1622651.1

1    inclined to claim mistake, inadvertence, surprise or excusable neglect as grounds for relief

2    pursuant to Rule 60(b)(1), that doctrine is unavailable to Plaintiffs in this case.

3        Rule 60(b)(1) provides, in pertinent part, that "the court may relieve a party or its legal

4    representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake,

5    inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1); *Latshaw v. Trainer*

6    *Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006).  However, in this case, the undisputed

7    facts demonstrate that Plaintiffs could not have been surprised or mistaken, did not inadvertently

8    fail to petition the Court for an extension of their briefing obligations, and did not commit

9    excusable neglect.  Rather, the facts of this case demonstrate that it was Plaintiffs' own

10    inattention and lack of diligence that led to the dismissal of their case.  Therefore, they are not

11    entitled to relief under Rule 60(b)(1).

12        First, the doctrines of mistake, inadvertence, surprise and excusable neglect are

13    unavailable to Plaintiffs in this case because counsel are required at all times to be cognizant of

14    the hearing date and it was Plaintiffs' – and only Plaintiffs' – obligation to obtain any necessary

15    extension of time to file their response brief.  *See* Civil L.R. 7-7(c).  Moreover, Plaintiffs allowed

16    their opposition briefing deadline to expire on May 23, 2008 while on vacation, without following

17    up with Defendants regarding the briefing schedule and without presenting Defendants or the

18    Court a stipulation reflecting the altered briefing dates.  After returning from vacation, Plaintiffs'

19    counsel did not discuss or confirm a new hearing date until May 27, 2008 – *after* its opportunity

20    to file an opposition brief had already expired.[4]

21        The facts show that Plaintiffs failed to provide or discuss possible revised hearing and

22    briefing dates in a timely fashion, failed to prepare a stipulation as repeatedly requested by

23

24    [4] The doctrine of mistake is further inappropriate here because the kinds of mistake contemplated
     by the rule are those that a party could not have protected itself against or prevented, like a party's

25    own attorney acting without authority to the party's detriment.  Easily avoidable mistakes arising
     from a litigant's lack of diligence do not qualify for relief under 60(b)(1).  *See Fid. Fed. Bank,*

26    *FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).  Plaintiffs could have easily
     prevented any mistake here by simply preparing a stipulation containing specific and agreed upon

27    dates for filing with the Court prior to the expiration of their right to file an opposition brief on
     May 23, 2008.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER        - 9 -
DISMISSAL / Case No. CV-08-1926

23151\1622651.1

1   Defendants, failed to respond even after the Court's May 30, 2008 order vacating the hearing, and

2   failed to take any action to avoid the Court's ruling until after the final judgment had been

3   entered.  These were all issues that Plaintiffs could easily have avoided by taking timely and

4   definitive action.

5           It is well-settled law that Rule 60(b)(1) provides no relief for the ignorance, carelessness

6   or inexcusable neglect of a litigant or its attorney, especially where, as here, the party's counsel

7   fails to act with requisite due diligence.  *Stevens*, 868 F.2d at 1041-43; *Latshaw*, 452 F.3d at

8   1100-01; *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 665-66 (9th Cir.

9   1997) (finding that attorney error is insufficient grounds for relief under 60(b)(1)); *Casey v.

10  Albertson's, Inc.*, 362 F.3d 1254, 1259-60 (9th Cir. 2004); *Cline v. Hoogland*, 518 F.2d 776, 778

11  (8th Cir. 1975).[5]  Further, it has also been held that relief under Rule 60(b)(1) will not lie where a

12  litigant was aware of the facts it claimed led to its excusable neglect.  *United States v. RG&B

13  Contractors, Inc.*, 21 F.3d 952, 956 (9th Cir. 1994).  In that case, the alleged error was caused by

14  a corporate restructuring.  In denying the requested relief under Rule 60(b)(1), the court in *RG&B*

15  held that the litigant could not possibly contend that it was unaware of its own corporate

16  restructuring or that it was unaware of the possibility that such activity could cause problems.

17  The same reasoning applies in the present case because Plaintiffs cannot colorably claim to have

18  been unaware of their own May 23, 2008 filing deadline, or to have been unaware of the fact that

19  they had not petitioned the court for relief from that deadline prior to or after leaving for a

20  personal vacation, or even of the fact that it should have been aware after the Court's order of

21  May 30, 2008 was entered that some immediate action was required to prevent a possibly adverse

22  ruling on Defendants' motion to dismiss.  These facts demonstrate inexcusable neglect, lack of

23  diligence and carelessness, none of which qualify for Rule 60(b)(1) relief.

24

25

26  [5] In *Cline*, the court held that Plaintiffs, who admittedly were aware of defendants' pending
    summary disposition motion yet failed through their own inexcusable neglect to file an opposition
27  brief, did not qualify for relief from judgment under Rule 60(b)(1) because the neglect arose from
    their own ignorance or carelessness which are not cognizable under the Rule.
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER                    - 10 -                      23151\1622651.1
DISMISSAL / Case No. CV-08-1926

1

**2.    Plaintiffs Present No Newly Discovered Evidence Pursuant To Rule 60(b)(2).**

2       Nor can Plaintiffs' rely, for the same reasons, upon Rule 60(b)(2), which authorizes relief

3  from judgment only where "newly discovered evidence that, with reasonable diligence, could not

4  have been discovered in time to move for a new trial under Rule 59(b)" exists.  Fed. R. Civ. P.

5  60(b)(2).  This rule is facially inapplicable because it appears to be expressly limited to judgments

6  entered after trial.  But even if it did apply, the movant must further prove that the new evidence

7  was discovered after the judgment was entered; that the exercise of due diligence would not have

8  uncovered the evidence prior to entry of the judgment; and that the evidence it relies on is not

9  merely cumulative, speculative or impeaching, but is material and is sufficiently strong to

10  convince the court that, had it been aware of that evidence, it would probably have produced a

11  different result.  *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).

12      Moreover, evidence that was in a movant's possession, or evidence that, with reasonable

13  diligence, was available to the movant, prior to the judgment being rendered is not considered

14  "newly discovered evidence" for purposes of Rule 60(b)(2), and does not qualify for relief under

15  that Rule.  *Id.*  A motion that is brought under Rule 60(b)(2) but which fails to allege why the

16  "newly discovered" evidence could not have been discovered prior to entry of the judgment, fails

17  to qualify for relief under the Rule.

18      In the present case, Plaintiffs' motion and all of its allegedly "new" evidence of

19  Defendants' alleged California contacts contained in its attached opposition brief, was evidence

20  that was clearly either in Plaintiffs' possession prior to this Court's June 5, 2008 judgment, or

21  with requisite due diligence, could have been discovered by Plaintiffs prior to June 5, 2008.  As

22  noted above, the evidence was also impermissibly speculative, conclusory, was merely

23  cumulative of the allegations made in the complaint, was contradicted by the facts in the record

24  and insufficient to compel this Court to reverse its previous judgment on the merits in favor of

25  Defendants.  For these reasons, Plaintiffs do not qualify for relief under Rule 60(b)(2) and their

26  motion should be denied.[6]

27

---

[6] Defendants note that the standard for relief under Rule 59(e) appears to be identical to that for
28  newly discovered evidence under Rule 60(b)(2).

