United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY TROYER, et al., | No. C 08-1926 MMC |
|       Plaintiffs, | **ORDER DENYING PLAINTIFFS'** |
| v. | **MOTION TO VACATE ORDER OF** |
| TIMOTHY JOHN, et al., | **DISMISSAL** |
|       Defendants / | |

      Before the Court is plaintiffs Casey Troyer, Luke Schmidt, Jeffery Ward, and Kevin Coger's "Motion to Vacate Order Granting Dismissal; Motion to Reconsider Dismissal," filed June 11, 2008. Defendants Timothy John and TjohnE Productions, Inc. have filed opposition, to which plaintiffs have replied. Having read and considered the papers submitted in support of and in opposition to the motion, the Court finds the matter suitable for decision on the papers, VACATES the July 18, 2008, and rules as follows.

      By order filed June 5, 2008, the Court granted defendants' motion to dismiss and dismissed plaintiffs' complaint without prejudice. In its order, the Court observed that plaintiffs had failed to file opposition to the motion to dismiss. Thereafter, plaintiffs filed an untimely opposition to the motion to dismiss, and, by the instant motion, request consideration thereof. Assuming, arguendo, plaintiffs' failure to file timely opposition was the result of excusable neglect on the part of plaintiffs' counsel, such that the Court should consider plaintiffs' untimely opposition, the Court finds no basis exists therein to warrant

setting aside the order dismissing the complaint without prejudice.

In their motion to dismiss, defendants sought dismissal on two grounds: (1) lack of personal jurisdiction; and (2) lack of proper venue. In their opposition, plaintiffs address only the first of these grounds, and, in connection with such discussion, request an opportunity to conduct jurisdictional discovery for the purpose of uncovering evidence to support this Court's exercise of personal jurisdiction over defendants.[1] In that regard, plaintiffs argue, discovery may show defendants: (1) booked shows at three universities in California for a magician named Banachek; (2) shipped to one or more purchasers in California apparel advertised on defendants' website; and (3) produced a motion picture premiere in California. Plaintiffs speculate that, in addition to confirming the above activities, discovery may uncover facts showing defendants, both of whom reside in Michigan, have other contacts with California.

"[A] defendant may be subject to either general or specific personal jurisdiction." See Easter v. American West Financial, 381 F. 3d 948, 960 (9th Cir. 2004). "A defendant is subject to general jurisdiction only where the defendant's contacts with a forum are substantial or continuous and systematic." Id. (internal quotation and citation omitted). "Specific jurisdiction applies if (1) the defendant has performed some act or consummated some transaction within the forum state or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." Id. at 960-61 (internal quotation and citation omitted).

Here, even if plaintiffs obtain confirmation of the above-described activities, such evidence would be insufficient to support the exercise of general jurisdiction. See, e.g., Shute v. Carnival Cruise Lines, Inc., 897 F. 2d 377, 381 (9th Cir. 1990) (holding defendant cruise ship's advertising in forum, mailing brochures and paying commissions to travel

---

[1] To the extent plaintiffs are contending the limited evidence they currently offer with their opposition is sufficient to support the exercise of personal jurisdiction, the Court disagrees.

2

1  agents in forum, conducting promotional seminars in forum, and selling cruises to residents
2  of forum were insufficient to support exercise of general jurisdiction; noting defendant "has
3  no offices and no exclusive agents in [forum], it is not registered to do business there, and
4  it pays no taxes there"), rev'd on other grounds, 499 U.S. 585 (1991).  Further, such
5  evidence would be insufficient to support the exercise of specific jurisdiction.  Plaintiffs'
6  claims pertain to labor code violations, e.g., defendants' misclassification of plaintiffs as
7  independent contractors, that allegedly occurred while plaintiffs were employed by
8  defendant.  Plaintiffs do not, however, contend they performed any work for defendants in
9  California, nor have they otherwise shown how any of defendants' California contacts bear
10 any relationship to plaintiffs' employment-related claims.  Accordingly, plaintiffs have failed
11 to show they are entitled to jurisdictional discovery.  See, e.g., Commissariat a L'Energie v.
12 Chi Mei Optoelectronics Corp., 395 F. 3d 1315, 1323 (Fed. Cir. 2005) (holding plaintiff
13 entitled to jurisdictional discovery where plaintiff makes "sufficient threshold showing to
14 merit" discovery).
15        Moreover, as noted, the motion to dismiss is alternatively based on improper venue.
16 Because the Court's subject matter jurisdiction over plaintiffs' claims is based in part on a
17 federal question and neither defendant resides in California, venue is proper in this District
18 only if "a substantial part of the events or omissions giving rise to the claim occurred" in this
19 District, or, assuming defendants can be "found" in this District, "there is no district in which
20 the action may otherwise be brought."  See 28 U.S.C. § 1391(b).  Plaintiffs cannot establish
21 either requirement.  First, plaintiffs do not assert that any part of the events or omissions
22 giving rise to their claims occurred in this District.  Second, the action can be brought in the
23 Western District of Michigan, where defendants reside.
24       Accordingly, the motion to vacate the order of dismissal is hereby DENIED.
25       **IT IS SO ORDERED.**
26
27 Dated: July 9, 2008
                                                                _____
28                                                              MAXINE M. CHESNEY
                                                                United States District Judge

3