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER                              - 11 -
DISMISSAL / Case No. CV-08-1926

1    **3.    Plaintiffs Fail To Demonstrate Any Fraud, Misrepresentation Or Misconduct By Defendants As Required By Rule 60(b)(3).**

2

3    Plaintiffs claim, without referencing any actual evidence, that Defendants "breached their

4    promise to have this[sic] motion heard on June 27th and managed to get this court to transfer[sic]

5    a case that should be venued in San Francisco by deceptive means." (Pls.' Mot. at 2.) As such,

6    Plaintiffs' argument to vacate the June 5, 2008 judgment appears to squarely fall within the

7    category of claims subject to Rule 60(b)(3) analysis. That rule provides that relief can be given

8    from a judgment if the judgment was obtained through "fraud (whether previously called intrinsic

9    or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

10   In order to set aside a judgment under Rule 60(b)(3) because of fraud on the court, "it is

11   necessary to show an unconscionable plan or scheme which is designed to improperly influence

12   the court in its decision." *England v. Doyle*, 281 F.2d 304, 309-10 (9th Cir. 1960); *Dixon v.*

13   *Comm'r*, 316 F.3d 1041, 1046 (9th Cir. 2001). Though the court possesses the inherent power to

14   vacate judgments obtained by fraud on the court, "that power is narrowly construed," applying

15   only to frauds that "defile[] the court," that are perpetrated by officers of the court, and that rise

16   "to the level of 'an unconscionable plan or scheme which is designed to improperly influence the

17   court in its decisions.'" *Dixon*, 316 F.3d at 1046, quoting *England*, 281 F.2d at 309.

18   Furthermore, to prevail on a 60(b)(3) motion, "the moving party [has the burden to] prove

19   by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or

20   other misconduct and the conduct complained of prevented the losing party from fully and fairly

21   presenting [its claim or] defense." *Casey*, 362 F.3d at 1260 (citation omitted); *England*, 281 F.2d at

22   309-10; *Aulmann v. Aulmann*, 25 Fed. Appx. 555, 556-57, No. 55982, 2001 WL 164860, at *1 (9th

23   Cir. Dec. 21, 2001). Rule 60(b)(3) also requires that the fraud alleged "not be discoverable by due

24   diligence before or during the proceedings." *Casey*, 362 F.3d at 1260 (citation omitted).

25   Plaintiffs' motion, and the documents accompanying it, fail to clear the first hurdle of the

26   Ninth Circuit's Rule 60(b)(3)'s fraud analysis. In this case, the facts described above demonstrate

27   that there was no material misrepresentation by Defendants here. Rather, Defendants indicated to

28   Plaintiffs' counsel in letters, in phone calls and in their attached declarations, that that they were

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER                    - 12 -                           23151\1622651.1
DISMISSAL / Case No. CV-08-1926

1    willing to agree, in principle, to move the hearing date to try to accommodate Plaintiffs' personal

2    vacation schedule or even to accommodate possible discovery on jurisdictional issues; but

3    Defendants also consistently requested that Plaintiffs first provide dates certain upon which the

4    hearing would be held and upon which Plaintiffs' opposition brief would be filed.  Defendants

5    also consistently requested that Plaintiffs submit a stipulation to them detailing the agreed-upon

6    dates for the rescheduled hearing and Plaintiffs' brief. [7]  It is undisputed that Plaintiffs failed to

7    follow through with any of the above promises, and failed to take any action to avoid a possible

8    adverse ruling on Defendants' motion to dismiss – even after receiving this Court's order of May

9    30, 2008, which would have alerted any practitioner that immediate action was required to secure

10   Plaintiffs' ability to contest Defendants' motion.  Plaintiffs were not misled by Defendants, they

11   simply lacked any diligence in pursing what was their own obligations under the Local Court

12   Rules and the laws of this Circuit.

13        Plaintiffs' claim under Rule 60(b)(3) fails to allege, much less proves by clear and

14   convincing evidence, that Defendants participated in an unconscionable plan or scheme that

15   improperly influenced this Court's June 5, 2008 decision, or a scheme that defiled the Court.  Nor

16   does Plaintiffs' motion argue or prove that the alleged fraud or "deception" – not moving the

17   hearing date when Plaintiffs' counsel failed to timely provide the dates or the draft stipulation

18   seeking leave to obtain relief from this Court's motion scheduling order (essentially, insisting that

19   Plaintiffs do their own work) – was not discoverable with due diligence before or during the

20   pendency of Defendants' motion to dismiss.

21        In fact, as noted above, just the opposite appears to be true.  Had Plaintiffs simply read the

22   Court's May 30, 2008 order vacating the hearing date, it should have discovered that its date for

23   filing an opposition to Defendants' motion had actually expired on May 23, 2008.  Plaintiffs were

24   well aware that they had not sought or obtained leave from the Court to file a late Opposition.

25   Defendants did not "prevent" Plaintiffs from fully and fairly presenting their claims or defenses to

26

27   _____
     [7] Defendants also consistently requested, and Plaintiffs' counsel expressly agreed to provide,
     sworn affidavits from plaintiffs setting forth their prima facie factual basis for requesting
28   jurisdictional discovery.  Those affidavits were never provided.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER          - 13 -
DISMISSAL / Case No. CV-08-1926

23151\1622651.1

1   the dismissal motion, Plaintiffs' own lack of diligence and inexcusable neglect caused their

2   failure to timely oppose the motion.  Thus, Plaintiffs' motion, to the extent that it seeks to state a

3   claim for Rule 60(b)(3) relief, fails to fulfill any of the elements of that doctrine and must be denied.

4

5   **4.    Plaintiffs Cannot Establish Any Other Reason That Justifies Relief Under Rule 60(b)(6)[8]**

6        Finally, Plaintiffs cannot state a proper claim for relief under Rule 60(b)(6) (the "catch-all

7   provision") because this subsection does not apply if any of the other subsections of Rule 60(b)

8   arguably apply to a claim.  *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007); *Liljeberg v.*

9   *Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 n.11 (1988).  As noted in the previous

10  section, Plaintiffs' motion falls into the category of claims governed by Rule 60(b)(3), and it is

11  therefore ineligible for relief under this subsection of Rule 60(b).

12       Even if Plaintiffs' claims could be eligible for relief under this Rule however,

13  "[j]udgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an

14  equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary

15  circumstances prevented a party from taking timely action to prevent or correct an erroneous

16  judgment." *Latshaw*, 452 F.3d at 1103 (internal quotation marks & citation omitted); *Allmerica*

17  *Fin.*, 139 F.3d at 666; *Delay*, 475 F.3d at 1044.  Rule 60(b)(6) only applies where "petitioners

18  allegations set up an extraordinary situation which cannot fairly or logically be classified as mere

19  'neglect' on his part." *RG&B*, 21 F.3d at 956, quoting *Klapprott v. United States*, 335 U.S. 601,

20  613 (1949).  "A party who moves for such relief must demonstrate both injury and circumstances

21  beyond his control that prevented him from proceeding with . . . the action in a proper fashion."

22  *Latshaw*, 452 F.3d at 1103 (internal quotations & citation omitted); *Delay*, 475 F.3d at 1044.

23  Rule 60(b)(6) "does not particularize the factors that justify relief, but [the U.S. Supreme Court]

24  ha[s] previously noted that it provides courts with authority 'adequate to enable them to vacate

25  judgments whenever such action is appropriate to accomplish justice.'" *United States v. State of*

26  *Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996), quoting *Klapprott*, 335 U.S. at 614-15.

27

28  [8] Rule 60(b)(4) and 60(b)(5) relating to void and unenforceable judgments, are facially inapplicable to the claims raised in Plaintiffs' motion and will not be addressed in this brief.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER          - 14 -          23151\1622651.1
DISMISSAL / Case No. CV-08-1926

1    As with the previous section, Plaintiffs' motion fails to meet a single criteria for relief

2    under Rule 60(b)(6). Plaintiffs cannot demonstrate "manifest injustice," have not shown any

3    "exceptional circumstances" that were "beyond their control" and that "prevented [them] from

4    taking timely action to prevent" this Court's entry of judgment on June 5, 2008 in a proper

5    fashion. Instead, the facts demonstrate that Plaintiffs could easily have acted to prevent the June

6    5, 2008 adverse judgment by providing Defendants or the court with a stipulation seeking

7    permission to reschedule the hearing and briefing dates, by providing Defendants with dates

8    certain prior to leaving for a week long vacation, or by taking *some* action after receiving this

9    Court's May 30, 2008 order vacating the June 13, 2008 hearing and deeming the motion

10   submitted on Defendants' papers alone. There is no manifest injustice or extraordinary

11   circumstances here, just Plaintiffs' own inattention. Plaintiffs' motion therefore fails to state a

12   proper claim for relief under Rule 60(b)(6) and must be denied.

13   **C.     Plaintiffs' Motion To Reconsider Under Rule 59(e) Should Likewise Be Denied.**

14       Plaintiffs' motion to reconsider under Rule 59(e) is similarly flawed and must be denied.

15   First, Plaintiffs filed their reconsideration motion on June 10, 2008, five days after this Court's

16   final entry of judgment on June 5, 2008. Plaintiff's motion for reconsideration is therefore

17   untimely and cannot be considered by this Court. In *Allmerica Financial*, 139 F.3d at 665, the

18   Ninth Circuit stated that "it is well settled that once a final judgment has been entered, the district

19   court lacks jurisdiction to decide a motion to amend [or reconsider] unless and until the judgment

20   is re-opened by the granting of a Rule 60 motion." Plaintiffs' Rule 59(e) motion is further

21   deficient and should be denied because Plaintiffs failed to seek permission of this Court as a pre-

22   requisite to filing such a motion as required under Local Rule 7-9(a).

23       Further, even if Plaintiffs were eligible to seek relief under Rule 59(e), Plaintiffs satisfy

24   none of the requirements. There are four grounds upon which such a motion may be granted:

25   (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is

26   based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the

27   motion is necessary to prevent manifest injustice; or (4) there is an intervening change in

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER            - 15 -
DISMISSAL / Case No. CV-08-1926

23151\1622651.1

1    controlling law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003);

2    *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

3    　　　Moreover, for a movant to rely on the "newly discovered evidence" prong of the test

4    detailed above, it must show that "(1) the evidence was discovered after trial, (2) the exercise of

5    due diligence would not have resulted in the evidence being discovered at an earlier stage and

6    (3) the newly discovered evidence is so such magnitude that production of it earlier would likely

7    have changed the outcome of the case." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992-93 (9th

8    Cir. 2001) (citation omitted).

9    　　　As discussed at greater length in Sections III.E and IV.B.2 above, Plaintiffs' purported

10   "evidence" of Defendants alleged business contacts with the State of California is illusory, lacks

11   specifics, consists of unsubstantiated speculation, and also contains proven falsehoods. Plaintiffs'

12   Opposition also fails to allege or prove that the evidence it attaches was only discovered after the

13   June 5, 2008 judgment was entered, that Plaintiffs' exercised due diligence but could not have

14   discovered that evidence prior to the June 5, 2008 ruling, or that that evidence would have

15   resulted in a victory for Plaintiffs on Defendants' motion. Similarly, Plaintiffs have also failed to

16   allege or prove that the June 5, 2008 judgment was based upon material and manifest errors of

17   law or fact, that the motion is necessary to prevent manifest injustice, or that there was an

18   intervening change in controlling law. None of those elements are met in this case, and Plaintiffs'

19   motion to reconsider under Rule 59(e) must also be denied.

20   　　　　　　　　　　　**V.    CONCLUSION**

21   　　　For the foregoing reasons, Defendants Mr. Timothy John and TjohnE Production, Inc.

22   respectfully request that this Court deny Plaintiffs' motions to reconsider or to vacate this Court's

23   June 5, 2008 judgment, and request costs and fees as sanctions for Mr. Troyer's apparently

24   perjurious statements in his declaration.

25   Dated: June 27, 2008                    FARELLA BRAUN & MARTEL LLP

26

27                                                 By: _____ /s/ Ruth Ann Castro _____
                                                              Ruth Ann Castro

28                                               Attorneys for Defendants
                                                 TIMOTHY JOHN and TJOHNE PRODUCTION, INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFS.' MEM. PTS. & AUTHS. IN OPPOSITION
TO PLS.' MOTION TO RECONSIDER                - 16 -                    23151\1622651.1
DISMISSAL / Case No. CV-08-1926

1   Robert C. Holtzapple (State Bar No. 145954)
        (rholtzapple@fbm.com)
2   Ruth Ann Castro (State Bar No. 209448)
        (rcastro@fbm.com)
3   FARELLA BRAUN & MARTEL LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480

6   Leslie C. Morant
    (Admitted *Pro Hac Vice*)
7       LesMorant@lwr.com
    LAW, WEATHERS & RICHARDSON, P.C.
8   333 Bridge Street, N.W., Suite 800
    Grand Rapids, MI  49504
9   Telephone: (616) 459-1171

10  Attorneys for Defendants
    TIMOTHY JOHN and T JOHN E PRODUCTIONS,
11  INC.

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15  CASEY TROYER, LUKE SCHMIDT,          Case No. CV-08-1926
    JEFFREY WARD and KEVIN COGER,
16  individuals,                         **DECLARATION OF RUTH ANN CASTRO
                                         IN SUPPORT OF DEFENDANTS'
17              Plaintiff,               OPPOSITION TO PLAINTIFFS' MOTION
                                         TO VACATE ORDER GRANTING
18          vs.                          DISMISSAL; MOTION TO RECONSIDER
                                         DISMISSAL**
19  TIMOTHY JOHN, T JOHN E
    PRODUCTION, INC.,                    Date:      July 18, 2008
20                                       Time:      9:00 a.m.
                Defendants.              Dept:      Courtroom 7
21                                       Judge:     Hon. Maxine M. Chesney

22      I, Ruth Ann Castro, declare:

23      1.      I am an attorney licensed to practice law, admitted before this Court and an

24  associate of Farella Braun & Martel LLP, attorneys of record for Defendants Timothy John and T

25  John E Productions, Inc. ("Defendants") in the above-captioned matter.  The matters set forth

26  herein are personally known to me and, if called as a witness, I could and would testify

27  competently thereto.

28      2.      I make this declaration in support of Defendants' Opposition To Plaintiffs' Motion

DECL. OF RUTH ANN CASTRO IN OPP. TO
MOTION TO VACATE ORDER GRANTING
DISMISSAL/Case No. CV-08-1926 MMC                                    23151\1611554.1

1  To Vacate Order Granting Dismissal; Motion To Reconsider Dismissal.

2          3.      On May 6, 2008, Plaintiffs' attorney, Mark Webb sent a letter suggesting that he

3  wanted to take a deposition and request documents regarding Defendants contacts with

4  California.  Attached hereto as Exhibit A is a true and correct copy of Mr. Webb's letter, dated

5  May 6, 2008.

6          4.      The next day, on May 7, I responded to Mr. Webb's May 6 letter.  Given the

7  apparent lack of minimum contacts with California detailed in Defendant Timothy John's

8  declaration in support of Defendants' Motion to Dismiss, I asked Plaintiffs to demonstrate a

9  colorable basis to conduct jurisdictional discovery.  I also informed Mr. Webb that in the event

10  Plaintiffs were able to make a sufficient showing, any deposition of Defendants should take place

11  in Grand Rapids, Michigan, where they reside and conduct business.  Attached hereto as Exhibit

12  B is a true and correct copy of my letter, dated May 7, 2008.

13          5.      I left for vacation on May 7, and returned to the office on May 27, 2008.  In my

14  absence, a partner at my firm, Bob Holtzapple, managed the case's progress.

15          6.      On May 27, 2008, Mr. Webb called to confirm the new date for the hearing on

16  Defendants' Motion to Dismiss.  I responded by telling him that I had just returned from vacation,

17  and that, while I understood that Defendants had stated that they were willing to continue the

18  hearing date, I had not seen a stipulation or other document providing the specific date.  I thus

19  needed to confirm with Mr. Holtzapple the substance of their conversation.

20          7.      Contrary to Mr. Webb's letter of May 27, 2008, I made two efforts to reach him

21  later that afternoon to discuss the extension of time to respond to Defendants' Motion to Dismiss.

22  After I spoke with Mr. Holtzapple on the afternoon of May 27, 2008, I called Mr. Webb twice

23  between 3:45 and 4:15; I left a voicemail on the first call, and left a message for Mr. Webb with

24  his secretary on the second call.

25          8.      After receiving Mr. Webb's letter dated May 27, 2008, I responded by letter dated

26  May 28, 2008, repeating the substance of the voicemails I left for Mr. Webb the previous day.  I

27  confirmed that Defendants were willing to continue the hearing and related dates for the Motion

28  to Dismiss for two weeks, which would move the hearing date to June 27, 2008, and asked that he

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECL. OF RUTH ANN CASTRO IN OPP. TO
MOTION TO VACATE ORDER GRANTING         - 2 -
DISMISSAL/Case No. CV-08-1926 MMC

23151\1611554.1

1    prepare such a stipulation.  I also reiterated my request for affidavits supporting jurisdictional

2    discovery, and asked that he forward them to Mr. Les Morant, Defendants' Michigan counsel.  I

3    noted that if discovery was appropriate, the hearing date may need to be moved beyond June 27.

4    Attached hereto as Exhibit C is a true and correct copy of my letter, dated May 28, 2008.

5          9.      Plaintiff did not submit affidavits by June 3, as requested in my May 28 letter.

6          10.     Instead, on June 6, 2008, Plaintiffs provided affidavits with their Opposition to

7    Defendants' Motion to Dismiss, which was served one day after the Court issued its Order

8    granting Defendants' Motion to Dismiss and Judgment dismissing the complaint without

9    prejudice.

10         11.     We were surprised to receive Plaintiffs' Opposition to the Motion to Dismiss in

11   light of the Court's orders vacating the June 13, 2008 hearing and granting the Defendants'

12   motion, and the Court's judgment dismissing the case.  Accordingly, Defendants, through

13   Michigan counsel, notified Mr. Webb of the Court's orders and judgment by faxed letter dated

14   June 9, 2008.  We also invited Mr. Webb to bring authority to our attention that would support a

15   request to vacate, but he ignored that invitation and instead filed the instant motion.  Attached

16   hereto as Exhibit D is a true and correct copy of that letter, dated June 9, 2008.

17         I declare under penalty of perjury under the laws of the State of California that the

18   foregoing is true and correct to the best of my knowledge.  Executed this 27th day of June, 2008

19   at San Francisco, California

20

21                                        /s/ Ruth Ann Castro
                                          Ruth Ann Castro

22

23

24

25

26

27

28

DECL. OF RUTH ANN CASTRO IN OPP. TO
MOTION TO VACATE ORDER GRANTING          - 3 -                          23151\1611554.1
DISMISSAL/Case No. CV-08-1926 MMC

# EXHIBIT A

# LAW OFFICES OF
# MARK L. WEBB
## A PROFESSIONAL CORPORATION
### *Attorneys at Law*

214 Grant Avenue, Suite 301
SAN FRANCISCO, CALIFORNIA 94108
PHONE (415) 621-4500
FAX (415) 621-4173

May 6, 2008

TO: Ruth Ann Castro

FAX: 415-954-4480

FROM: Jeshawna Harrell

PAGES: 2 (including coversheet)

---

## Confidentiality Notice

*This FACSIMILE transmission is intended only for the use of the individual or entity named above and may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us at the above address. Thank you.*

LAW OFFICES



LAW OFFICES OF
# MARK L. WEBB
A PROFESSIONAL CORPORATION

*Attorneys at Law*

MARK L. WEBB
*Former U.S. Department of Justice Prosecutor*

May 6, 2008

**VIA U.S. MAIL & FAX**
Ms. Ruth Ann Castro, Esq.
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104

Re:   Casey Troyer, et al v. Timothy John, et al
      U.S. District Court Case No.: C08-4732198

Dear Ms. Castro:

I enjoyed talking to you yesterday.  It occurred to me that Judge Chesney may be in favor of me flushing out the facts on your client's contacts in California via deposition and document production.  Although the rules generally require waiting on depositions, I would think that this would be an exceptional circumstance since your motion to dismiss is based on the factual contention that the defendant has inadequate contacts in California.  Such a deposition would be limited to the area of California contacts. Please respond with your thoughts.

Sincerely,
LAW OFFICES OF MARK L. WEBB

Mark L. Webb, Esq.

214 GRANT AVENUE, SUITE 301, SAN FRANCISCO, CALIFORNIA 94108  (415) 621-4500  FAX (415) 621-4173

# EXHIBIT B

# ⑥ FARELLA BRAUN + MARTEL LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

**RUTH ANN CASTRO**
rcastro@fbm.com
D 415.954.4489

May 7, 2008

_VIA U.S. MAIL & FACSIMILE_

Mark L. Webb, Esq.
Law Offices Of Mark L. Webb
214 Grant Avenue, Suite 301
San Francisco, California 94108

   Re: Casey Troyer, et al v. Timothy John, et al
      U.S. District Court Case No.: C08-4732198

Dear Mr. Webb:

   I am writing in response to your letter dated May 6, 2008 in which you suggest taking a deposition and document production regarding my client's contacts with California.

   As you note in your letter, discovery is not allowed in all cases and discretion is left to the courts to authorize jurisdictional discovery. A plaintiff is not entitled to discovery without making a colorable or prima facie showing of personal jurisdiction. _Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp._, 230 F.3d 934, 946 (7th Cir. 2000); _United States v. Swiss American Bank, Ltd._, 274 F.3d 610, 625 (1st Cir. 2001). Thus, when plaintiff "offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." _Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc._, 334 F.3d 390, 402-403 (4th Cir. 2003).

   To evaluate whether plaintiffs are able to make a colorable or prima facie showing of personal jurisdiction over either defendant, please provide us the specific and non-speculative bases for conducting discovery of defendants. Also, please specify the exact nature of the discovery you seek to take and from which defendant(s) you seek the specific form of discovery.

   Even assuming that plaintiffs are able to show that jurisdictional discovery is appropriate here, any deposition of either defendant will take place in Grand Rapids, Michigan, where they reside and conduct business.



Mark L. Webb, Esq.
May 7, 2008
Page 2

Please let me know how you wish to proceed.

Sincerely,

*Ruth Ann Castro/ka*

Ruth Ann Castro

cc:     Leslie C. Morant, Esq.
        Robert C. Holtzapple, Esq.

RAC:wpc
23151\1575329.1

# EXHIBIT C

# FARELLA BRAUN + MARTEL LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

RUTH ANN CASTRO
rcastro@fbm.com
D 415.954.4489

T 415.954.4400 / F 415.954.4480
www.fbm.com

May 28, 2008

*Via U.S. Mail & Facsimile*

Mark L. Webb, Esq.
Law Offices Of Mark L. Webb
214 Grant Avenue, Suite 301
San Francisco, California 94108

Re:    Casey Troyer, et al v. Timothy John, et al
       U.S. District Court Case No.:  C08-4732198

Dear Mr. Webb:

This responds to your letter from yesterday afternoon relating to your request for the "new date for the Motion to Dismiss" and the "substance of my conversation with Mr. Holtzapple."

As I mentioned in my voicemail to you at about 4:00 pm yesterday afternoon, Defendants will agree to extend the hearing and related dates for the Motion to Dismiss for two weeks, which would move the hearing date to June 27, 2008.

We understand, however, that you wish to take discovery on jurisdictional issues. If that is correct, please provide, by June 3, the affidavits you stated that you would prepare attesting to the facts related to jurisdiction that you believe support the request for discovery. After that date, we will not agree to any discovery without a court order.

The affidavits and further correspondence on this issue should be directed to Les Morant. His phone and fax numbers are, respectively, (616) 732-1749 and (616) 913-1249. He will promptly review those affidavits and will let you know if, in light of those, he agrees that discovery is appropriate. If discovery is appropriate, we may need to extend the hearing date beyond June 27. Thus, it would make sense to enter a stipulation setting out an appropriate schedule for that discovery and the related briefing and hearing on the Motion to Dismiss. If you no longer wish to take discovery, however, please prepare a Stipulation continuing the hearing and related dates for two weeks.

As an aside, after I left my voicemail for you yesterday at 4 pm, I called again approximately 10 minutes later and left a request with your secretary to return my call. Judging



Mark L. Webb, Esq.
May 28, 2008
Page 2


by the statement in your letter that you had not heard from me by 4:30 pm, it appears that you did not receive these messages.  If you prefer to communicate a different way to ensure that you receive the messages I leave for you, such as email, please let me know.


Sincerely,

Ruth Ann Castro


cc:     Leslie C. Morant, Esq.
        Robert C. Holtzapple, Esq.

RAC:wpc
23151\1595255.1

# EXHIBIT D

# LAW WEATHERS & RICHARDSON

*Professional Corporation*
*Attorneys and Counselors*

800 Bridgewater Place, 333 Bridge Street, N.W., • Grand Rapids, Michigan 49504-5320
Phone 616 459-1171 • Fax 616 732-1740 • www.lwr.com

Leslie C. Morant
Direct Dial (616) 732-1749
Direct Fax (616) 913-1249
E-Mail: LesMorant@lwr.com

June 9, 2008

**VIA FACSIMILE**
Mark L. Webb
Law Offices of Mark L. Webb
214 Grant Avenue, Suite 301
San Francisco, CA 94108

Re:     **Troyer, et al v TjohnE Productions and Timothy John**

Dear Mark:

As you know, my office represents the Defendants in the above captioned action.  We were surprised last Friday to receive your brief in opposition to Defendants' motion to dismiss since we assumed that you had received Judge Chesney's previously issued order of May 30, 2008 in which she vacated the hearing on June 13th, and her orders dated June 5th in which she granted Defendants' motion, entered judgment in our favor and dismissed the case.

Because you failed both to respond to the Court's notice that it was taking the matter off calendar and to provide us with either the affidavits we demanded containing prima facie evidence of jurisdiction or a draft stipulation giving you more time to respond to our motion, we logically concluded that you had decided not to contest jurisdiction and would instead simply refile your action in Michigan.  We note that none of those orders are addressed in your filing.  We are curious as to how you intend to respond to these orders?

While we understood and sympathized with your plight regarding your daughter's out-of-state graduation, and had agreed to give you additional time to file your brief because of that problem, we clearly stated in writing that in order to do so, we first needed you to provide us with a draft stipulation to file with the court.  You failed, in fact, to provide us with new dates or a draft stipulation to file prior to leaving for your vacation, and did not provide a draft stipulation even after your return from New York.  When coupled with your failure to respond in any way to the Court's electronically filed orders described above, these facts led us to reasonably believe you had decided to drop your opposition altogether.  So while we can appreciate your current position and can anticipate that you will want us to agree to vacate the judgment, at this point, given your apparent lack of diligence, we will not agree to do so without compelling authority from you holding that the Court must vacate its judgment.

Mark L. Webb
June 9, 2008
Page 2

As to the substance of the claims raised in your opposition brief and attachments, you should know that some are demonstrably false. Defendants have been in contact with Mr. Banachek and he refutes any notion that he was contacted by Mr. Troyer and has directly refuted, in writing, your claims that he confirmed that TjohnE Productions has ever booked him for a California show. In short, we are gravely concerned by what Mr. Troyer has now stated under penalty of perjury in the declaration attached to your brief. Further, although TjohnE's website may be accessed by California residents, they do not have the ability to purchase apparel or to book shows because TjohnE does not do business in California. Finally, Mr. Troyer and Mr. Schmidt's declarations contain nothing but vague allegations and inadmissible hearsay in that they do not name actual people they allegedly spoke with, or provide dates or other verifiable facts to support their claims that Defendants worked, provided equipment or produced the Superman Returns movie premiere or otherwise did actual business in California. That Defendants were open to the idea of doing business in California is irrelevant and cannot provide a basis for a California court to exercise jusidiction over Defendants. The fact is, none of your clients were at the Superman event, they have no admissible first hand evidence to support those errant assertions and none of them have ever done any work for the Defendants in the State of California. In short, even if you do decide to ask the court to reconsider its rulings, the allegations contained in your opposition brief will be unavailing.

If, as we anticipate you will want to do, you ask the court to vacate her judgment and reconsider her ruling, be advised that Defendants will raise these issues, including the issue of Mr. Troyer's perjurious sworn statements, with the court and seek appropriate relief. We look forward to hearing from you regarding how you wish to proceed in light of the above.

Sincerely,

Leslie C. Morant

cc:    Timothy John
       Bob Holtzapple
       Ruth Ann Castro

403781.2

**Arentsen, Kay (24) x3514**

**From:**    AccuRoute Server [omtoolserver@fbm.com]
**Sent:**    Monday, June 09, 2008 4:26 PM
**To:**      Arentsen, Kay (24) x3514
**Subject:** AccuRoute: Message Succeeded: 415 621-4173 (Mark L. Webb) on 6/9/2008 at 4:26:03 PM

```
SUCCESSFUL TRANSMISSION REPORT
----------------------------------------------------------------

Transmission Result:    SUCCESS
Recipient:              Mark L. Webb
Destination:            415 621-4173
Matter:                 23151
Delivery Time:          6/9/2008 at 4:26:03 PM
Number of pages faxed:  3

DeskSite Document:

To open the document click here:
http://sfaccuroute/Omtool/LaunchDMS.asp?jobID=100043
```

6/9/2008

## LAW WEATHERS & RICHARDSON

Professional Corporation
Attorneys and Counselors

800 Bridgewater Place, 333 Bridge Street, N.W. – Grand Rapids, Michigan 49504-5233
Phone (616) 459-1171 • Fax (616) 732-1740 • www.lwr.com

Leslie C. Moored
Direct Dial (616) 458-1360
Direct Fax (616) 413-2360
E-Mail: lmoored@lwr.com

June 9, 2008

VIA FACSIMILE
Mark L. Webb
Law Offices of Mark L. Webb
214 Grant Avenue, Suite 301
San Francisco, CA 94108

Re: Truyer, et al v Tjobahi Productions and Timothy John

Dear Mark:

As you know, my office represents the Defendants in the above captioned action. We were surprised last Friday to receive your brief in opposition to Defendants' motion to dismiss since we assumed that you had received Judge Chesney's previously issued order of May 30, 2008 in which she vacated the hearing on June 13th, and her orders dated June 5th in which she granted Defendants' motion, entered judgment in our favor and dismissed the case.

Because you failed both to respond to the Court's notice that it was taking the matter off calendar and to provide us with either the affidavits we demanded containing prima facie evidence of jurisdiction or a draft stipulation giving you more time to respond to our motion, we logically concluded that you had decided not to contest jurisdiction and would instead simply refile your action in Michigan. We note that none of these orders are addressed in your filing. We are curious as to how you intend to respond to these orders?

While we understand and sympathize with your plight regarding your daughter's out-of-state graduation, and had agreed to give you additional time to file your brief because of that problem, we clearly stated in writing that in order to do so, we first needed you to provide us with a draft stipulation to file with the court. You failed, in fact, to provide us with new dates or a draft stipulation to file prior to having, for your vacation, and did not provide a draft stipulation even after your return from New York. When coupled with your failure to respond in any way to the Court's electronically filed orders described above, these facts led us to reasonably believe you had decided to drop your opposition altogether. So while we can appreciate your current position and can anticipate that you will want us to agree to vacate the judgment, at this point, given your apparent lack of diligence, we will not agree to do so without compelling authority from you holding that the Court must vacate its judgment.

1   Robert C. Holtzapple (State Bar No. 145954)
        (rholtzapple@fbm.com)
2   Ruth Ann Castro (State Bar No. 209448)
        (rcastro@fbm.com)
3   FARELLA BRAUN & MARTEL LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480

6   Leslie C. Morant
    (Admitted *Pro Hac Vice*)
7       LesMorant@lwr.com
    LAW, WEATHERS & RICHARDSON, P.C.
8   333 Bridge Street, N.W., Suite 800
    Grand Rapids, MI  49504
9   Telephone: (616) 459-1171

10  Attorneys for Defendants
    TIMOTHY JOHN and T JOHN E PRODUCTIONS,
11  INC.

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14

15  CASEY TROYER, LUKE SCHMIDT,          Case No. CV-08-1926
    JEFFREY WARD and KEVIN COGER,
16  individuals,                         **DECLARATION OF ROBERT C.
                                         HOLTZAPPLE IN SUPPORT OF
17              Plaintiff,               DEFENDANTS' OPPOSITION TO
                                         PLAINTIFFS' MOTION TO VACATE
18       vs.                             ORDER GRANTING DISMISSAL;
                                         MOTION TO RECONSIDER DISMISSAL**
19  TIMOTHY JOHN, T JOHN E
    PRODUCTION, INC.,                    Date:      July 18, 2008
20                                       Time:      9:00 a.m.
                Defendants.              Dept:      Courtroom 7
21                                       Judge:     Hon. Maxine M. Chesney

22       I, Robert C. Holtzapple, declare:

23       1.      I am an attorney licensed to practice law, admitted before this Court and a partner

24  of Farella Braun & Martel LLP, attorneys of record for Defendants Timothy John and T John E

25  Productions, Inc. ("Defendants") in the above-captioned matter.  The matters set forth herein are

26  personally known to me and, if called as a witness, I could and would testify competently thereto.

27       2.      I make this declaration in support of Defendants' Opposition To Plaintiffs' Motion

28  To Vacate Order Granting Dismissal; Motion To Reconsider Dismissal.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DECL. OF HOLTZAPPLE IN OPP. TO MTN. TO
VACATE ORDER GRANTING
DISMISSAL/Case No. CV-08-1926 MMC

23151\1611617.1

1        3.      On or about May 14, 2008, I had a phone conversation with Plaintiffs' attorney

2    Mark Webb.  We discussed his request to conduct discovery regarding Defendants' contacts with

3    California.  Mr. Webb agreed to provide affidavits confirming the statements in his May 8, 2008

4    letter, noting that the statements "came straight from his clients' mouths" and that he had "no

5    issue" with our asking for confirmation of those statements.  He also stated that he intended to

6    propound document requests and to take a deposition limited to questions regarding Defendants'

7    contacts with California.  He also explained that he would be out the following week on vacation.

8    Mr. Webb requested that Defendants continue the hearing date so that his deadline for filing an

9    Opposition would be continued.  (We also discussed the possibility of continuing the hearing to

10   allow Plaintiffs to take discovery related to jurisdiction, assuming that after reviewing the

11   promised affidavits from Plaintiffs, Defendants agreed that such discovery was appropriate.)  I told

12   Mr. Webb that we would try to accommodate his vacation plans, and asked him what schedule he

13   proposed for the Motion; Mr. Webb replied that he was not in the office and did not have his

14   calendar with him.  I asked Mr. Webb to call me the next day, Thursday May 15, so that we could

15   select a mutually convenient hearing date.  (I told Mr. Webb during our call that I would not be in

16   the office or reachable on Friday, May 16.)  Mr. Webb, however, did not call me on Thursday May

17   15.  Attached hereto as Exhibit A is a true and correct copy of Mr. Webb's letter, dated May 8, 2008.

18       4.      Mr. Webb's statement in his declaration that is attached to his May 28, 2008 letter

19   that I agreed to move the hearing date to some undefined date in the future is incorrect.  Rather, as

20   explained above, I told Mr. Webb that Defendants would attempt to accommodate his request to

21   continue the motion, but that we needed to continue the hearing to a date certain; although Mr.

22   Webb agreed to call me to set that date, in fact, he did not do so.  By letter dated May 30, 2008, I

23   informed Mr. Webb that his declaration was inaccurate.  In that letter I also told Mr. Webb that

24   Defendants were willing to extend the briefing deadlines and hearing on the Motion to Dismiss,

25   proposed a schedule for that motion, and asked him to prepare a draft of the appropriate

26   Stipulation to be filed with the Court.  Attached hereto as Exhibit B is a true and correct copy of

27   my letter, dated May 30, 2008.

28       5.      Later that afternoon, Mr. Webb's office faxed a letter stating that he agreed to the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DECL. OF HOLTZAPPLE IN OPP. TO MTN. TO
VACATE ORDER GRANTING                    - 2 -
DISMISSAL/Case No. CV-08-1926 MMC

23151\1611617.1

1   schedule proposed in my letter.  Shortly after I received Mr. Webb's fax of May 30, 2008,

2   however, I received the Court's notice vacating the June 13, 2008 hearing and deeming

3   Defendants' motion to dismiss or transfer submitted on the moving papers.  Attached hereto as

4   Exhibit C is a true and correct copy of Mr. Webb's letter, dated May 30, 2008.

5       6.      After receiving Mr. Webb's fax and the Court's order vacating the hearing date on

6   May 30, 2008, I heard nothing from Plaintiffs until Friday, June 6, 2008, when they served their

7   Opposition to Defendants' Motion to Dismiss.  This Opposition was served one day after the

8   Court issued its Order granting Defendants' Motion to Dismiss and Judgment dismissing the

9   complaint without prejudice.

10      I declare under penalty of perjury under the laws of the State of California that the

11  foregoing is true and correct to the best of my knowledge.  Executed this 27th day of June, 2008

12  at San Francisco, California

13

14          /s/ Robert C. Holtzapple
            Robert C. Holtzapple

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF HOLTZAPPLE IN OPP. TO MTN. TO
VACATE ORDER GRANTING                           - 3 -                              23151\1611617.1
DISMISSAL/Case No. CV-08-1926 MMC

# EXHIBIT A

## LAW OFFICES OF

# MARK L. WEBB

### A PROFESSIONAL CORPORATION

*Attorneys at Law*

214 Grant Avenue, Suite 301
SAN FRANCISCO, CALIFORNIA 94108
PHONE (415) 621-4500
FAX (415) 621-4173

May 8, 2008

TO: Ruth Ann Castro

FAX: 415-954-4480

FROM: Jeshawna Harrell

PAGES: 2 (including coversheet)

### Confidentiality Notice

*This FACSIMILE transmission is intended only for the use of the individual or entity named above and may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us at the above address. Thank you.*



LAW OFFICES OF

### MARK L. WEBB

A PROFESSIONAL CORPORATION

*Attorneys at Law*

MARK L. WEBB
*Former U.S. Department of Justice Prosecutor*

May 8, 2008

**VIA U.S. MAIL & FAX**
Ms. Ruth Ann Castro, Esq.
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104

Dear Ms. Castro:

In response to your recent letter the following is relevant:  your client staged, presented and operated a major motion picture premiere in Los Angeles in 2006 for the movie "Superman Returns."  The premiere was attended by all of the movie's starring actors, the producers, the directors and other celebrities.  T John E employees operated and ran the event for profit for your client and in so doing Mr. John made statements to one or more of the plaintiffs that he had solicited *more business* in California from colleges and high schools and intended that he would continue to offer his services for other major movie premieres.  He even offered Casey Troyer a job to work in California on these future projects, offering him a West Coast managerial type position for future bookings.

I believe these facts present the prima facie showing that would convince the court that at minimum a deposition should take place.  I also believe that if you refuse to grant such deposition we will have no choice but to represent to the court that fact and suggest that the only equitable way to decide whether adequate contacts exist for the case to remain in California is to allow some discovery on this issue.

If you agree, I will agree that the deposition should take place in Michigan and will travel for that purpose.  Please let me know no later than Monday so I know which way to proceed.

Sincerely,
LAW OFFICES OF MARK L. WEBB

Mark L. Webb, Esq.

# EXHIBIT B

**FARELLA BRAUN+MARTEL** LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

ROBERT C. HOLTZAPPLE
rholtzapple@fbm.com
D 415.954.4939

May 30, 2008

*VIA FACSIMILE (415) 621-4173*

Mark L. Webb, Esq.
Law Offices Of Mark L. Webb
214 Grant Avenue, Suite 301
San Francisco, California 94108

     Re:    Casey Troyer, et al v. Timothy John, et al
            U.S. District Court Case No.:  C08-4732198

Dear Mark:

     We are surprised by a number of things described in the draft declaration you sent us on Wednesday. Our memories with respect to these conversations differ significantly from what you have written in your draft declaration. Happily, however, it appears that we won't need to resolve those differences since we will agree to extend the hearing and related dates for two weeks. Please prepare a Stipulation that sets your Opposition for June 6, our Reply for June 13 and the Hearing for June 27 and send it to us.

     We are, of course, still willing to discuss whether these dates should be further extended to allow discovery with respect to jurisdictional facts after we review the promised affidavits regarding those issues. But I think we need to get something to the Court today if possible.

                 Sincerely,

                 Robert C. Holtzapple

RCH:gcr
cc:  Leslie C. Morant, Esq.
     Ruth Ann Castro
23151\1589817.1

# EXHIBIT C

## LAW OFFICES OF

# MARK L. WEBB

### A PROFESSIONAL CORPORATION

*Attorneys at Law*

214 Grant Avenue, Suite 301
SAN FRANCISCO, CALIFORNIA 94108
PHONE (415) 621-4500
FAX (415) 621-4173

May 30, 2008

TO:  Robert Holtzapple , Ruth Ann Castro, and Les Morant

FAX: 415-954-4480

FROM: Mark L. Webb

PAGES: 2 (including coversheet)

### Confidentiality Notice

*This FACSIMILE transmission is intended only for the use of the individual or entity named above and may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly __PROHIBITED__. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us at the above address. Thank you.*

05/30/2008  11:26    4156214173                    LAW OFFICES                    PAGE  02/02



LAW OFFICES OF

# MARK L. WEBB

A PROFESSIONAL CORPORATION

*Attorneys at Law*

MARK L. WEBB
*Former U.S. Department of Justice Prosecutor*

May 30, 2008

**VIA U.S. MAIL & FAX**
Mr. Robert C. Holtzapple, Esq.
Ms. Ruth Ann Castro, Esq.
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104

Re:   Casey Troyer, et al v. Timothy John, et al
        U.S. District Court Case No.: C 08-01926 MMC

Dear Counsel:

Attorney Webb is out of the office today, but I have spoken to him via phone and he has agreed to the dates set forth in your fax. The dates being June 6th for the Opposition, June 13th for the Reply, and June 27th for the Hearing. Please prepare the appropriate documents and file them with the court. Thank you.

Sincerely,
LAW OFFICES OF MARK L. WEBB

Blanca J. Burke, Legal Assistant

1  Robert C. Holtzapple (State Bar No. 145954)
       (rholtzapple@fbm.com)
2  Ruth Ann Castro (State Bar No. 209448)
       (rcastro@fbm.com)
3  FARELLA BRAUN & MARTEL LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6  Leslie C. Morant
   (Admitted *Pro Hac Vice*)
7      LesMorant@lwr.com
   LAW, WEATHERS & RICHARDSON, P.C.
8  333 Bridge Street, N.W., Suite 800
   Grand Rapids, MI  49504
9  Telephone: (616) 459-1171

10 Attorneys for Defendants
   TIMOTHY JOHN and T JOHN E PRODUCTIONS,
11 INC.

12                 UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14

15 | CASEY TROYER, LUKE SCHMIDT, | Case No. CV-08-1926 |
   | JEFFREY WARD and KEVIN COGER, | |
16 | individuals, | **DECLARATION OF STEVEN SHAW IN** |
   | | **SUPPORT OF DEFENDANTS'** |
17 | Plaintiff, | **OPPOSITION TO PLAINTIFFS' MOTION** |
   | | **TO VACATE ORDER GRANTING** |
18 | vs. | **DISMISSAL; MOTION TO RECONSIDER** |
   | | **DISMISSAL** |
19 | TIMOTHY JOHN, T JOHN E | |
   | PRODUCTION, INC., | Date:      July 18, 2008 |
20 | | Time:      9:00 a.m. |
   | Defendants. | Dept:      Courtroom 7 |
21 | | Judge:     Hon. Maxine M. Chesney |

22        I, Steven Shaw (a/k/a Banachek™), declare:

23        1.      I am a friend of Defendant Timothy John and a long time client of Defendant T

24 John E Productions, Inc. ("TJohnE").  The matters set forth herein are personally known to me

25 and, if called as a witness, I could and would testify competently thereto.

26        2.      I make this declaration in support of Defendants' Opposition To Plaintiffs'

27 Motions To Vacate Order Granting Dismissal or, alternatively, To Reconsider Dismissal.

28        3.      I am a resident of Texas and a self-taught magician and mentalist.  I perform for

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DECL. OF STEVEN SHAW IN OPP. TO
MOTION TO VACATE ORDER GRANTING
DISMISSAL/Case No. CV-08-1926 MMC                                   23151\1620892.1

1   television audiences, colleges, comedy clubs, theaters, corporations, and private groups. I

2   currently work as a Magic Consultant for NBC's Phenomenon. I worked as the Magic Producer

3   for A&E's Criss Angel MINDFREAK for the last four seasons of the show.

4          4.      TJohnE is my booking agent for college and university shows and for certain

5   corporate events. I have other agents that book me as well for different types of performances.

6   For example, I have a television agent that books me for television appearances.

7          5.      Contrary to what the Plaintiffs allege in their motions to reconsider or vacate the

8   dismissal, TJohnE has **NEVER** booked me to work in any capacity in the State of California.

9          6.      TJohnE has, however, booked me for college and university shows in states *other*

10  *than California.*

11         7.      Part of my work involves exposing purported psychics as fakes. In connection

12  with my work in this area, there are often small groups of skeptics who are interested in my

13  lectures. Sometimes these lectures occur on college or university campuses. Those colleges and

14  universities are the ones listed on my website.

15         8.      TJohnE did not book me for ANY of those lectures, which I usually either agreed

16  to perform personally or used another one of my agents for those types of events. In fact, most —

17  if not all of those lectures took place well before I agreed to use TJohnE Productions as my agent

18  for college and university shows.

19         9.      Also, contrary to what Plaintiffs allege in their motions, I do not recall EVER

20  speaking with someone named Casey Troyer.

21         10.     I flatly deny ever "confirming" to Mr. Troyer, or to anyone else, that TJohnE has

22  booked me for shows in the State of California, since that assertion is simply untrue.

23         11.     Mr. Troyer's sworn statements to the contrary in his unsigned declaration are

24  inaccurate and are untrue.

25

26

27

28

DECL. OF STEVEN SHAW IN OPP. TO
MOTION TO VACATE ORDER GRANTING          - 2 -                                    23151\1611554.1
DISMISSAL/Case No. CV-08-1926 MMC

1        I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct to the best of my knowledge.  Executed this 26 day of June, 2008 at

3   Houston, Texas

4

5                  Steven Shaw (a/k/a Banachek™)

6

7   406151.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECL. OF STEVEN SHAW IN OPP. TO
MOTION TO VACATE ORDER GRANTING     - 3 -
DISMISSAL/Case No. CV-08-1926 MMC

23151\1611554.1